# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
        *Plaintiff,*


**v.**                                        **CASE NO. 2:19-cr-20052-JAR**

**FENG TAO,**
        **a/k/a "Franklin Tao,"**
        *Defendant.*

---

## JOINT MOTION TO DECLARE TIME EXCLUDABLE
## FROM SPEEDY TRIAL ACT DEADLINE

---

COME NOW the parties, with the government appearing by and

through Anthony W. Mattivi, Assistant United States Attorney for the

District of Kansas, and with defendant Feng Tao appearing through counsel

Peter R. Zeidenberg, to jointly move the Court to declare time excludable

from the Speedy Trial Act.  At the status conference scheduled for October 7,

2019, the parties anticipate advising the Court that they require additional

time to determine whether this matter should be set for trial and are seeking

another status conference in approximately 60 days.  In accordance with the

Pretrial and Criminal Case Management Order (D.E. 11), the parties hereby

seek to extend the 70-day Speedy Trial Act deadline and to designate

excludable time under the ends-of-justice provision in 18 U.S.C. § 3161(h)(7).

1

1.      On August 27, 2019, Defendant was arraigned on the Indictment in this matter.

2.      The Court issued a Pretrial and Criminal Case Management Order (D.E. 11) that ordered the parties to meet and confer.

3.      Although counsel have not yet met because they are located in different states, they have conferred extensively by telephone and email.

4.      Initial discovery was provided to defense counsel (then Thomas Bartee) at the arraignment on August 27, 2019, and additional discovery continues to be provided as it is received by the government.

5.      The parties plan to appear for a status conference on October 7, 2019 at 9:00 a.m. in Courtroom 427 of the U.S. Courthouse in Kansas City, Kansas.

6.      The parties require additional time to determine whether this matter should be set for trial.

7.      The request for additional time, as it pertains to Defendant, is necessary for effective assistance of counsel and preparation.  The Government seized a substantial number of electronic devices during the investigation of this matter.  Many of those devices contain significant amounts of data and are still being examined by the Government.  Results of the examinations have not yet been disclosed and are expected by counsel to

require a lengthy period of time to review and assess.  This process will also be made more time-consuming because it is anticipated that much of this information will be in Chinese and will require translation.

8.     Counsel are now filing this motion to declare the time excludable from the Speedy Trial Act.

9.     At the status conference on October 7, 2019, counsel anticipate requesting another status conference in approximately 60 days.

10.     The need for the additional time requested outweighs the best interest of the public and the Defendant in a speedy trial, as set out in 18 U.S.C. § 3161(h)(7).  Although delay resulting from a continuance granted by the district court is not automatically excluded from the Speedy Trial Act's 70-day time limit under 18 U.S.C. § 3161(h)(1), subsection (h)(7) provides "[m]uch of the Act's flexibility," *Zedner v. United States*, 547 U. S. 489, 498 (2009), and gives district courts "discretion . . . to accommodate limited delays for case-specific needs," *id.*, at 499.  Delay granted under the ends-of-justice exception may be excluded if the district court makes the findings required by 18 U.S.C. 3161(h)(7).  *Bloate v. United States*, 130 S. Ct. 1345, 1357-58 (2010).

11.     The ends of justice are served by granting this motion allowing adequate time for review of evidence and discovery, to inform the Defendant of the evidence and discuss, which is central to effective assistance of counsel.

12.     Defense counsel consulted with Defendant, who understands his statutory right to a speedy trial, and he does not object to the tolling of the Speedy Trial Act time during the requested extension.

13.     The undersigned counsel for the Government agrees with and jointly moves for excluding the resulting time from any calculation of deadlines under the Speedy Trial Act.

WHEREFORE, the parties request that this Court exclude the period from the filing of this motion to the next scheduled status conference for the purposes of calculating deadlines under the Speedy Trial Act.

Respectfully submitted,

*AW Mattivi*

Anthony W. Mattivi, #17082
Assistant U.S. Attorney
444 SE Quincy, Suite 290
Topeka, KS 66683
Phone: (785) 295-2850
Fax: (785) 295-2853
Anthony.Mattivi@usdoj.gov

____-S-_____
Peter R. Zeidenberg
Arent Fox, LLP

4

1717 K Street, NW
Washington, D.C.  20006-5344
(202) 857-6139

s/Thomas H. Johnson
Petefish, Immel, Hird, Johnson
Leibold & Sloan, L.L.P.
842 Louisiana Street
Lawrence, Kansas 66044
(785) 842-4050
(785) 843-0407
tjohnson@petefishlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record in the case.

*AW Mattivi*

Anthony W. Mattivi