# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FENG TAO a/k/a "Franklin Tao,"

    Defendant.

Case No. 19-20052-JAR-JPO

## ORDER

    Before the Court is the Government's Motion for a Protective Order for Discovery (Fed. R. Crim. P. 16) (Doc. 56). The motion is fully briefed, and the proposed protective order was submitted to the Court for in camera review. For the reasons described below, the Court grants in part and denies in part the Government's motion.

    The Government bears the burden of showing good cause exists to issue a protective order.[1] The good cause showing must be particularized, and specific, "[b]ut the level of particularity required depends on the nature and type of protective order at issue."[2] Courts consider the following factors to determine whether good cause exists: (1) if disclosure of the materials would pose a hazard to others; (2) if the defendant would be prejudiced; and (3) the public's interest in disclosure balanced against the possible harm.[3] The Court should "take care to ensure that the protection afforded to [discovery] information is no broader than is necessary to accomplish the [proffered] goals."[4]

---

[1] See Fed. R. Civ. P. 16(d)(1); *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019).

[2] *Dixon*, 355 F. Supp. 3d at 4.

[3] *Id*. (citing *United States v. Smith*, 985 F. Supp. 2d 506, 523 (S.D.N.Y. 2013)).

[4] *Smith*, 985 F. Supp. 2d at 524 (quoting *United States v. Lindh*, 198 F. Supp. 2d 739, 741 (E.D. Va. 2002)).

The Court has reviewed the Government's proposed protective order, and rules as follows on the three provisions in dispute. As to paragraph 4 governing sensitive information, the Court finds that the Government has met its good cause showing for designating the specific materials identified in the first sentence as sensitive—dates of birth, social security numbers, physical addresses and email addresses, telephone numbers not disclosed in public directories or otherwise publicly accessible, and financial information. However, the last sentence of the provision that prohibits public filings of information "marked sensitive" should be modified to prohibit publicly filing information that is sensitive as defined in the first sentence of paragraph 4. In other words, the Government may only mark as confidential information that meets the definition of sensitive information set forth in that provision.

As to paragraph 7 governing proprietary information, the Government indicates in its reply that it is willing to meet and confer with defense counsel in an attempt to arrive at a less restrictive provision that still protects the Government's interests. The parties are directed to so confer and attempt to reach a good faith agreement on this issue. The Government should be mindful during this conference that labeling the entire production of electronic data from KU as confidential will not meet the need for a specific and particularized showing of good cause required for the protective order.

Finally, the Court finds that paragraph 11 should be deleted. The Court finds no basis to impose a blanket protective order that would allow the Government a prior review of any unsealed filing by the Defendant that includes information provided in discovery, whether actually obtained through discovery or from any other source.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion for a Protective Order for Discovery (Fed. R. Crim. P. 16) (Doc. 56) is **granted in part and denied**

**in part**.  As described in this Order, the Government is directed to modify paragraph 4, and the parties are directed to meet and confer in order to modify paragraph 7.  The Government is directed to delete paragraph 11.  After the parties meet and confer, by no later than March 30, 2020, they shall jointly submit a modified proposed protective order in accordance with this Order for the Court's review and filing.

**IT IS SO ORDERED.**

Dated: March 18, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
