UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
(Kansas City Docket)

**UNITED STATES OF AMERICA,**
          **Plaintiff,**

**v.**                                           Case No. **19-20052-JAR**

**FENG TAO,**
          **Defendant.**

## PROTECTIVE ORDER

Upon joint motion of the parties, pursuant to Federal Rule of Criminal Procedure 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to

prepare the defense, but may not retain copies without prior permission of the Court. The materials and their contents shall not be disclosed either directly or indirectly to any person or entity outside of the United States without prior authorization from the Court.

3. Any materials containing taxpayer information obtained from the Internal Revenue Service shall be plainly marked as such by the government prior to disclosure. No such materials, or the information contained therein, may be disclosed to any persons other than defendants, defendants' counsel, persons employed to assist the defense, or the taxpayer on whose behalf such information was provided to the Internal Revenue Service, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, taxpayer information obtained from the Internal Revenue Service shall not be included in any public filing with the Court, and instead shall be submitted under seal (this Order does not, however, prohibit a defendant from making a public filing containing the defendant's own taxpayer information).

4. Certain additional materials disclosed or to be disclosed by the government contain particularly sensitive information, including dates of birth, social security numbers, physical addresses and email addresses, telephone numbers not disclosed in public directories or otherwise publicly accessible, and financial information of one or more persons other than the defendant to whom the information is disclosed.  No such materials, or the information contained therein, may be disclosed to any persons other than defendants, counsel for defendants, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the government and authorization from the Court. Absent prior permission from the Court, sensitive information as defined above shall not be included in any public filing with the Court, and instead shall be submitted under seal (except in

the case of a defendant who chooses to include in a public document sensitive information relating solely and directly to the defendant making the filing).

5.      Defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

6.      Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7.      In the course of its investigation into the defendant's alleged conduct, the FBI obtained substantial amounts of electronically stored information (ESI) from computers in the defendant's residence, laboratories and offices.  The ESI may include University of Kansas proprietary information, intermingled with other, non-proprietary information relevant to the case.  The FBI has copied the ESI onto drives that will be provided to defendant's counsel, but defendant's counsel agree to not show or provide those drives to the defendant without agreement by the government.  The government agrees to provide Defendant's counsel with a copy of the full folder structure of these drives, including sub-folders, which defendant's counsel can review with the defendant.  Defendant's counsel will provide the government with a list of folders from the drives that defendant's counsel would like to review with the Defendant.  The government will copy just those folders onto a separate drive, which will then be provided to defendant's counsel for further review by the defendant and his counsel.  The parties agree that, notwithstanding the foregoing protections in this paragraph, Defendant fully reserves, and does

not forfeit or waive, the right to seek appropriate relief from the Court if he believes that the government has not met its discovery obligations as to the productions to which this paragraph applies, including as to the format and content of such productions.

8. Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

9. Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

10. To the extent either party discloses any material by mistake, the party shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, opposing party's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

11. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED this  31st  day of March, 2020.

       s/  Julie A. Robinson
      THE HONORABLE JULIE A. ROBINSON
      CHIEF UNITED STATES DISTRICT JUDGE