# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                               Case No.   <u>19-20052-01-JAR</u>

**FENG TAO,**

      **Defendant.**

## GOVERNMENT'S NOTICE IN CONNECTION WITH ANTICIPATED TRIAL TESTIMONY

COMES NOW the United States of America, by and through Anthony W. Mattivi, Assistant United States Attorney for the District of Kansas, and Benjamin J. Hawk, Trial Attorney for the Counterintelligence and Export Control Section of the U.S. Department of Justice's National Security Division, and hereby provides the following notice in connection with the anticipated trial testimony of Dr. Robert Spalding, Brigadier General, United States Air Force (Retired).

The government expects to call Dr. Spalding as a trial witness to provide testimony pursuant to Federal Rule of Evidence 702 related to Chinese government talent programs, including the Chang Jiang Scholar Program. Between 2014 and 2018, General Spalding served on the Joint Staff (within the Department of Defense) and on the National Security Council

(NSC) (within the Executive Office of the President). While serving there, he briefed officials on matters related to Chinese talent programs. General Spalding has informed the government that he wrote briefing materials related to talent programs for the Joint Staff and the NSC.

It is the government's position that, in connection with Dr. Spalding's testimony, the Jencks Act does not require the prosecution team to review and/or produce materials relating to the Chinese talent programs in the possession of the Joint Staff or the NSC. The prosecution team does not possess, has never viewed, and is unaware of the specific contents of these materials. The Department of Defense (including the Joint Staff) has not had any involvement with this investigation and prosecution, nor has the Executive Office of the President (including the NSC). Accordingly, any writings of Dr. Spalding in the possession of the Joint Staff or the NSC fall outside the government's production obligations pursuant to the Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2. *See United States v. Lochmondy*, 890 F.2d 817, 823-824 (6th Cir. 1989) (prosecutors' production obligations do not extend to government witness's tax returns possessed by the Internal Revenue Service); *United States v. Merlino*, 349 F.3d 144, 154 (3d Cir. 2003) ("[I]n speaking of statements 'in the possession of the United States,' we understand the [Jencks Act] to require production only of statements possessed by the prosecutorial arm of the federal government.") (internal quotations omitted); *United States v. Weidman*, 572 F.2d 1199, 1207 (7th Cir. 1978) ("Nor is it clear that the Jencks Act requires the prosecution to discover and produce 'statements' that are in the possession of other, nonprosecutorial agencies of the government."); *United States v. Waters*, No. CR05-5828FDB, 2006 WL 3761338, at *2 (W.D. Wash. 2006) ("[T]he Government's obligation under the Jencks Act extends only to statements held by the prosecutorial arm of government, and the NSA is not part of the prosecutorial arm of government.") (citation to *Merlino* omitted).

The government files this notice to avoid surprise to the Court or the defendant at trial. If the Court requires further briefing on this issue, the government is prepared to address any issues at the Court's request.

Respectfully submitted,

STEPHEN R. McALLISTER
UNITED STATES ATTORNEY

*s/ AW Mattivi*
ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

*s/ Benjamin J. Hawk*
BENJAMIN J. HAWK
Trial Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 233-0986
Benjamin.Hawk@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on the __14th__ day of August, 2020, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

    */s/ AW Mattivi*
    Anthony W. Mattivi