IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FENG TAO a/k/a "Franklin Tao,"<br><br>    Defendant. | Case. No. 19-20052-JAR-JPO |

**REPLY OF ASIAN AMERICANS ADVANCING JUSTICE | AAJC & ASIAN AMERICANS ADVANCING JUSTICE | ASIAN LAW CAUCUS IN SUPPORT OF MOTION FOR LEAVE TO ENTER APPEARANCE AND FILE *AMICUS* BRIEF**

Asian Americans Advancing Justice – AAJC and Asian Americans Advancing Justice – ALC ("*Amici*") submit this reply in support of their request for the Court's leave to enter their appearance as *amici curiae* and file a brief in support of Defendant Dr. Franklin Tao's Motion to Dismiss. This Court has broad discretion to evaluate *Amici*'s brief, which aims to provide context of prior prosecutions, investigations, and scrutiny underpinning the issues in this case. *Amici* request that the Court apply the standards other federal courts have set forth when evaluating similar motions in criminal cases to grant *Amici*'s motion here.

Courts have underscored the "broad discretion" that federal district courts exercise in criminal cases when assessing whether to permit *amicus* briefs. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) (*first citing Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995); *then citing Bryant v. N.J. Dep't of Transp.*, 987 F. Supp. 343, 346 n.3 (D.N.J. 1998); *then citing Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3d Cir. 1986)). *Alkaabi* is particularly instructive: The District of New Jersey, when considering a motion to dismiss an indictment, permitted the Royal Embassy of Saudi Arabia to

enter its appearance as *amicus curiae* in light of "the number of [similar] cases that have been filed in the District of New Jersey against Saudi Arabian citizens residing in the United States, and the heightened scrutiny faced by persons of Arab descent." *Id.* The court also made clear that "'an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend.'" *Id.* (quoting *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002)).

The circumstances here are analogous. *Amici* have "policy interests" in presenting information about the "China Initiative" and related investigations, as well as the government's historic targeting of Chinese and Asian Americans through policy and rhetoric alike. *See id.* (noting that "[a]micus status is typically granted when . . . the *amicus*' interest is not represented competently or at all in the case," among other factors). *Amici*'s brief also provides statistical and anecdotal context reflecting the disproportionate impact of analogous prosecutions and investigations on Chinese and Asian Americans and Asian immigrants. Additionally, *Amici* are uniquely qualified to address the topics discussed in their brief: As set forth in their motion for leave, *Amici* have collective decades of experience engaging in education, litigation, and public policy advocacy on the issues presented in the brief. *Amici*'s proposed filing encourages the court to evaluate Dr. Tao's motion to dismiss in light of the context the brief provides, a stance that falls squarely within the standard that the *Alkaabi* court articulated for *amici*'s support of a litigant. *See id.*

*Amici*'s brief offers the "unique information or perspective" that the Seventh Circuit Court of Appeals recognized as a basis for permitting *amicus* briefs in *Ryan v. Commodity Futures Trading Commission*. 125 F.3d 1062, 1063 (7th Cir. 1997); *see also* Doc. 87 at 7 (citing *Ryan*). Here, the Government asserts that *Amici* "do not raise the same issues" as Dr. Tao or "support his

2

legal arguments" (Doc. 87 at 8); however, the Seventh Circuit explicitly concluded that *amicus* briefs that "duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief[,] . . . should not be allowed." *Ryan*, 125 F.3d at 1063.[1]  Rather, the *Ryan* court determined that *amicus* briefs should "point[] to considerations germane to [the court's] decision[s] . . . that the parties for one reason or another have not brought to [the court's] attention." *Id.* at 1064.

Here, as discussed above, *Amici*'s brief urges the Court to consider the context of the Government's "China Initiative" and its investigations of many Chinese American scientists in light of salient, racially biased rhetoric and policies. *Amici*'s brief discusses the history of the Government's scrutiny of Chinese and Asian Americans and immigrants from Asia, and it aims to offer helpful background for the Government's prosecutorial decisions. The information *Amici* seek leave to provide does not replicate arguments that Dr. Tao already has asserted; to the contrary, the brief highlights a historical perspective that *Amici* hope will inform the Court's analysis of the issues in this case.

## CONCLUSION

For the reasons discussed above, *Amici* respectfully request the Court to grant its motion for leave to enter their appearance as *amici curiae* and file a brief in support of Dr. Franklin Tao's Motion to Dismiss.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.


*/s/ Melissa M. Plunkett*

---

[1] Indeed, the Seventh Circuit noted that the prospective *amicus curiae*, the Chicago Board of Trade, merely "echoe[d]" the petitioner's arguments in its proposed *amicus* brief. *Ryan*, 135 F.3d at 1064.

Gregory Wu, KS Fed. Bar # 78404
gwu@shb.com
Melissa M. Plunkett, KS Fed. Bar # 78427
mplunkett@shb.com
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

John C. Yang
Niyati Shah
Asian Americans Advancing Justice-AAJC[2]
1620 L Street, NW, Suite 1050
Washington, D.C. 20036
Telephone: (202) 815-1098

Glenn Katon
Javeria Jamil
Asian Americans Advancing Justice-ALC
55 Columbus Avenue
San Francisco, CA 94111
Telephone: (415) 896-1701

***ATTORNEYS FOR AMICI***

---

[2] Gisela Perez Kusakawa, as a legal fellow not yet admitted to the bar, also contributed in the drafting of the Brief for *Amici*.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of September, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| *ATTORNEYS FOR DEFENDANT:* | *ATTORNEYS FOR PLAINTIFF:* |
|---|---|
| Thomas H. Johnson #13688<br>Petefish, Immel, Hird, Johnson,<br>Leibold & Sloan, LLP<br>842 Louisiana<br>Lawrence, KS 66044<br>Tel: (785) 843-0450<br>Fax: (785) 843-0407<br>tjohnson@petefishlaw.com<br><br>Peter Zeidenberg<br>Michael F. Dearington<br>Laura Zell<br>ARENT FOX LLP<br>1717 K Street, NW<br>Washington, DC 20006<br>Tel: (202) 857-6000<br>Fax: (202) 857-6395<br>Peter.Zeidenberg@arentfox.com<br>Michael.Dearington@arentfox.com<br>Laura.Zell@arentfox.com | Anthony Mattivi<br>Office of United States Attorney – Topeka<br>290 US Courthouse<br>444 SE Quincy<br>Topeka, KS 66683-3592<br>Tel: (785) 295-7698<br>Anthony.Mattivi@usdoj.gov<br>Benjamin J. Hawk, DOJ-Nsd<br>950 Pennsylvania Ave. NW, Suite 7700<br>Washington, DC 20530<br>Tel: (202) 307-5176<br>Benjamin.Hawk@usdoj.gov |

*/s/ Melissa M. Plunkett*
*Attorney for Amici*