# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 19-20052-JAR-JPO |
| | ) | |
| FENG TAO | ) | |
| a/k/a "Franklin Tao," | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR
## <u>RULE 15 DEPOSITIONS</u>

Peter Zeidenberg
Michael F. Dearington
Laura Zell
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
Peter.Zeidenberg@arentfox.com
Michael.Dearington@arentfox.com
Laura.Zell@arentfox.com

Thomas H. Johnson #13688
Petefish, Immel, Hird, Johnson,
Leibold & Sloan, LLP
842 Louisiana
Lawrence, KS 66044
Tel: (785) 843-0450
Fax: (785) 843-0407
tjohnson@petefishlaw.com

*Attorneys for Defendant Franklin Tao*

**INTRODUCTION**

Dr. Franklin Tao hereby moves under Federal Rule of Criminal Procedure 15(a)(1) for authorization to take depositions of four prospective witnesses who work at Fuzhou University in China, "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The depositions satisfy the requirements for exceptional circumstances because there is a substantial likelihood that the prospective witnesses will be unavailable to testify at trial, and their probable testimony is material and necessary to prevent a failure of justice.

The witnesses are unavailable, consistent with the case law, because they are citizens of China who reside in China—and are therefore outside of the Court's subpoena power—and they have declined to voluntarily travel to the United States to testify at trial, particularly during the worldwide COVID-19 pandemic. The witnesses have agreed to testify, however, by remote deposition.

The probable testimony of the prospective witnesses is material and necessary to prevent a failure of justice because it is highly exculpatory, belying the central allegation in the government's case. The government has charged Dr. Tao with fraud and false statements, alleging that, while he was a full-time professor at the University of Kansas (KU), he secretly took a second full-time job at Fuzhou University in China, and concealed that job from KU, the National Science Foundation (NSF), and the U.S. Department of Energy (DOE) in order to fraudulently obtain KU salary and federal grant funds. The four prospective witnesses have informed defense counsel that, contrary to the government's allegations, they have direct personal knowledge that Dr. Tao *rejected* a job offer from Fuzhou University, and that Dr. Tao *never* entered into a contract with or worked as an employee at Fuzhou University. The prospective witnesses have confirmed that they would testify to that effect. This probable testimony is highly exculpatory, as it confirms Dr. Tao's innocence of all charges against him.

Accordingly, "because of exceptional circumstances and in the interest of justice," Fed. R. Crim. P. 15(a)(1), Dr. Tao respectfully requests that the Court grant his Rule 15 motion and permit Dr. Tao to depose the four prospective witnesses as soon as practicable.[1]

**BACKGROUND**

Dr. Tao is a Princeton-educated, tenured, full-time chemical engineering professor at KU. The government charged Dr. Tao in an August 21, 2019 indictment with secretly taking a second full-time job as a professor at Fuzhou University in China, and concealing the position from KU, NSF, and DOE in order to fraudulently obtain salary from KU and grant funds from NSF and DOE. ECF No. 1. The government filed a Superseding Indictment on January 15, 2020, ECF No. 50, and a Second Superseding Indictment on June 24, 2020, making substantially the same allegations, but charging seven counts of wire fraud, 18 U.S.C. § 1343, and three counts of false statements, 18 U.S.C. § 1001. ECF No. 75. The Second Superseding Indictment is the operative indictment.

The central allegation in the Second Superseding Indictment is that Dr. Tao secretly obtained a full-time job at Fuzhou University and concealed this information from KU, NSF, and DOE. Specifically, Dr. Tao allegedly applied for a professorship at Fuzhou University in July 2017 as part of the Changjiang Scholars program, and in March 2018 Dr. Tao allegedly accepted the position and entered into a five-year contract to work as a full-time teaching and research professor of chemistry at Fuzhou University, in exchange for salary and a lab. *Id.* ¶¶ 24, 29. Dr. Tao allegedly began working as a professor at Fuzhou University in May 2018, and worked there until being charged in August 2019. *Id.* ¶¶ 30, 35. The government alleges that Dr. Tao

---

[1] The Court scheduled a hearing on this motion for July 23, 2021. Dr. Tao is not requesting oral argument on this motion, as that may facilitate the expeditious scheduling and taking of the depositions in advance of the October trial.

concealed from KU that he had taken a second job at Fuzhou University by omitting the purported position from two annual Conflict of Interest forms he submitted to KU, in January and September 2018. *Id.* ¶¶ 39, 44. The government further alleges that Dr. Tao omitted information about his alleged job at Fuzhou University as part of a scheme to fraudulently obtain continued salary payments from KU, and to fraudulently obtain grant funds from NSF and DOE to support his research at KU. *Id.* ¶ 33. All ten counts in the Second Superseding Indictment are predicated on the allegation that Dr. Tao took a second full-time job at Fuzhou University in China and concealed that information from KU, NSF, and DOE.

The defense recently identified at least four prospective witnesses employed by Fuzhou University who confirmed that, contrary to the government's central allegation, they have direct personal knowledge that Dr. Tao never accepted a professorship or worked at Fuzhou University. The first prospective witness, Guoqing Chen, has at all relevant times worked in Human Resources at Fuzhou University. Guoqing Chen would testify that in 2018 he was directly involved in an effort on behalf of Fuzhou University to hire Dr. Tao as a full-time professor at Fuzhou University. Guoqing Chen would further testify that Dr. Tao declined an offer to work as a full-time professor at Fuzhou University in 2018, and that, as a result, Dr. Tao has never worked at or for Fuzhou University.

The second prospective witness is Ling-Jun Du, a Director of Human Resources at Fuzhou University. Ling-Jun Du has a leadership role in Human Resources and is senior to Guoqing Chen. Ling-Jun Du has direct personal knowledge that Dr. Tao never accepted a position at Fuzhou University in 2018, and that Dr. Tao has never worked at or for Fuzhou University, and would testify to that effect.

The third prospective witness is Yu Tang. Yu Tang was a graduate student of Dr. Tao at KU until February 2019, when he graduated from KU and started work as an associate professor at Fuzhou University in the College of Chemistry. Yu Tang has direct personal knowledge that Dr. Tao worked at KU while Yu Tang was a graduate student there (including 2017–early 2019). Yu Tang would further testify that when he began work as an associate chemistry professor at Fuzhou University in February 2019, Dr. Tao did not work at Fuzhou University, and Dr. Tao has never worked at Fuzhou University since Yu Tang joined the chemistry faculty there. Yu Tang has direct, personal knowledge of which professors work in the College of Chemistry at Fuzhou University, and Dr. Tao is not and has never been one of them.

The fourth prospective witness is Bingwen Shi. Bingwen Shi is and at all relevant times has been Secretary of the CPC Committee of the College of Chemistry at Fuzhou University, which is an administrative leadership role at the Fuzhou University College of Chemistry. Bingwen Shi has direct personal knowledge that Dr. Tao never accepted a position at Fuzhou University in 2018, and that Dr. Tao failed to provide necessary information to obtain employment at Fuzhou University. Bingwen Shi would testify that, as a result, Dr. Tao has never worked at or for Fuzhou University.

All four prospective witnesses—Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi—indicated that they would not be willing to travel to the United States to testify at the October 2021 trial. This is unsurprising, especially during a worldwide pandemic, as each would likely need to take weeks off from work while they traveled to the United States (assuming his entry is permitted), and then would be forced to quarantine for at least 14 days upon their return to China. The four prospective witnesses also cannot be compelled to testify at trial because, as Chinese citizens who reside in China, they are outside the Court's subpoena power. The defense

4

asked each prospective witness whether, in the alternative, he would consider testifying during a remote deposition that would obviate the need for travel,[2] attended by the defense and the government. Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi each agreed to participate in a deposition.

## ARGUMENT

**I. THE COURT SHOULD AUTHORIZE RULE 15 DEPOSITIONS OF THE FOUR WITNESSES IN CHINA FROM FUZHOU UNIVERSITY.**

The Court should authorize the depositions of Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi due to "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). The depositions satisfy this standard because there is a substantial likelihood that the prospective witnesses will be unavailable to testify at trial, and their probable testimony is material, highly exculpatory, and necessary to prevent a failure of justice.

**A. Rule 15 permits depositions in exceptional circumstances and in the interest of justice, including where a prospective witness is unlikely to be available at trial and his or her probable testimony is material and exculpatory.**

Rule 15(a)(1) provides that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial," and "[t]he court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1); *see United States v. Troutman*, 814 F.2d 1428, 1453–54 (10th Cir. 1987) (noting that Rule 15 "does not address pre-trial discovery; it merely authorizes preservation of testimony of witnesses who might be unavailable at trial"); *United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993)

---

[2] Defense counsel have consulted with attorneys in China to confirm that such a deposition would not pose liability to the witnesses under Chinese law, which generally prohibits witnesses from testifying in mainland China. The attorneys in China indicated that the prospective witnesses can testify from their homes or offices in China without running afoul of local laws, so long as the court reporter is located in Hong Kong (or a similar location outside mainland China), such that the location of the deposition would be deemed Hong Kong and not mainland China.

("[T]he Federal Rules of Criminal Procedure expressly authorize parties to take depositions and use them at trial, when doing so is necessary to achieve justice and may be done consistent with the defendant's constitutional rights.").[3]

"The burden is on the moving party to establish exceptional circumstances justifying the taking of depositions." *Drogoul*, 1 F.3d at 1552; *accord United States v. Kelley*, 36 F.3d 1118, 1124–25 (D.C. Cir. 1994). "Rule 15 motions are to be granted within the discretion of the court." *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1510 (10th Cir. 1991); *see United States v. Edwards*, 69 F.3d 419, 437 (10th Cir. 1995) ("[E]xceptional circumstances standard of Rule 15(a) requires that the district court exercise its discretion in determining whether a deposition should be taken under the particular circumstances presented." (internal quotation marks omitted)); *Drogoul*, 1 F.3d at 1552 (the decision is "committed to the discretion of the district court").

In determining whether "exceptional circumstances" exist that warrant Rule 15 depositions, the Tenth Circuit considers whether "(1) the witness'[s] testimony was material; (2) the witness would be unavailable to testify; and (3) taking the deposition was necessary to prevent a failure of justice." *Fuentes-Galindo*, 929 F.2d at 1509; *United States v. Daniels*, 194 F.R.D. 700, 702 (D. Kan. 2000) (same); *United States v. Dermen*, No. 218CR00365JNPBCW, 2019 WL 3536616, at *1 (D. Utah Aug. 2, 2019) (same); *United States v. Allerheiligen*, No. 97-40090-01-DES, 1998 WL 386210, at *1 (D. Kan. June 22, 1998) (courts consider "(1) the materiality of the witness's testimony; (2) whether the witness would be unavailable to testify at

---

[3] Generally, the "deposition must be taken and filed in the same manner as a deposition in a civil action." Fed. R. Crim. P. 15(e). In addition, "[a]n order authorizing a deposition to be taken under this rule does not determine its admissibility. A party may use all or part of a deposition as provided by the Federal Rules of Evidence." *Id.* 15(f).

trial; and (3) whether it is necessary to take the deposition in order to prevent a failure of justice").[4] Dr. Tao's request to depose Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi satisfies these requirements.[5]

> **B. Exceptional circumstances exist that warrant Rule 15 depositions of the prospective witnesses in China because they are unavailable for trial and their testimony is material and highly exculpatory.**
>
> > **1. There is a substantial likelihood that the witnesses in China will be unavailable to testify at trial.**

There is a substantial likelihood that the four prospective witnesses—Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi—will be unavailable to testify at trial for purposes of Rule 15 because they are Chinese citizens who reside in China, are outside the Court's subpoena power, and have declined to voluntarily travel to the United States to testify at trial. As demonstrated below, these circumstances satisfy the unavailability requirement for purposes of Rule 15.

"To establish unavailability" for purposes of Rule 15 "the [movant] must demonstrate that 'a substantial likelihood exists that the proposed deponent will not testify at trial.'" *Daniels*, 194 F.R.D. at 702 (quoting *Drogoul*, 1 F.3d at 1553); *accord Dermen*, 2019 WL 3536616, at *2;

---

[4] *See also Drogoul*, 1 F.3d at 1552 ("[O]rdinarily, exceptional circumstances exist within the meaning of Rule 15(a) when the prospective deponent is unavailable for trial and the absence of his or her testimony would result in an injustice. The principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case.") (citation omitted); *Kelley*, 36 F.3d at 1124–25 ("Critical factors toward meeting this burden include (1) the materiality of the testimony; and (2) the unavailability of the witness to testify at trial."); *United States v. Kassar*, 572 F. Supp. 2d 375, 376 (S.D.N.Y. 2008) ("To establish that 'exceptional circumstances' exist, a defendant bears the burden of demonstrating that (1) the witness is unavailable for trial, (2) the witness's testimony is material, and (3) the witness's testimony is necessary to prevent a failure of justice."); *accord United States v. Trumpower*, 546 F. Supp. 2d 849, 853 (E.D. Cal. 2008).

[5] Under Rule 15(h), the Court need not make these findings if the government agrees to the depositions, in which case the Court need only "consent" to this motion to authorize the depositions.

*see also Drogoul*, 1 F.3d at 1553 ("A potential witness is unavailable for purposes of Rule 15(a) … whenever a substantial likelihood exists that the proposed deponent will not testify at trial. In that situation, justice usually will be served by allowing the moving party to take the deposition, thereby preserving the party's ability to utilize the testimony at trial, if necessary."). This "showing need not be conclusive before a deposition can be taken," since "[i]t would be unreasonable and undesirable to require the [movant] to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition." *United States v. Wei Liu*, No. 13-20114-KHV, 2014 WL 218624, at *3 n.12 (D. Kan. Jan. 21, 2014).[6]

The four prospective witnesses satisfy the criteria for being unavailable because, as citizens of China who reside in China, they are beyond the subpoena power of the Court, and they have also declined to voluntarily travel to the United States to testify at the trial. *See, e.g.*, *Farfan-Carreon*, 935 F.2d at 679–80 (finding that the district court abused its discretion in denying the defense's Rule 15 motion to depose a foreign national who was "beyond the subpoena power of the court, and could not be compelled to appear," and who was "unlikely" to appear for trial); *United States v. Sindona*, 636 F.2d 792, 803 (2d Cir. 1980) (government showed exceptional circumstances to depose four witness because none "were subject to subpoena," two witnesses had "refused to come to the United States," and two witnesses "had

---

[6] "Representations by counsel are sufficient to establish unavailability." *Daniels*, 194 F.R.D. at 702; *see, e.g.*, *United States v. Farfan-Carreon*, 935 F.2d 678, 679–80 (5th Cir. 1991) (concluding that the district court abused its discretion by denying a Rule 15 motion due to lack of affidavit since "defense counsel declared in open court" the prerequisites for the witness's unavailability, the court found "no requirement in the language of Rule 15 that the motion must be supported by an affidavit," and the case law does not "indicate that [the] court has imposed such a rigid requirement"); *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988) (movant may show unavailability and that the absence of testimony would result in an injustice "through affidavits or otherwise").

not yet obtained the necessary travel documents," providing "ample reason to fear that all four witnesses would fail to appear at the trial"); *Dermen*, 2019 WL 3536616, at *2 (witness deemed unavailable for purposes of Rule 15 because he lived in Turkey and was "not subject to the court's subpoena power to appear at trial," and thus "his presence, either at deposition in the United States or at trial, cannot be secured by 'process'"); *United States v. Warren*, 713 F. Supp. 2d 1, 4 (D.D.C. 2010) ("Evidence that a witness specifically refuses to testify at trial is 'potent proof of unavailability for purposes of Rule 15(a).'" (quoting *Drogoul*, 1 F.3d at 1553)).[7]

Accordingly, there is a substantial likelihood that the four prospective witnesses will be unavailable to testify at trial for purposes of Rule 15's "exceptional circumstances" criteria, and depositions are warranted so long as the probable testimony would be material and necessary to prevent a failure of justice. Fed. R. Crim. P. 15(a)(1); *see Fuentes-Galindo*, 929 F.2d at 1509. The probable testimony easily satisfies this requirement, because it is highly exculpatory.

> 2. **The probable testimony of the prospective witnesses is material and necessary to prevent a failure of justice because it is highly exculpatory and strikes at the heart of the government's case.**

The probable testimony of Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi meets the Rule 15 standard because it is material, highly exculpatory, and necessary to prevent a failure of justice.

---

[7] *See also United States v. Korolkov*, 870 F. Supp. 60, 65 (S.D.N.Y. 1994) (concluding that witnesses were unavailable under Rule 15(a) because they were "not citizens of the United States" and did "not reside here," and thus they were "not amenable to United States subpoenas" under Rule 17(e)(2) and 28 U.S.C. § 1783); *Trumpower*, 546 F. Supp. 2d at 854 (concluding that witnesses from the United Arab Emirates "are classic examples of the exceptional circumstances that bring a witness into the scope of Rule 15," because they "are not subject to the orders of [the] Court," they are "percipient witnesses of events that are relevant to the charges," and they "indicated that they will be available for, and will participate in, a deposition"); *cf. United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994) ("[C]ircumstances such as those confronting us in this case—[the witness] is an unservable deponent who is unlikely to return to the United States—can be extraordinary.").

Courts have recognized that "[t]he principal consideration guiding whether the absence of a particular witness's testimony would produce injustice is the materiality of that testimony to the case." *Drogoul*, 1 F.3d at 1552; *accord United States v. Sandoval*, No. 94 CR 714, 1997 WL 458424, at *2 (N.D. Ill. Aug. 4, 1997). Indeed, "[w]hen a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony—by deposing the witness—absent significant countervailing factors which would render the taking of the deposition unjust." *Drogoul*, 1 F.3d at 1552.

"Evidence that provides a defense is … exculpatory and thus material" for purposes of Rule 15. *United States v. Ordonez*, 242 F. Supp. 3d 466, 473 (E.D. Va. 2017) (holding that expected deposition testimony that the defendant was not a member of the MS-13 gang was material where an element or part of an element of each charged crime was membership in MS-13); *see Farfan-Carreon*, 935 F.2d at 680; *Dermen*, 2019 WL 3536616, at *2.

For example, in *Farfan-Carreon*, the defendant taxi driver moved under Rule 15 to depose a witness in Mexico who had paid him to drive a truck across the U.S.-Mexico border that had 324 pounds of marijuana hidden in it, and who, according to the defendant, represented to the defendant that the truck contained no contraband. 935 F.2d at 679. The district court denied the motion, finding no exceptional circumstances, but the Fifth Circuit reversed, holding that this was an abuse of discretion. *Id.* The Fifth Circuit concluded that the witness was likely unavailable, since he was outside the subpoena power of the court and was unlikely to testify at trial due to the threat of prosecution. The court also reasoned that the witness's "probable testimony [was] material, since it bears upon [the defendant's] knowledge of the hidden contents

10

of the truck." *Id.* at 680. The court therefore reversed the defendant's convictions and remanded for a new trial. *Id.* at 681.

Similarly, in *United States v. Dermen*, a defendant charged with fraudulently obtaining fuel tax credits, by misrepresenting and disguising the true source of the fuel he purchased and sold, moved under Rule 15 to depose a witness in Turkey who was a business associate of his alleged co-conspirator. 2019 WL 3536616, at *1–2. In granting the motion, the district court reasoned that the witness's "testimony [was] material because his involvement in many of [the co-conspirator's] overseas investments made him privy to the Defendant's association with the Turkish entities that were involved in the alleged conspiracy," and thus "could help provide exculpatory evidence." *Id.* at *2.

Here, even more than in *Farfan-Carreon* and *Dermen*, the expected testimony of Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi is material and necessary to prevent a failure of justice because it would be highly exculpatory. Each witness is expected to testify, based on direct personal knowledge, that Dr. Tao never took a job and worked at Fuzhou University, belying the central allegations in the government's case against Dr. Tao and demonstrating his innocence as to all charges. *See, e.g.*, Second Superseding Indictment ¶¶ 29–31, 33–46 (alleging ten counts of wire fraud and false statements based on Dr. Tao's alleged concealment of a job he purportedly took at Fuzhou University from his employer KU and from NSF and DOE). Testimony that Dr. Tao never took a position and worked at Fuzhou University is arguably the strongest indicia that Dr. Tao did not commit fraud or make false statements, since these charges are predicated on the government's allegation that he took a job at Fuzhou University and then concealed that job from KU, NSF, and DOE. The absence of this highly exculpatory testimony at trial would render the trial manifestly unjust.

11

* * * * *

Accordingly, because all four prospective witnesses, Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi, satisfy the requirements for obtaining Rule 15(a)(1) depositions due to "exceptional circumstances and in the interest of justice," Fed. R. Crim. P. 15(a)(1), the Court should authorize depositions of Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi.

## II. THE COURT SHOULD PERMIT THE DEFENSE TO SUPPLEMENT THIS MOTION IF AND WHEN ADDITIONAL PROSPECTIVE WITNESSES AGREE TO BE DEPOSED.

As of the date of this motion, defense counsel have identified and communicated with other prospective witnesses at Fuzhou University who have direct personal knowledge that Dr. Tao did not accept a job or work at Fuzhou University. The defense continues to discuss the possibility that such witnesses would agree to travel to the United States for trial or, absent such agreement, agree to participate in a deposition. Defense counsel are also actively seeking to identify additional witnesses at Fuzhou University with direct personal knowledge that Dr. Tao did not accept a job or work at Fuzhou University. The language barrier, time differences, and other factors have slowed these efforts, but defense counsel continue to make progress in these discussions.

Dr. Tao respectfully requests that the Court not only grant this motion to depose Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi, but also permit the defense to file supplemental motions for authorization to depose any additional witnesses who satisfy the Rule 15(a)(1) standard as the need arises between now and trial.

## CONCLUSION

The government's central allegation in this case is that Dr. Tao secretly accepted a second full-time position at Fuzhou University in China, and committed fraud and made false statements by concealing that information from KU, NSF, and DOE. The Court should authorize

the depositions of Guoqing Chen, Ling-Jun Du, Yu Tang, and Bingwen Shi of Fuzhou University, who will be unavailable to testify at trial, because their probable testimony will fully and finally exonerate Dr. Tao—by confirming, upon direct personal knowledge, that Dr. Tao never took a job or worked at Fuzhou University.

Dated:  May 14, 2021                                  Respectfully submitted,

/s/ Thomas H. Johnson
Thomas H. Johnson #13688
Petefish, Immel, Hird, Johnson,
Leibold & Sloan, LLP
842 Louisiana
Lawrence, KS 66044
Tel: (785) 843-0450
Fax: (785) 843-0407
tjohnson@petefishlaw.com

Peter Zeidenberg
Michael F. Dearington
Laura Zell
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
Peter.Zeidenberg@arentfox.com
Michael.Dearington@arentfox.com
Laura.Zell@arentfox.com

*Attorneys for Defendant Franklin Tao*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of May, 2021, I electronically filed the foregoing Memorandum in Support of Motion for Rule 15 Depositions with the Clerk of the Court using the CM/ECF system.

/s/ Thomas H. Johnson<br>
Thomas H. Johnson