# UNITED STATES DISTRICT COURT

## ——— District of Kansas ———

UNITED STATES OF AMERICA,

        **Plaintiff,**

    **v.**                Case No.  **19-20052-01-JAR**

FENG TAO,

        **Defendant.**

## GOVERNMENT'S SUR-REPLY IN RESPONSE TO NEWLY RAISED ARGUMENTS IN DEFENDANT'S REPLY BRIEF

COMES NOW the United States, by and through undersigned counsel, and hereby responds to the newly raised arguments in Defendant Franklin Tao's Reply in Further Support of Motion for Rule 15 Depositions [Dkt. No. 116 ("Def. Reply")]. For the reasons set forth below, and in the Government's response [Dkt. No. 113 ("Gov. Resp.")], the Court should deny Defendant's motion.

Defendant argues for the first time in his reply that denial of his Rule 15 motion would deprive him of his constitutional right to present a defense under the Fifth and Sixth Amendments. Def. Reply at 13-15. He specifically claims that he has a constitutional right to conduct pretrial depositions and that such a right "transcends" the Federal Rules of Criminal Procedure and Evidence. Defendant cites various Supreme Court cases, but none of them supports the proposition that defendants have an unfettered right to depose individuals in a

criminal case. In fact, those same cases state the contrary.

While defendants have a constitutional right to present a defense, "that right is not absolute." *United States v. Hammers*, 942 F.3d 1001, 1012 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 2768 (2020); *see also Rock v. Arkansas*, 483 U.S. 44, 55 (1987) ("The right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process."). The Constitution does not relieve a defendant from compliance with "established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.'" *United States v. Austin*, 981 F.2d 1163, 1165 (10th Cir. 1992) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)). "For example, '[t]he accused does not have an unfettered right to offer testimony that is . . . inadmissible under standard rules of evidence.'" *Hammers*, 942 F.3d at 1012 (quoting *Taylor v. Illinois*, 484 U.S. 400, 410 (1988)). Nor does a defendant have the unconstrained ability to conduct pretrial depositions, which are governed by Rule 15. *See* Gov. Resp. at 4-10 (discussing relevant case law).

Defendant's argument wrongly attempts to equate the denial of his Rule 15 motion with the exclusion of testimony at trial. Rule 15 serves a particular purpose – the preservation of testimony in exceptional circumstances. It is narrowly circumscribed and does not provide a method for pretrial discovery. The moving party carries the burden of establishing that such circumstances exist that warrant deviation from the general rule that witnesses should testify at trial. As discussed in the Government's response, Defendant's vague and conclusory assertions are insufficient to satisfy his burden.[1] The Court would be well within its discretion to deny his motion based on the record before it. *See United States v. Jinian*, No. CR-09-1103-JSW EDL,

---

[1] As the movant, it is also Defendant's responsibility to take the steps necessary to comply with the laws of the host country, which he has declined to do through the letter rogatory process.

2010 WL 3910138, *3-4 (N.D. Cal. Oct. 5, 2010) (exercising discretion to deny defendant's Rule 15 motion where defendant offered witness's declaration that was "extremely vague as to the substance of his actual testimony"); *cf. United States v. Thai*, 141 F.3d 1182, 1998 WL 141219, at *1 (9th Cir. Mar. 25, 1998) (table decision) (rejecting claim that district court abused its discretion by denying a Rule 15 motion to depose witnesses in China when movant failed to make a sufficient showing under Rule 15).

Moreover, even if denying Defendant's motion results in him being unable to present the testimony at trial, there is no basis for this Court, let alone the Tenth Circuit, to determine whether denial of Defendant's motion would exclude otherwise admissible evidence "of such an exculpatory nature that its exclusion [would] affect[] the trial's outcome." *See, e.g.*, *United States v. Tapaha*, 891 F.3d 900, 905 (10th Cir. 2018) (rejecting defendant's claim that exclusion of witness testimony violated her constitutional rights after analyzing detailed proffers); *United States v. Oldbear*, 568 F.3d 814, 821-22 (10th Cir. 2009) (same). Defendant complains of constitutional violations but ignores the fact that he alone can remedy his own failure to comply with Rule 15.

Finally, if the Court permits remote foreign depositions on the current record, it risks undermining Rule 15 and constitutional protections in other circumstances where the government is the movant. *See United States v. Drogoul*, 1 F.3d 1546, 1551 (11th Cir. 1993) ("In particular, because of the absence of procedural protections afforded parties in the United States, foreign depositions are suspect and, consequently, not favored.").

In sum, the Court would not be abusing its discretion by denying Defendant's Rule 15 motion, nor would it be infringing upon his right to present a defense. For the reasons set forth above, and in the Government's original response, the Court should deny Defendant's motion.

Respectfully submitted,

*/s/ Benjamin Hawk*
Benjamin J. Hawk
Adam P. Barry
Trial Attorneys
National Security Division
U.S. Department of Justice

*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2021, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*/s/ Christopher Oakley*
D. Christopher Oakley