# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

       v.

FENG TAO,

       Defendant.

Case No. 19-20052-JAR

## ORDER

On May 14, 2021, Defendant Feng Tao filed a Motion for Rule 15 Depositions

(Doc. 111).  Defendant seeks permission under Fed. R. Crim. P. 15 to take the depositions of

four prospective witnesses located in the People's Republic of China ("PRC") by remote means.

On July 23, 2021, the Court heard oral argument on the motion.  After hearing the parties'

arguments, the Court indicated that it was inclined to grant Defendant's motion.  But the Court

had several questions about the legality and logistics of taking the depositions of witnesses

located in the PRC that the parties were unable to answer at the hearing, and need resolution

before the Court can rule on the motion.

"China does not permit attorneys to take deposition in China for use in foreign courts."[1]

The parties dispute whether there is a workaround for depositions taken by remote means, with

the court reporter and the parties located outside mainland China.  To overcome this legal

obstacle, Defendant proposes to have the prospective witnesses travel to Hong Kong, Macau, or

another nearby location to conduct the depositions.  But it is unclear whether the prospective

witnesses are willing and able to travel to a nearby location outside mainland China to attend

---

[1] *Judicial Assistance Country Information: China*, U.S. Dep't of State, https://travel.state.gov/content
/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last updated May 1, 2019) (emphasis omitted).

their depositions.  Further, the Court suggested at the hearing that, to the extent they are willing and able to travel, the Government could arrange to have the prospective witnesses participate in the depositions by videoconference from a United States embassy or consulate.  This would allow consular officers to administer the oaths and monitor the proceedings, and thus provide sufficient reliability safeguards.

Accordingly, before ruling on Defendant's Rule 15 motion, the Court will hold a conference with the parties to further address the logistics of conducting the depositions. Defendant should be prepared to address whether the prospective witnesses are willing and able to travel to Hong Kong to attend their depositions.  The Government is instructed to investigate the feasibility of coordinating depositions by videoconference with the United States Consulate in Hong Kong.  The Government should be prepared to address this matter at the conference.

The Court will be in contact with the parties by e-mail to set a date and time for the conference as soon as practicable.

**IT IS SO ORDERED.**

Dated: August 3, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE