# EXHIBIT 40

# United States District Court
## DISTRICT OF KANSAS

IN THE MATTER OF THE SEARCH OF
INFORMATION ASSOCIATED WITH AN
EMAIL ADDRESS STORED AT GOOGLE LLC

Case No. 19-mj-8160-JPO

## **SEARCH WARRANT**

TO: FBI Special Agent Stephen Lampe, and any Authorized Officer of the United States:

An affidavit having been made before me by Special Agent Lampe, who has reason to believe that in the Northern District of California, located as above-described, there is concealed property or evidence hereby ordered seized, namely:

*See Attachments A & B, and
Affidavit in Support of Application*

I am satisfied that the attached affidavit establishes probable cause to believe that the property so described is now concealed on the premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before July 25, 2019 (not to exceed 14 days) the person or place named above for the person or property specified, serving this warrant and making the search at any time in the day or night, and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this to United States Magistrate Judge as required by law.

I FIND that all papers in support of this application, including the affidavit, search warrant, and search warrant return, shall be sealed until further order of the Court. However, the documents may be released as discovery in related criminal cases without the need for these pleadings to be unsealed.

I FURTHER FIND, pursuant to 18 U.S.C. § 2705(b), there is reasonable cause to believe that providing notification of the warrant would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, notify confederates, or flee from prosecution. This warrant is therefore ordered sealed for a period of one year from the date it is issued.

Issued on the 11th day of July, 2019, at 1:00 p.m., in the District of Kansas.

_James P. O'Hara_
Honorable James P. O'Hara
Chief U.S. Magistrate Judge
District of Kansas

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052-JAR (D. KS.)

DOJ-00000653

| | | |
|---|---|---|
| **RETURN** | | |
| DATE WARRANT RECEIVED<br>7/11/2019 | DATE AND TIME WARRANT EXECUTED<br>7/11/2019  1430 | COPY OF WARRANT AND RECEIPT FOR ITEMS LEFT WITH<br>Google Inc |
| INVENTORY MADE IN THE PRESENCE OF SA Scott Bakken | | |

INVENTORY OF PERSON OR PROPERTY TAKEN PURSUANT TO THE WARRANT

- Cover letter
- Certificate of Authenticity
- Hash values for production files
- Accounts linked by SMS and Recovery Email
- Accounts linked by creation IP
- Accounts linked by cookies
- Browsing and Search history "MyActivity"
- Email content files
- Account information

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 7/30/2019

_Executing Officer's Signature_

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00000654

# ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with <u>franklin.tao.2017@gmail.com</u> that is stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered at <span style="background-color:black;color:white">Redacted</span>

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00000655

# ATTACHMENT B

## Particular Things to be Seized

I.  **Information to be disclosed by Google LLC (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a.  The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, all non-content email header information, the date and time at which each email was sent, and the size and length of each email;

b.  All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connection, log files, and means and source of payment (including any credit or bank account number);

c.  Any accounts linked to the target account by cookies, SMS number, recovery email, creation IP, or forwarding or fetching email addresses.

d.  All searches and activity associated with the account to include "clicks" and "queries," URLs of sites visited and any content of communication.

e.  The types of services utilized;

f.  All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00000656

## II. Information to be seized by the government

All information described above in Section I that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 666 ("Theft or Bribery Concerning Programs Receiving Federal Funds") and 18 U.S.C. § 1343 ("Fraud by Wire, Radio, or Television") involving Feng Tao and others known and unknown, and dating back from account inception to the issue date of this search warrant, for each account or identifier listed on Attachment A, evidence of how the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the email account owner.

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00000657