# EXHIBIT 41

## United States District Court
### DISTRICT OF KANSAS

IN THE MATTER OF THE SEARCH OF:

**Redacted**

FOUND WITHIN THE PREMISES OR ON THE PERSON OF TAO; AND INFORMATION ASSOCIATED WITH AN EMAIL ADDRESS STORED AT GOOGLE

Case No. 19-mj-8187-JPO

## SEARCH WARRANT

TO: FBI Special Agent Stephen Lampe, and any Authorized Officer of the United States:

An affidavit having been made before me by Special Agent Lampe, who has reason to believe that in the District of Kansas and the Northern District of California, located as above-described, there is concealed property or evidence hereby ordered seized, namely:

*See Attachments A & B, and*
*Affidavit in Support of Application*

I am satisfied that the attached affidavit establishes probable cause to believe that the property so described is now concealed on the premises above-described and establish grounds for the issuance of this warrant.

YOU ARE HEREBY COMMANDED to search on or before September 2, 2019 (not to exceed 14 days) the person or place named above for the person or property specified, serving this warrant and making the search at any time in the day or night (although search of any residence, such as any of the residential addresses listed above, is authorized to occur only between the hours of 0800 and 2200), and if the person or property be found there to seize same, leaving a copy of this warrant and receipt for the person or property taken, and prepare a written inventory of the person or property seized and promptly return this to United States Magistrate Judge as required by law.

I FIND that all papers in support of this application, including the affidavit, search warrant, and search warrant return, shall be sealed until further order of the Court. However, the documents may be released as discovery in related criminal cases without the need for these pleadings to be unsealed.

I FURTHER FIND, pursuant to 18 U.S.C. § 2705(b), there is reasonable cause to believe that providing notification of the warrant would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, notify confederates, or flee from prosecution. This warrant is therefore ordered sealed for a period of one year from the date it is issued.

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008103

Issued on the __19th__ day of __August__, 2019, at __11:00 a.m.__ o'clock, in the District of Kansas.

*James P. O'Hara* (signature)
_____
Honorable James P. O'Hara
Chief U.S. Magistrate Judge
District of Kansas

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008104

ATTACHMENT A

Property to Be Searched

The property to be searched is as listed:



HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008105



This warrant also applies to information associated with franklin.tao.2017@gmail.com that is stored at premises owned, maintained, controlled, or operated by Google LLC, a company headquartered at Redacted

2

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008106

## ATTACHMENT B

### Particular Things to be Seized

**I. Property to be seized at the PREMESIS**

1. All records relating to violations of 18 U.S.C. § 666 and 18 U.S.C. § 1343 by Feng Tao occurring after June 1, 2014, including but not limited to the following:

   a. Records and information relating to Tao's application, recruitment, contracting, payment by, and awarding of the Changjiang Scholarship, Chinese Talent programs, and Chinese Universities.

   b. Records and information relating to the University of Kansas and Fuzhou University; and

   c. Records and information relating to the e-mail accounts franklin.tao.2017@gmail.com, franklin.feng.tao@ku.edu and aliases for those accounts.

2. Computers or storage media used as a means to commit the violations described above.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

   b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   c. evidence of the lack of such malicious software;

   d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

   e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008107

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses; and

m. contextual information necessary to understand the evidence described in this attachment.

4. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions,

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008108

including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008109

II. **Information to be disclosed by Google LLC (the "Provider")**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

   a. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, the source and destination addresses associated with each email, all non-content email header information, the date and time at which each email was sent, and the size and length of each email;

   b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative email addresses provided during registration, methods of connection, log files, and means and source of payment (including any credit or bank account number);

   c. Any accounts linked to the target account by cookies, SMS number, recovery email, creation IP, or forwarding or fetching email addresses.

   d. All searches and activity associated with the account to include "clicks" and "queries," URLs of sites visited and any content of communication.

   e. The types of services utilized;

   f. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

   g. All files contained within the Google Drive associated with the account.

4

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008110

### III. Information to be seized by the government

All information described above in Section II that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 666 ("Theft or Bribery Concerning Programs Receiving Federal Funds") and 18 U.S.C. § 1343 ("Fraud by Wire, Radio, or Television") involving Feng Tao and others known and unknown, and dating from July 11, 2019, to the issue date of this search warrant, for each account or identifier listed on Attachment A, evidence of how the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the email account owner.

5

HAR-19-481

Subject to Protective Order (ECF No. 61) U.S. v. Tao, No. 19-20052 -JAR (D. KS.)

DOJ-00008111