IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FENG TAO,

    Defendant.

Case No. 19-20052-JAR

### ORDER STRIKING NOTICE OF CLARIFICATION

This matter comes before the Court on Defendant Feng Tao's Notice of Clarification Relating to Statements in Government's Motion for Extension of Time (Doc. 134). Defendant filed the Notice to allegedly "clarify and correct the record regarding an error" in the Government's motion for extension of time to respond to Defendant's untimely motion for a *Franks* hearing and to suppress evidence filed on August 23, 2021.[1] In its motion for extension of time, the Government stated: "The Court previously set August 14, 2020 as the deadline for pre-trial motions . . . . Despite having the search warrants and requisite discovery, the defense did not file a motion to suppress by August 14, 2020."[2] Defendant asserts that the Government's motion failed to add that the Court later set a new pre-trial motions deadline when it set the case for trial. He points to the Court's March 23, 2021 Scheduling Order, which states that "[a]ll pretrial motions for defendant[] shall be filed on or before April 30, 2021."[3] The Court subsequently extended that deadline to May 14, 2021. According to Defendant, his motion to

---

[1] Doc. 134 at 1.

[2] Doc. 132 ¶ 1.

[3] Doc. 108 (emphasis omitted).

suppress was therefore due on May 14, 2021, but the Government's motion for extension of time "giv[es] the misimpression" that the motion to suppress is more than one year late.[4]

As explained at the September 8, 2021 status conference, Defendant's Notice is not well-taken. The record makes clear that the deadline for Defendant's motion to suppress was indeed August 14, 2020. At a status conference held on June 29, 2020, the Government represented that discovery was essentially complete and that the parties were ready to set a pre-trial motions schedule. The defense then requested six weeks to file pre-trial motions, noting it expected a "fairly extensive motions practice" because it intended to file "dispositive motions on a variety of different rationales."[5] Accordingly, the Court entered a scheduling order providing that "[a]ll pretrial motions for defendant shall be filed on or before August 14, 2020."[6] On August 14, 2020, Defendant filed two motions to dismiss. Defendant did not, however, file a motion suppress.

During a status conference on March 22, 2021, the Court set this case for trial. Also during the status conference, the defense notified the Court that it intended to file a motion under Fed. R. Crim. P. 15 to take the depositions of witnesses located in the People's Republic of China. The defense made no mention of a motion to suppress. The Court then set a briefing schedule and hearing date specifically on the Rule 15 motion, stating: "[L]et's just say we set a deadline of April 30th *on the deposition issue*[,] with responses due May 21st, and then I could hear those maybe Friday, June 4th. . . . Does that work for everybody, a hearing *on this Rule 15 issue* the afternoon of June 4th[?]"[7] Both parties said that it did, so the Court entered a

---

[4] Doc. 134 at 2.

[5] Doc. 137 at 6:2–4.

[6] Doc. 80 (emphasis omitted).

[7] Doc. 139 at 8:22–24, 9:10–11 (emphasis added).

scheduling order the next day reflecting these dates.  On April 29, 2021, Defendant filed an unopposed motion to extend the deadline to file his Rule 15 motion to May 14, 2021, which the Court granted.  Notably, Defendant's motion made the following observation: "In light of the defense's intention to file a Rule 15 motion, the Court entered [a] briefing schedule and deadlines, as reflected in a March 23 scheduling order."[8]  Thus, it was clear to Defendant that the May 14, 2021 deadline applied only to his Rule 15 motion.[9]

Because there is no error in the Government's motion for extension of time to correct or clarify, the Court strikes Defendant's Notice.

**IT IS SO ORDERED.**

Dated: September 9, 2021

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Doc. 109 at 2.

[9] It is worth noting that under either deadline, Defendant's motion to suppress is untimely.  Defendant filed his motion to suppress over three months after the May 14, 2021 deadline.