# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                  Case No.     <u>19-20052-01-JAR</u>

**FENG TAO,**

        **Defendant.**

## GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 902(4), 902(11), AND 902(14)

        The United States of America, by and through undersigned counsel, provides notice of its intent to offer evidence pursuant to Fed. R. Evid. 902(4), 902(11), 902(13), and 902(14), and moves the court for an order *in limine*, determining such evidence to be admissible.

        Under Fed. R. Evid. 104(a), the Court may preliminarily decide whether any evidence is admissible. In doing so, the Court is not bound by the rules of evidence, except those related to privilege.

        Rule 902(11) provides that documents which are admissible as records of regularly conducted business activity, as provided for under Fed. R. Evid 803(6), may be admitted without calling a records custodian as a witness, provided the proponent gives notice to the adverse party

and makes the records and certification available for inspection. Rule 902(13), makes the same provision for records "generated by an electronic process or system that produces an accurate result," and Rule 902(14) makes the same provision for data copied from an electronic device, storage medium, or file. Rule 902(4) further provides that copies of official records are admissible without a custodian witness if records are certified as correct by the custodian or another person authorized to make the certification and, by reference to Rule 902(3), the opposing party has been given reasonable opportunity to investigate the document's authenticity and accuracy.

The government provides notice of its intent to admit through certification the following documents:

| Records Custodian | Description of evidence | Beginning Bates Number |
|---|---|---|
| Claire Cole | Records obtained pursuant to search warrant served on Google LLC related to account FRANKLIN.TAO.2017 | DOJ-00001072 |
| Dylan Reim | Records obtained pursuant to search warrant served on Google LLC related to account FRANKLIN.TAO.2017 | DOJ-0000648 |
| Lori Jones, Chex Systems, Inc | Records obtained from Chex Systems, Inc. | DOJ-00008219 |
| Yoselin Zelaya Lopez | Bank of America records related to accounts ending in 3934, and 1300; <br><br> and accounts ending in 3934, 1047, 1300, 5740, 9962, 4573, 9975, 6573, 7544, 5737, 6544, and credit card accounts ending in 4062 and 3075 | DOJ-000010149 et seq <br> DOJ-000010184 et seq <br> DOJ-000010188 et seq <br><br> (Documents produced without bates number) |
| Records Custodian, will provide certificate once received | Documents obtained from subpoena to Federal Reserve Bank of New York | DOJ-00008234 |
| Records Custodian, will provide certificate once received | Records obtained from Old National Bank via subpoena related to account 3489 | DOJ-01413466 <br> DOJ-01413760 |
| Anthony J. Gugliuzza | JP Morgan Chase records obtained via | DOJ-00010240 |

| | | |
|---|---|---|
| | subpoena | |
| Anthony J. Gugliuzza | JP Morgan Chase records related to wire transfers obtained via subpoena | DOJ-00010201 |
| David M. Henson | JPMorgan Chasse bank records related to accounts ending in 0191, 1071, 4420 | DOJ-00009499 et seq |
| Kansas Secured Title custodian | Records obtained pursuant to subpoena to Kansas Secured Title | DOJ-00008137 |
| Sharon Stroud | Citibank N.A. records obtained via subpoena | DOJ-00008298 (certificate) DOJ-0008300 |
| Bibi Tucker | The Clearing House Payments Company LLC records obtained via subpoena | DOJ-00008632 (certificate) DOJ-00008623, et seq |
| Lonnie Lawson | Homeland Security TECS – Personal Encounter List records for international travel of Feng Tao | DOJ-00019398, et seq |
| Babette E. Grout | Homeland Security TECS – Personal Encounter List records for international travel of Luan Nguyen | DOJ-01424295, et seq |

**ADMISSIBILITY OF THE RECORDS**

The government requests that the Court, as provided in Fed. R. Evid. 104, make the preliminary determination that the foundational prerequisites for admission under Rules 803(6) and 902(11) are met by the introduction of a certification that meets the requirements of the Rule.

Rule 803(6) provides, as an exception to the hearsay rule, for records of regularly conducted activity (the "business records exception"). Rule 902(11) allows that a party may introduce business records evidence by a certification from a custodian (or other qualified person) establishing that the documents meet the criteria of Rule 803(6), provided the proponent has given notice to the adverse party, and given the adverse party an opportunity to inspect the records and certification.

Rule 902(11) certificates render the documents admissible and do not implicate the Sixth

Amendment's Confrontation Clause. In *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), the Supreme Court recognized that certifications of records of regularly conducted activity do not trigger Confrontation Clause issues. "Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial." *Id*. at 324. This reiterated the Court's prior statement in *Crawford v. Washington* that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial—for example, business records or statements in furtherance of a conspiracy. 541 U.S. 36, 56 (2004).

The Tenth Circuit has also held that neither records of regularly conducted business activity under Rule 806, nor certifications under Rule 902(11) violate the Confrontation Clause. *United States v. Yeley-Davis*, 632 F.3d 673 (10th Cir. 2011) (finding that admission of cellular telephone records through a certification by a records custodian was appropriate and did not violate the Confrontation Clause).

**Admissibility of Emails**

The government intends to introduce copies of emails from a Gmail account used by Defendant Tao that were obtained via a search warrants to Google LLC. In providing the emails, Google included a certificate from Claire Cole and Dylan Reim, both Google LLC records custodians. The certificates comply with the requirements of Rule 902(11).

Federal Rule of Evidence 902(14) states that "data copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule

902(11) or (12)" is self-authenticating and requires no extrinsic evidence of authenticity in order to be admitted. The proponent is required to provide notice as required by Rule 902(11).

Therefore, the emails are admissible without the need for the government to introduce extrinsic evidence of authenticity. The government acknowledges that individual emails may be subject to other objections, such as hearsay, but the government should not be required to bring in a witness from Google to authenticate the emails as having been sent or received by Defendant Tao's email account. The government will, in its exhibit, specifically identify the individual emails it intends to introduce.

**CONCLUSION**

The United States provides notice to the defendant of its intent to introduce records of regularly conducted activity through a certification from a records custodian pursuant to Fed. R. Evid. 902(11) ), as well as public documents pursuant to 902(4). Similarly, the United States provides notice of its intent to introduce emails that are data copied from an electronic device, storage medium or file, pursuant to Rule 902(14). The government requests that the Court enter an order *in limine*, determining the above described records are admissible.

Respectfully submitted,

*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas

*/s/ Adam P. Barry*
Adam P. Barry
Benjamin J. Hawk
Adam P. Barry
Trial Attorneys
National Security Division

U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2021, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas
