UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>         Plaintiff, )<br>   v. )<br>   )<br>FENG TAO )<br>    a/k/a "Franklin Tao," )<br>   )<br>         Defendant. ) | Case No. 19-20052-JAR-JPO |

## MOTION IN LIMINE #3:
## TO EXCLUDE
## <u>INADMISSIBLE HEARSAY EVIDENCE</u>

The government has signaled that it plans to rely upon multiple forms of inadmissible hearsay to prove its case. Although the defense will wait until trial to object to most of this evidence, the Court should rule before trial that three specific categories of hearsay are inadmissible. Specifically, the Court should exclude (1) versions of an unsigned employment contract template between Fuzhou University and Dr. Tao, and a so-called "addendum" thereto, which the government plans to introduce to prove that Dr. Tao took a fulltime job at Fuzhou University; (2) websites from the Internet that purportedly show that Dr. Tao was awarded a Changjiang scholarship and took a job at Fuzhou University in China; and (3) emails in which post-doctoral students assert that Dr. Tao works or will work at Fuzhou University and express interest in working there, or other emails from third parties asserting that Dr. Tao took a job there. The Court should exclude these materials because they constitute hearsay, do not meet an exception, and are unfairly prejudicial.

1

## ARGUMENT

### A.     The Unsigned Contract Templates & Addendum

The government has signaled that it intends to introduce unsigned, undated contract templates setting forth potential terms for Dr. Tao's possible employment with Fuzhou University. It has also signaled that it plans to introduce a so-called addendum to the contract template, one version of which was allegedly signed by Dr. Tao, but which was not signed or accepted by Fuzhou University. The Court should exclude these materials as inadmissible hearsay and under Rule 403.

The government produced multiple versions of the unsigned contract template and the so-called "addendum." For example, one version of the contract template, attached to a February 2018 email, provides[1] that Dr. Tao will have a five-year full-time appointment at Fuzhou University between February 1, 2018, and January 31, 2023, as a Changjiang Scholar. (DOJ-00232053–60). During the appointment Dr. Tao would teach chemistry to students and conduct scientific research in return for a 550,000 yuan annual salary (~$85,000), roughly 1/3 of which would be paid for by the Ministry of Education as part of the Changjiang program. The template states that the contract would not take effect until both parties have signed and provided seals, but it does not include any signatures or seals. A subsequent version of a contract "addendum," dated March 5, 2018, would have required Fuzhou University to provide a total of 50 million yuan in research funds. The addendum purports to include Dr. Tao's signature, but does not contain a signature, stamp, or seal by any representative of Fuzhou University. A later version of the unsigned contract template produced by the government provides that the duration of the appointment would be May 1, 2018 to April 30, 2023, unlike the earlier template. And unlike the so-called March 2018 addendum, the later version of the unsigned contract template would provide 10 million yuan of research funding,

---

[1] Based on the defense's uncertified translation.

not 50 million. It also includes red font, evincing that it was still a draft template. Neither Dr. Tao nor Fuzhou University ever signed the later contract template.²

The Court should exclude the unsigned contract templates and the addendum because they are inadmissible hearsay used to prove the truth of the matters asserted in them—that Dr. Tao was a Changjiang Scholar, took a five-year appointment at Fuzhou University, received salary and research funding, and that the putative parties otherwise performed as described in the templates or addendum. *See* Fed. R. Evid. 801(c) (defining "hearsay" to mean "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted"); *id.* 801(a) (defining a "statement" as an "oral or written assertion ... of a person, if it is intended by the person as an assertion"); *id.* 802 ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute; these rules; or other rules prescribed by the Supreme Court."). These materials also do not meet an exception to the rule against hearsay.

Courts have excluded actual contracts and receipts from transactions when used to prove that a party performed as stated in the contract or receipt. *See, e.g.*, *United States v. Markopoulos*, 848 F.2d 1036, 1039 (10th Cir. 1988) (rental car contract seized from defendant was inadmissible hearsay and could not be used to prove that the defendant had rented the car); *Baines v. United States*, 426 F.2d 833, 837 (5th Cir. 1970) (noting district court ruling that "contracts themselves could not prove performance" under rule against hearsay, and prosecutor's agreement with ruling); *Hernandez v. Apple Auto Wholesalers of Waterbury LLC*, 460 F. Supp. 3d 164, 179 (D. Conn. 2020) (contract and purchase order were inadmissible hearsay that could not be used to prove that

---

² That Dr. Tao and Fuzhou University did not sign the contract, and the government has produced no signed version, is contrary to the government's press release in this case. *See* https://www.justice.gov/opa/pr/university-kansas-researcher-indicted-fraud-failing-disclose-conflict-interest-chinese (alleging that Dr. Tao "<u>signed</u> a five-year contract with Fuzhou University in China" in May 2018 (emphasis added)).

payment contemplated by the contract was actually made); *cf. FDIC v. Roldan Fonseca*, 795 F.2d 1102, 1110 (1st Cir. 1986) (money order receipts inadmissible hearsay to prove payments had been made); *United States v. Watkins*, 519 F.2d 294, 296-97 (D.C. Cir. 1975) (receipts for rent offered to prove defendant lived at address were offered for truth of matter asserted and therefore inadmissible hearsay); *Owen v. United States*, 34 F. Supp. 2d 1071, 1077 (W.D. Tenn. 1998) (documents inadmissible hearsay to prove payment and reason for payment).

These holdings apply with even greater force here, where the documents are not only hearsay, but they also lack any legal effect. Indeed, neither party signed the templates, and thus they were not contract offers. *See, e.g.*, Restatement (Second) of Contracts § 24 (1981) (noting that "the key concept" in deciding whether an offer exists is if "the addressee [has] the apparent power to conclude a contract without further action by the other party."). Neither party could immediately accept by signing, because the other party would still need to sign. *Id.* If the February 2018 template somehow could be construed as an offer, the subsequent addendum would have constituted a rejection of that offer since it contained different terms. *See, e.g.*, Rejection by Offeree, 1 Williston on Contracts § 5:3 (4th ed.) ("[A] counteroffer or conditional acceptance generally operates as a rejection of the original offer."). The May 2018 template, which departed from the terms of the March 2018 addendum, confirms that no offer was pending as of May 2018— only an unsigned contract template. At best, all of these materials would evince an invitation to negotiate, but not a contract offer or a contract.

The unsigned templates and the addendum also cannot be admitted as indirect or corroborating evidence. The Tenth Circuit has held that evidence that violates the rule against hearsay cannot be introduced for circumstantial use or to corroborate another witness' testimony or other evidence. *See United States v. Jefferson*, 925 F.2d 1242, 1252 (10th Cir. 1991). In

*Jefferson*, the government sought to prove that the defendant committed drug offenses because his name appeared on the bill for a pager used in drug transactions. *Id.* at 1251. The district court admitted the evidence for that purpose, but the Tenth Circuit reversed, determining that the bill constituted inadmissible hearsay "[u]nder the plain language of Rule 801," and thus could not be used to prove the defendant's purchase. *Id.* at 1252. The Court noted that there are "a number of cases holding that a receipt introduced as evidence of payment for a good or service constitutes hearsay." *Id.* Importantly, the bill also could not be used "as circumstantial evidence to show … the character and involvement of the [d]efendant, [or] to corroborate the testimony of the cooperating witness." *Id.* So too here. The unsigned contract is not only barred to prove the truth of the matters asserted therein, but also cannot be used to corroborate other evidence that Dr. Tao allegedly took a job at Fuzhou University.

Even if the government can muster a non-hearsay purpose to introduce these materials, the Court should exclude them under Rule 403, because the probative value would be substantially outweighed by the danger of unfair prejudice and confusion. Fed. R. Evid. 403. For example, if the government were to argue that it seeks to introduce these materials to demonstrate that Dr. Tao had an opportunity to contract, that would still constitute inadmissible hearsay meant to prove that he *did* contract and performed the work described in the contract. But even if this were not an inadmissible hearsay purpose, the probative value of evidence of an opportunity to contract is minimal, especially if the government has other ways of evincing this opportunity that are less prejudicial. And the danger of unfair prejudice and confusion would be substantial. Even with an instruction that the jury should consider the documents for a limited purpose, the risk would be great that the jury would see the contract template's terms as evidence that Dr. Tao worked at Fuzhou University and received salary and funding as stated in the templates or addendum. And

even with an instruction to the jury that the documents have no legal effect, there is a substantial risk that a jury of non-lawyers would be confused and think that this is evidence that Dr. Tao performed as stated in the templates, especially if Dr. Tao signed the so-called addendum.

Accordingly, the Court should exclude the unsigned contract templates and the addendum from evidence.

### B.     The Websites

The government has signaled that it intends to introduce websites from the Internet, most or all of which were presented to the government by Government Informant as part of her scheme to extort and inculpate Dr. Tao, in order to prove that Dr. Tao obtained a Changjiang Scholarship and took a fulltime job at Fuzhou University in China. The Court should exclude the printouts and screenshots of these websites as inadmissible hearsay and under Rule 403.

The government may seek to introduce printouts or screenshots from various websites for hearsay purposes, including but not limited to evidence of the following websites (or translations), to prove the truth of the matters asserted in them:

1. https://freewechat.com/a/MzAxMzMyMDkzMA==/2649334100/1 (DOJ-01422333–40): asserting, *inter alia*, that Dr. Tao of Fuzhou University was recommended as a candidate to be a Changjiang Scholar

2. http://gaokeyan.com/university/details.php?uid=1117&t=talent (DOJ-00000461; DOJ-01422292; DOJ-00000563): asserting, *inter alia*, that Dr. Tao is affiliated with Fuzhou University

3. http://fuzhou.xuexiaodaquan.com/news/2018/2016970.html (DOJ-01422255–56): asserting, *inter alia*, that Dr. Tao is a "Yangtse River Scholar"

4. http://news.sciencenet.cn/htmlnews/2018/1/399176.shtm (DOJ-00000443–60; DOJ-01422257–91; DOJ-00001125): asserting, *inter alia*, that Dr. Tao was recommended as a candidate to be a "Yangtse River Scholar"

5. http://www.sohu.com/a/253293599_349424 (DOJ-01422293–332; DOJ-00001128; DOJ-00000564): asserting, *inter alia*, that Dr. Tao was hired by Fuzhou University as a Changjiang Scholar

      6.   https://nengyuan.nxu.edu.cn/info/1045/1535.htm (DOJ-01422341–42; DOJ-00000559–60): asserting, *inter alia*, that Dr. Tao of Fuzhou University is a Changjiang Scholar

These websites constitute inadmissible hearsay because they are out-of-court statements that the government would use to seek to prove the truth of the matters asserted in them—namely, that Dr. Tao is a Changjiang Scholar who worked at Fuzhou University. The Court should therefore exclude them under Rule 802. *See, e.g.*, *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) ("The web postings were not statements made by declarants testifying at trial, and they were being offered to prove the truth of the matter asserted. That means they were hearsay."); *Ross v. Rothstein*, 92 F. Supp. 3d 1041, 1054 (D. Kan. 2015) ("The admissibility of the screen prints used to support plaintiff's purported facts is questionable. The proffered evidence is hearsay, and, on summary judgment, plaintiff did not identify any hearsay exception that would allow the Court to consider this evidence."); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1032, 1038 n. 4 (D. Kan. 2006) (disregarding as hearsay website printouts attached to summary judgment briefing); *Examination Bd. of Pro. Home Inspectors v. Int'l Ass'n of Certified Home Inspectors*, 519 F. Supp. 3d 893, 904 (D. Colo. Feb. 10, 2021) (Wikipedia article was hearsay); *Jurgensen v. Hamalian*, No. 18-CV-01952-MSK-NYW, 2019 WL 2521677, at *2 (D. Colo. June 18, 2019) (excluding website purporting to show the defendant's address because it was hearsay).[3]

---

[3] The government has signaled that it may try to use these websites not only as hearsay aimed at proving that Dr. Tao took a job at Fuzhou University, but also to prove that the absence of the websites from the Internet is somehow evidence of a cover up for Dr. Tao. That evidence and argument would be irrelevant to whether Dr. Tao committed fraud and made false statements because a web manager's actions and decisions cannot be ascribed to Dr. Tao, who does not own, maintain, or control the websites. It would also be unfairly prejudicial, because it would speculate that third parties had a nefarious purpose and, without evidence, seek to tie that conduct to Dr. Tao.

These materials should also be excluded under Rule 403 because the danger of unfair prejudice substantially outweighs the probative value, if any, of any non-hearsay purpose for these materials. The materials have very limited probative value because they are printouts or screenshots of unreliable websites with limited information about who and where the information came from, and it is unclear what non-hearsay purpose they could serve. They are also unreliable to the extent that Government Informant fed the website links to the FBI while trying to extort Dr. Tao, further undermining their reliability and raising questions about whether Government Informant contributed to the websites. *See Franks* Motion at 5-6. Even if they had a relevant non-hearsay purpose, however, the websites would be unfairly prejudicial because the jury would likely view the hearsay in these websites as proof that Dr. Tao was in fact a Changjiang Scholar who worked at Fuzhou University, and would not be able to cabin their review of the websites to the non-hearsay purpose. The jury may also unfairly view the Chinese text as indicia of reliability, since the alleged work occurred in China, even though there is no evidence that the websites are reliable.

Thus, for all of these reasons, the website printouts and screenshots should be excluded.

**C.     Emails from Third Parties Asserting that Dr. Tao Works or Will Work at Fuzhou University**

The government has signaled that it intends to produce emails from post-doctorate students who assert that Dr. Tao works or will work at Fuzhou University and express an interest in applying to work in his group there, and others who state in emails that Dr. Tao works there. The Court should exclude these materials as hearsay because the purpose of the emails would be to prove the truth of the matter asserted in them—that Dr. Tao works or will work at Fuzhou University.

The Court should also exclude these types of emails under Rule 403 because they are inherently unreliable, and their probative value, if any, "is substantially outweighed by...unfair

8

prejudice [and] confusing the issues." Fed. R. Evid. 403. While the assertions of post-doctorate students and others—likely informed by their review of hearsay on the Internet, rumors, or other unsubstantiated sources—about whether Dr. Tao works at Fuzhou University and is forming a group there are of minimal, if any, probative value, there is a substantial risk that the jury would be unable to ignore the non-hearsay purpose of the emails, and that the jury would give the hearsay purpose undue weight since it comes from someone in Dr. Tao's field. The defense would also be unable to cross-examine the senders, many of whom are from other countries, to explore the unsubstantiated nature of their assertions.

## CONCLUSION

The government has signaled that it intends to try to prove much of its case through unsigned contract templates and an addendum that constitute hearsay with no legal effect, websites of dubious veracity that Government Informant fed to the FBI, consisting entirely of hearsay, and emails from post-doctoral students and others whose hearsay assertions are likely based on hearsay from the Internet, rumors, or other dubious sources. The Court should exclude this inadmissible, unfairly prejudicial hearsay.

Dated:  September 24, 2021   Respectfully submitted,

/s/ Thomas H. Johnson
Thomas H. Johnson #13688
Petefish, Immel, Hird, Johnson,
Leibold & Sloan, LLP
842 Louisiana
Lawrence, KS 66044
Tel: (785) 843-0450
Fax: (785) 843-0407
tjohnson@petefishlaw.com

Peter Zeidenberg
Michael F. Dearington

9

Laura Zell
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
Peter.Zeidenberg@arentfox.com
Michael.Dearington@arentfox.com
Laura.Zell@arentfox.com

*Attorneys for Defendant Franklin Tao*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September, 2021, I electronically filed the foregoing Motion in Limine with the Clerk of the Court using the CM/ECF system.

/s/ Thomas H. Johnson
Thomas H. Johnson

10