# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      Plaintiff,

      v.                     Case No.   **19-20052-01-JAR**

**FENG TAO,**

      Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE #4: TO EXCLUDE INADMISSIBLE EXPERT TESTIMONY
### (Doc. 154)

Defendant's motion to exclude the testimony of Brian Koechner, Morgan Becker, Joshua Clevenger, Steven Schmidt, and Dr. Rebecca Keiser should be denied, because their testimony is properly admitted as non-expert fact testimony or lay witness opinion under Fed. R. Evid. 701. However, should the Court find otherwise, the motion to exclude testimony should still be denied because the government's expert notices complied with Fed. R. Crim. P. 16(a)(1)(G). Finally, even if the Court finds that the notice was deficient in some respect, exclusion of the witnesses' testimony would be an extraordinary remedy and sanction. Instead, the Court should direct the government to correct any deficiency prior to trial.

1

**I.    The government provided Rule 16 notice out of an abundance of caution, because the testimony of the witnesses is admissible as non-expert fact testimony or lay opinion testimony pursuant to Fed. R. Evid. 701**

The government's letter to the defense providing notice of its expert witnesses stated, in relevant part, "The government believes that some of the witness testimony summarized herein should be received as non-expert fact testimony or lay opinion testimony pursuant to Federal Rule of Evidence 701. Nevertheless, as a courtesy to the Defendant, each witness is listed as a 'probable expert witness' in the event that the Court concludes that any one of the listed witnesses' testimony constitutes expert testimony." See *Def's Motion*, Doc. 154, Ex. 1 at 2. The government provided its notice out of caution in the event that Defendant argued that the testimony is expert testimony and the Court agreed.

Expert testimony is testimony "in the form of opinion or otherwise" that is based on "scientific, technical, or otherwise specialized knowledge." Fed. R. Evid. 702. An expert can testify to both opinion and fact. See Fed. R. Evid. 702, Advisory Committee's Note. A lay witness may give opinions when rationally based upon their perception, but a lay witness may not give opinions based on scientific or otherwise specialized knowledge within the scope of Rule 702. See Fed. R. Evid. 701. While lay witnesses may not give expert opinions, experts may give both lay and expert testimony. *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002).

**A.   Brian Koechner and Morgan Becker, FBI Forensic Accountants**

Neither Brian Koechner nor Morgan Becker's anticipated testimony qualifies as expert testimony pursuant to Rule 702. They will summarize numerous bank account records to show the Defendant's income during the relevant time period, identify any foreign financial transactions or lack thereof, and summarize the financial transactions that funded Defendant's

cash purchase of his residence.[1]  The summarization of bank account records is appropriate under Fed. R. Evid. 1006. Rule 1006 allows a "summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."

Brian Koechner and Morgan Becker are both employed as forensic accountants with the FBI. Although they both have the credentials to support expertise in the field of forensic accounting, neither will be asked to render an expert opinion. Instead, Mr. Koechner and/or Ms. Becker will provide summary testimony concerning numerous bank accounts and will provide summary charts related to their testimony.

Testimony regarding the review of financial records and summarizing such records is permissible lay witness testimony under Rule 701; it is not Rule 702 expert opinion, even when given by an FBI forensic accountant. *See United States v. Chalker*, 966 F.3d 1177, 1192 (11th Cir. 2020). ("The problem for Chalker is that he points to no opinion testimony offered by [FBI forensic accountant] that impermissibly crossed over the line into expert testimony. He does not, because he cannot – [FBI forensic accountant] never opined as an expert . . . . [FBI forensic accountant] limited her testimony to providing the jury with a summary of Chalker's bank and wage records.");*Caballero*, 277 F.3d at 1246 (FBI financial analyst "summarized business records and client lists and presented them in a condensed form, a process clearly permitted by Federal Rule of Evidence 1006."); *see also United States v. Hamaker*, 455 F.3d 1316, 1332-33 (11th Cir. 2006) ("As [FBI analyst] explained at trial, while his expertise and the use of computer

---

[1] The government has provided the bank records and other financial records to the defense and has provided a financial summary prepared by a prior FBI forensic accountant who is no longer employed by the FBI. The government has asked Ms. Becker to prepare summary charts related to those bank accounts and the purchase of Defendant's residence and will provide those summary charts when they are complete.

software may have made him more efficient in reviewing MCC's records, his review itself was within the capacity of any reasonable lay person.").

Although their qualifications would enable them to offer expert opinions under Rule 702, the government's questioning of the FBI forensic accountants will be limited to factual and lay opinion testimony under Rule 701. Thus, the testimony of the FBI forensic accountants is admissible non-expert witness testimony.

### B. Dr. Rebecca Keiser

Similar to the forensic accountants, while the government provided expert notice related to Dr. Keiser, her testimony is not expert testimony under Rule 702. As described in the government's notice, Dr. Keiser will testify concerning:

> The NSF grant submission, review, and approval processes; the purpose, nature, and history of NSF's conflicts of interest policy; the purpose, nature, and history of NSF's disclosure requirements; in particular, NSF's biosketch, current and pending, and collaborators and other affiliations sections; the purpose and nature of principled international scientific research collaboration; and the threat of foreign government interference to NSF research security and the U.S. science and engineering enterprise; in particular, certain provisions contained within some foreign talent recruitment program agreements.

See Ex. 2 to Def's Motion.

None of these topics falls within the ambit of Rule 702 – they are not opinions based upon Dr. Keiser's scientific, technical, or otherwise specialized knowledge. Indeed, most of the topics require factual assertions as opposed to opinions, but to the extent any of Dr. Keiser's opinions will be offered, they are admissible under Rule 701, as they are rationally based upon her perception and will be helpful to the jury in clearly understanding her testimony and the facts at issue. For instance, testimony that she may offer concerning NSF's rationale for rules and policies related to certain disclose obligations, including conflicts of interest, directly relates to the materiality of Defendant's false statements and omissions.

A non-expert witness must testify to things based on first-hand knowledge, so as to present only the most accurate information to the finder of fact. *United States v. Bush*, 405 F.3d 909, 916 (10th Cir. 2005). Dr. Keiser has first-hand knowledge related to NSF's policies and procedures during the relevant period through Defendant's arrest in August 2019.

In *United States v. Powers*, 578 F. App'x 763 (10th Cir. 2014), Powers complained on appeal that the district court erred in allowing lender witnesses who were not personally involved in loan transactions to testify at trial. The Tenth Circuit disagreed, finding it was not plain error to allow such testimony, because, although the witnesses were not involved, the witnesses had personal knowledge of the lenders' practices at the time the transactions took place. "In the instant case, where the lender witnesses' testimony was based on their personal knowledge and experience with their respective firms' application-assessment policies and procedures, it requires no great stretch of the imagination to see how a court could conclude that this testimony was based on the witnesses' 'first-hand knowledge or observation' as required by Rule 701(a)." *Id.* at *7.

Defendant also argues that Dr. Keiser's testimony should be excluded because, according to him, "Dr. Keiser has an extraordinary bias in this case." *Def's Motion* at 5. Any alleged bias is certainly an appropriate topic for cross-examination. *Delaware v. Van Ardsdall*, 475 U.S. 673, 679 (1986). However, it is not justification to preclude a witness from testifying.

**C.  Joshua Clevenger and Stephen Schmidt, FBI Forensic Computer Examiners**

The government will call computer forensic experts to testify concerning their examination of computers and other electronic evidence seized in this case. The witnesses will authenticate certain documents as having been found on a particular device located during the execution of search warrants at Defendant's KU laboratory and residence.

Whether the testimony of the forensic computer examiners qualifies as expert testimony is a closer call than the testimony of the financial analysts. Some courts have found that the process of forensic data extraction requires some specialized knowledge or skill not in the possession of the jurors and, therefore, qualifies as Rule 702 expert testimony. *United States v. Yu*, 411 Fed. App'x 559, 566-67 (4th Cir. 2010); *see also United States v. Channon*, 2015 WL 13666980, at *7 (D.N.M., Jan. 8, 2015).

Other courts have found that where an examiner simply testifies to what files he or she found on a hard drive such testimony is not expert testimony. *See United States v. Berry*, 318 F. App'x 569, 569 (9th Cir. 2009) (agent's testimony was not expert testimony because the agent "simply testified to what he found on [the defendant's] hard drive . . . without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States v. Scott-Emuakpor*, 2000 WL 288443, at *11-12 (W.D. Mich. Jan. 25, 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive.").

Regardless, the government's disclosure complies with Rule 16. The government's expert witness notice provided that the witnesses:

> examined numerous electronic devices and/or forensic images of electronic devices associated with Defendant, including, inter alia, the external media and hard drives that were located at KU. The government believes that [witness'] testimony may involve his technical and specialized knowledge regarding the examination of computers and electronic evidence under Federal Rule of Evidence 702, including but not limited to, computer file metadata, hard drive partitioning, data retrieval, extraction and preservation and the use of computer forensic tools and procedures. This testimony will be premised upon [witness's] knowledge, skill, education, training, and experience as a digital forensic examiner and upon his firsthand review of the evidence in this case.

*Def's Motion*, Doc. 154, Ex. 1 at 3-4

The government also provided copies of the witnesses' curriculum vitae to Defendant.[2] In addition to the notice and the witnesses' curriculum vitae, the government produced images of the electronic devices in question, the Forensic Toolkit (or "FTK") reports related to the specific documents and other items found on the devices, and copies of the particular documents and items. The government has provided sufficient notice to Defendant such that he may adequately cross-examine the computer examiners.

**II.     If the Court determines any or all of the above-described witnesses' testimony constitutes expert testimony, the government's notices were sufficient to comply with Rule 16.**

Rule 16 (a)(1)(G) requires the government, upon request, to give the defendant a written summary of any expert testimony that the government intends to present at trial. The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* "Detailed, extensive discussion is not required in the Rule 16 summary: 'Although the summary required by Rule 16 provides the defense with some notice, the requirement of setting forth the bases and reasons for the witnesses' opinions does not track the methodological factors set forth by the Daubert Court.'" *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013) (quoting Margaret A. Berger, *Procedural Paradigms for Applying the Daubert Test*, 78 Minn. L.Rev. 1345, 1360 (1994)).

In *United States v. Jackson*, the Seventh Circuit found the government's expert notice was sufficient ("although barely") where the government's summary stated that the witnesses "may testify at trial concerning the use of beepers, firearms, walkie-talkies, and Western Union wire transfers in connection with the sale of narcotics" and explained that the witnesses "may

---

[2] A witnesses curriculum vitae satisfies the requirement of Rule 16 to provide a description of an expert's qualifications. *United States v. McCluskey*, 954 F. Supp. 2d 1224, 1231 (D.N.M. 2013).

7

testify that narcotics traffickers often secure locations such as houses or apartments to serve as a base for dealing narcotics." 51 F.3d 646, 651 (7th Cir. 1995). Here, the government's notices provided more information than at issue in *Jackson* and otherwise comply with Rule 16. The defendant has sufficient information to enable him to adequately prepare for cross examination of the witnesses.

> III. **Should the Court find the witnesses' testimony is properly classified as expert testimony and the government's notices are defective, the proper remedy is to order the government to correct any deficiencies in its notices.**

The government's expert witness notifications are not deficient. As stated above, the testimony the government expects to elicit from the witnesses described herein is not properly characterized as expert testimony under Fed. R. Evid. 702. However, out of an abundance of caution, the government provided notification of the subject of the witnesses' testimony, the bases and reasons for their opinions, if any, and their qualifications. However, should the Court find both that the witnesses will provide expert testimony and the government's notices were deficient, precluding the government from calling the witnesses, as suggested by the defense, is an extraordinary remedy and sanction under Rule 16.

Rule 16(d) provides the Court with a wide latitude of discretion in regulating discovery matters. If the Court finds a party failed to comply with Rule 16, the Court is authorized to: (a) order the offending party to permit the discovery or inspection at a time, place, and manner proscribed by the court; (b) grant a continuance; (c) prohibit that party from introducing the undisclosed evidence; or (d) "enter any other order that is just under the circumstances." In deciding an appropriate sanction for the offending party, the Court should consider three factors: (1) the reason for the deficiency; (2) the extent of prejudice suffered by the defense resulting from the deficiency; and (3) the feasibility of curing the prejudice with a sanction. See *United*

Case 2:19-cr-20052-JAR   Document 163   Filed 10/01/21   Page 9 of 11

*States v. Brown*, 592 F.3d 1088, 1090 (10th Cir. 2009) (finding government's notice of expert testimony related to fingerprint analysis that described one fingerprint found at crime scene but failed to include fourteen identical points of comparison or specifically describe the expert's methodology "substantially complied" with Rule 16). The least severe sanction should be imposed, so long as the sanction will accomplish prompt and full disclosure with the discovery order. *Id*.

The Tenth Circuit has explained that "[f]requently it will be found that the party who requested disclosure has not been prejudiced and that no sanction is needed." *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999) (quotations omitted). In *Charley*, the Tenth Circuit rejected the same sanction that Defendant is asking for here. The court noted that "the sanction requested by Defendant – exclusion of the witnesses' expert testimony – is almost never imposed in the absence of a constitutional violation of a statutory authority for such exclusion."

Defendant cites *United States v. Jenkins*, 2009 WL 3152189, at *2 (E.D. Tenn. Sept. 28, 2009), for the proposition that the Court should exclude the government's witnesses from testifying based upon the alleged deficient notice. However, the defendant fails to note that, while the *Jenkins* court found the government's notice was deficient in that particular case, the court declined to exclude the expert testimony, instead finding that a continuance in that case was the appropriate remedy. *Id*. at *4.

Here, even if the notices were defective, the government provided the defense enough information for it to properly prepare for cross examination. Defendant has not been prejudiced by the government's notices. Exclusion of the government's witnesses is unwarranted in this case. Defendant has failed to show otherwise.

IV.     Conclusion

Defendant's motion to exclude witness testimony should be denied. To the extent the witnesses qualify as experts under Rule 702, the government satisfied the notice requirements of Fed. R. Crim. P. 16.

Respectfully submitted,

*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas
500 State Ave., Suite 360
Kansas City, Kansas 66101
913-551-6604
Chris.Oakley@usoj.gov
Ks Bar No 19248

*/s/ Adam P. Barry*
Adam P. Barry
Benjamin J. Hawk
Trial Attorneys
National Security Division
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 1st day of October, 2021, I caused the foregoing response to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

                 */s/ Christopher Oakley*
                 D. Christopher Oakley
                 Assistant United States Attorney