# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                          Case No.  **19-20052-01-JAR**

**FENG TAO,**

      **Defendant.**

## MOTION TO CONTINUE TRIAL

COMES NOW the United States, by and through undersigned counsel, and hereby respectfully moves the Court to continue trial. As discussed below, the government recently learned that certain essential witnesses are unavailable or likely unavailable to testify at trial beginning on October 25, 2021. Notwithstanding Defendant's recently expressed willingness to continue the trial, he opposes the government's motion. The government offers the following in support of its motion:

    1.     Trial is scheduled to begin on October 25, 2021. A two-day motions hearing is set for October 14, 2021.

    2.     On September 29, 2021, the Department of Energy's Office of General Counsel (DOE-OGC) informed the government that two DOE-employee witnesses, who reside out of state, have expressed concerns about traveling during the pandemic for specific health-related

reasons. *See* Gov. Ex. A (Sealed[1]). The government is mindful of, and appreciates, the measures the Court will take to ensure the safety of jurors, counsel, and witnesses—including moving to a larger courtroom, providing protective barriers, and stringent cleaning protocols. As one might expect, other witnesses have expressed reluctance to appear during the pandemic, and the government has relayed the measures to those witnesses. However, the concerns of the two out-of-state witnesses are based upon individualized needs and largely relate to traveling during this time, not their physical appearance in court.

3. Additionally, on August 26, 2021, the government learned that a third witness employed by KU is undergoing surgery in October that will prevent the witness from testifying at trial on October 25, 2021. *See* Gov. Ex. B (Sealed).

4. Defendant is charged, among other things, with defrauding DOE and KU, and the witnesses are expected to provide essential testimony at trial. For example, all three witnesses communicated extensively with Defendant and will be able to authenticate, admit, and explain certain email evidence. Additionally, their testimony is important to proving materiality, a critical element of the charges in this case, and addressing anticipated defenses regarding Defendant's knowledge of his disclosure obligations and his performance at the University of Kansas.

5. The government requires a brief continuance to locate alternative witnesses, if any, or to conduct depositions pursuant to Fed. R. Crim. P. 15. A brief continuance may also allow for one or more of the witnesses to testify in person, depending on their individual circumstances.

---

[1] The government respectfully moves that these exhibits and further hearings that discuss the specifics of the exhibits be sealed to protect the privacy interests of the witnesses.

6. On September 29, 2021, the government contacted Defendant's counsel and explained the situation. Given Defendant's pending Rule 15 motion and the outstanding MLAA request, the government asked counsel if Defendant would be willing to join a motion to continue trial. On September 30, 2021, Defendant, through his counsel, indicated that he would object to a motion to continue.

7. As recently as ten days ago, on September 20, 2021, Defendant expressed his willingness to continue trial if the government found it necessary given his untimely *Franks* motion. *See* Def. Resp. to Mot. to Strike (Doc. 149) at 1 ("[T]he defense would agree to a continuance if the government finds it necessary."), 13 (again noting "the defense's willingness to accept a trial continuance, if required"); *see also* Aff. Peter Zeidenberg (Doc. 151), ¶ 36 ("[T]he defense continues to be amenable to continuing the trial date."); Def. *Franks* Mot. (Doc. 127) at 2 n.1 ("[T]he defense . . . understands that a continuance of trial may be necessitated by this motion."). He now objects to a continuance.

8. Notwithstanding his objection and knowledge of the witnesses' circumstances, on October 1, 2021, Defendant filed his witness list (Doc. 167). The three government witnesses are also identified as preliminary defense witnesses.

9. Section 3161(h)(7)(A), Title 18, United States Code, provides in relevant part that, when computing the time within which trial must commence, the Court shall exclude:

> Any period of delay resulting from a continuance granted by any judge . . . at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Section 3161(h)(7)(B) further provides four factors the Court should consider, among others. Those factors address whether failure to grant a continuance would result in a miscarriage of justice, whether the case is unusual or complex, and whether a failure to grant a continuance would unreasonably deny either party continuity of counsel, or would deny the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.     Here, the ends of justice are served by the granting of a continuance in this case. 18 U.S.C. § 3161(h)(7)(A). As discussed above, three essential government witnesses (also identified as preliminary defense witnesses) are unavailable or likely unavailable for trial. As of September 29, 2021, two of the witnesses expressed specific concerns for their health and well-being related to the travel necessary for them to testify at trial. Both witnesses are expected to introduce email evidence and will provide testimony to prove materiality, among other facts. The government learned on August 26, 2019, that the third witness is undergoing major surgery in October. While the government has been diligently working to advance this case to trial in the absence of the third witness to prevent any delay,[2] it has become increasingly clear that the witness's testimony is essential for multiple reasons including the expected defense in this case.[3] The witness's absence, coupled with the absence of two additional essential witnesses, would not

---

[2] The motions practice in this case, including recent motions *in limine*, as well as the government's filed exhibit and witness lists, demonstrate that the government is moving diligently towards trial.

[3] The government has repeatedly requested reciprocal discovery. On September 21, 2021, Defendant provided the government with a video of a University of Kansas awards ceremony where, as the government understands it, Defendant received an award in April 2019 related to his research. Defendant's counsel also indicated on September 21, 2021, that a "small production of documents" was forthcoming but has yet to provide the materials to the government.

be in the interests of justice and a continuance is justified.[4] *See United States v. Hill*, 197 F.3d 436, 443 (10th Cir. 1999) (concluding that a continuance granted by the district court properly qualified as an ends-of-justice continuance under the Speedy Trial Act, where, among other things, denial of the motion would have resulted in a miscarriage of justice by forcing the government to proceed without its key witness).

11.  Additionally, the Court may grant an ends-of-justice continuance on its own. 18 U.S.C. § 3161(h)(7)(A). As the Court is aware, on May 14, 2021, Defendant filed a motion pursuant to Rule 15 to depose four witnesses who are in China (Doc. 111). After extensive litigation, the government offered to submit an MLAA request related to the proposed depositions to facilitate approval from the Chinese government. That request was submitted on September 10, 2021. The government took that extraordinary step given the Court's materiality and unavailability findings under Rule 15 and Defendant's refusal to seek approval from the Chinese government through the channels available to him. As of the date of this filing, the government has not received a response from the Chinese government.

12.  Defendant has not sought a continuance related to his pending Rule 15 motion and the outstanding MLAA request and specifically objects to the instant motion. A continuance would allow for more time for the Chinese government to respond to the recent MLAA request and for the parties to work towards deposing the prospective defense witnesses if approved by the Chinese government.[5] Providing additional time to resolve the pending Rule 15 motion

---

[4] Moreover, while the government is not affirmatively seeking a continuance for purposes of continuity of counsel (as the government explained at the recent status conference), it is a proper basis for a continuance in addition to the reasons set forth herein.

[5] Given Defendant's objection to a continuance, if the Court denies the government's motion and trial commences on October 25, 2021, it is the government's position that Defendant has waived

would serve the ends of justice.

13. Accordingly, for the reasons set forth above, the government respectfully moves the Court to continue trial and to set a status conference as soon as possible.

Respectfully submitted,

*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas

*/s/ Benjamin Hawk*
Benjamin J. Hawk
Adam P. Barry
Trial Attorneys
National Security Division
U.S. Department of Justice

---

and forfeited any arguments with respect to his pending Rule 15 motion. Should the need arise, the government is prepared to brief the issues.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of October, 2021, I caused the foregoing motion to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

/s/ Christopher Oakley
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas