# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.            Case No.   <u>19-20052-01-JAR</u>

**FENG TAO,**

      **Defendant.**

## GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT

The United States of America, by and through its undersigned counsel, respectfully moves the Court for a pretrial conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III. In accordance with the CIPA procedures outlined herein, the government anticipates filing an *ex parte* motion, pursuant to Section 4 of CIPA, for *in camera* resolution of issues concerning specific classified information. The government does not anticipate using classified information affirmatively at trial, nor does the government anticipate providing classified information to the defense in this case, which would implicate other provisions of CIPA that are not otherwise discussed herein.

**I.**    <u>Overview of Relevant CIPA Provisions</u>

      The Supreme Court has acknowledged the importance of protecting the nation's secrets

from disclosure, noting that "[t]he Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence services." *CIA v. Sims*, 471 U.S. 159, 175 (1985); *accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." *United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973).

CIPA was enacted "to prevent the problem of 'graymail,' where defendants pressed for the release of classified information to force the government to drop the prosecution." *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988). Consequently, CIPA establishes a set of procedures by which courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases.[1] *See id*. These procedures "endeavor to harmonize a defendant's right to a fair trial with the government's right to protect classified information." *United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013).

Importantly, "CIPA does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence." *Sedaghaty*, 728 F.3d at 903; *see also United States v. Lustyik*, 833 F.3d 1263 (10th Cir. 2016) ("[CIPA] is a

---

[1] Under CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III, § 1(a). "National security" means the national defense and foreign relations of the United States. *Id.* at § 1(b).

2

procedural statute . . . that does not give rise to an independent right to discovery."). Rather, "it contemplates an application of the general law of discovery in criminal cases to the classified information area with limitations imposed based on the sensitive nature of the classified information." *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989) (explaining that the threshold for discovery in the context of classified information is whether information is at least "relevant and helpful to the defense of [the] accused"). Thus, CIPA does not, and was not intended to, "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." *United States v. Varca*, 896 F.2d 900, 905 (5th Cir. 1990).

      A.      <u>Section 2: Pretrial Conference</u>

Section 2 of CIPA authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution. 18 U.S.C. App. III § 2. No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. *See* S. Rep. No. 96-823, at 5–6 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298–99 (96th Cong. 2d Sess.). Where, as here, the government is seeking to protect classified information from unwarranted discovery, rather than make affirmative use of it, the conference serves to advise the Court of forthcoming *ex parte* motion practice. *Id*.

      B.      <u>Section 4: Protection of Classified Information</u>

Section 4 of CIPA governs how courts address and process pretrial matters concerning the discoverability of classified information in criminal cases. It expressly authorizes *ex parte* filings seeking *in camera* review of classified information that may be discoverable. *Sedaghaty*, 728 F.3d 908-909. Among other things, Section 4 permits the Court, "upon a sufficient

showing," to authorize the government "to delete specified items of classified information" from "discovery under the Federal Rules of Criminal Procedure."[2] 18 U.S.C. App. III, § 4. Rule 16(d)(1) of the Federal Rules of Criminal Procedure similarly provides that, "[u]pon a sufficient showing," a district court "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The legislative history of CIPA makes clear that Section 4 was "intended to clarify the court's powers under Fed. R. Crim. P. 16(d)(1) to deny or restrict discovery in order to protect national security." *Sedaghaty*, 728 F.3d at 904 (citing S. Rep. No. 96-823 at 6, *reprinted in* 1980 U.S.C.C.A.N. at 4299-4300). In essence, Section 4 allows the government to request that a court review, *ex parte* and *in camera*, classified information to determine whether it is discoverable and, if it is discoverable, to protect such information from disclosure. *See Id.* at 904.

    Defendants do not have a due process right to know or have access to the classified information in the government's possession that it seeks to delete from discovery. *United States v. Mejia*, 448 F.3d 436, 458 (D.C. Cir. 2006) (finding no constitutional bar to proceeding *ex parte* under CIPA § 4). Nor is defense counsel entitled to access that information simply because he or she holds a security clearance. *Sedaghaty*, 728 F.3d at 908-909. To the extent courts require a hearing to rule on a Section 4 motion, such a hearing should be *ex parte*. *See* H.R. Rep. No. 96-831, at 27 n.22 (1980) ("[S]ince the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules."); *see also United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) (citing *Yunis*, 867 F.3d at 620).

---

[2] Section 4 also permits the Court to authorize the government "to substitute a summary of the information for such classified documents" or "to substitute a statement admitting relevant facts that the classified information would tend to prove."

    C.    <u>Section 7: Interlocutory Appeal</u>

Section 7 of CIPA permits the United States to take an interlocutory appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. 18 U.S.C. App. III, § 7. Section 7 requires the court of appeals to give expedited treatment to any such interlocutory appeal. *Id.* If such appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. *Id.* Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. *Id.* at § 7(b). In sum, CIPA permits the government to make an informed decision concerning the costs of going forward with a prosecution involving classified information. *See United States v. Collins*, 720 F.2d 1195, 1196-97 (11th Cir. 1983).

**II.     Request to Designate Classified Information Security Officer**

In anticipation of the issues raised by this motion, the government requests that the Court designate a Classified Information Security Officer (CISO) pursuant to Section 2 of the Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States and promulgated pursuant to Section 9 of CIPA. That section provides that:

> In any proceeding in a criminal case or appeal therefrom in which classified information is within, or is reasonably expected to be within, the custody of the court, the court will designate a "classified information security officer." The Attorney General or the Department of Justice Security Officer will recommend to the court a person qualified to serve as a classified information security officer. This individual will be selected from the Litigation Security Group, Security and Emergency Planning Staff, Department of Justice, to be detailed to the court to serve in a neutral capacity.

Revised Security Procedures established under Pub. L. 96-456, 94 Stat. 2025 § 2. CISOs designated pursuant to this process are responsible for the security of all classified information in the Court's custody and assist the Court with appropriate security clearances for the Court's staff as well as the handling and storage of any classified materials including any pleadings or other filings related to CIPA proceedings. *Id*.

      The government recommends that the Court designate Matthew W. Mullery, Security Specialist, for the position of Classified Information Security Officer in the above-captioned case.  The government also recommends Security Specialists, Daniel O. Hartenstine, Winfield S. "Scooter" Slade, Daniella Medel, Carli V. Rodriguez-Feo, and Harry J. Rucker as alternate Classified Information Security Officers.

      Respectfully submitted,

*/s/ Adam P. Barry*
Adam P. Barry
Benjamin J. Hawk
Trial Attorneys
National Security Division
U.S. Department of Justice

*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas

## CERTIFICATE OF SERVICE

I hereby certify that on the October 28, 2021, I caused the foregoing response to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas
