## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-20052-JAR** |
| **FENG TAO,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

On October 1, 2021, the Government filed a Motion to Continue Trial (Doc. 169), asking the Court to continue the jury trial previously set for October 25, 2021, as three witnesses it claims are essential are unavailable, and to exclude time under 18 U.S.C. § 3161(h)(7), the ends-of-justice provision of the Speedy Trial Act.  Defendant Feng Tao, who is released on bond pending trial, opposes the motion and asserts his right to a speedy trial, but he did not file a response brief.  The Court heard oral argument on the Government's motion on October 6, 2021, and again on October 15, 2021.  As stated on the record, and explained below, the Court grants the Government's motion to continue the jury trial.  The Court resets the trial date in this case to April 18, 2022, and excludes from the Speedy Trial calculation the time from November 19, 2021, the date of this order, through April 18, 2022 under 18 U.S.C. § 3161(h)(7).

## I.    Background

Defendant is charged in a ten-count Second Superseding Indictment ("SSI") with seven counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and three counts of making false statements, in violation of 18 U.S.C. §§ 1001 and 2.  The Court previously described the facts alleged in the SSI in an order denying Defendant's motions to dismiss, so they are not repeated at

length here.[1]  In short, the SSI alleges that Defendant, a full-time professor and researcher at the

University of Kansas ("KU"), defrauded and made false statements to KU and the United States

government to obtain an annual salary from KU and federal grant funds from the U.S.

Department of Energy and the National Science Foundation.  He allegedly did so by concealing

his employment at Fuzhou University in the PRC and his PRC-funded research.

Defendant's trial was originally scheduled for October 25, 2021.  However, during a

hearing held on October 15, 2021, the Court concluded that beginning trial on October 25, 2021,

which was only ten days away, was no longer feasible for several reasons, including: (1) the

Government had serious witness problems; (2) the Government intended to file a motion under

Fed. R. Crim. P. 15 to take depositions of the three witnesses the Government says are essential

and unavailable for trial; (3) the Government did not have all the foreign-language documents

that it anticipates offering into evidence at trial translated into English; (4) Defendant needed

time to review the translations and ensure their accuracy; (5) Defendant's late-filed motion to

suppress required the Government, and the defense, to spend the majority of the last two months

leading up to trial litigating the motion; and (6) the Chinese government had not yet responded to

the request made by the Government on Defendant's behalf, pursuant to the Mutual Legal

Assistance Agreement ("MLAA") between the United States and the People's Republic of China

("PRC"), to conduct depositions of four prospective defense witnesses located in the PRC.  The

Court explained that "this case is not trial ready . . . .  The government would be prejudiced if I

called this case for trial on October 25th, and so would the defendant.  And I'm not going to do

it, so I'm going to grant a continuance."[2]  The Court then vacated the October 25, 2021 trial date

---

[1] *See* Doc. 99.

[2] Doc. 182 at 155:24–156:2.

and notified the parties by email that the tentative new trial date was December 6, 2021, a date

within Defendant's Speedy Trial period, and that an order was forthcoming.

Since then, the landscape of this case has further shifted.  On October 28, 2021, the

Government filed a motion for a pretrial conference pursuant to § 2 of the Classified Information

Procedures Act ("CIPA"), 18 U.S.C. app. 3.[3]  The Government notified the Court that it

anticipates filing an *ex parte* motion under CIPA § 4 seeking to withhold classified information

from discovery.  The Classified Information Security Officer ("CISO") designated for this case

will hand-deliver the Government's CIPA § 4 filing to the Court the week of December 6, 2021.

Moreover, on November 4, 2021, the Government filed a motion under Fed. R. Crim.

P. 15 seeking to take depositions of the three witnesses discussed in its motion for continuance as

well as two other witnesses located abroad.[4]  Defendant then moved to strike the Government's

Rule 15 motion on timeliness grounds.[5]  On November 9, 2021, the Court orally denied

Defendant's motion to strike and set a briefing schedule for the Government's Rule 15 motion.

The motion will be fully briefed by November 30, 2021—assuming neither party requests an

extension of time to respond or reply.

## II.    Legal Standard

The Speedy Trial Act is "designed to protect a defendant's constitutional right to a

speedy indictment and trial, and to serve the public interest in ensuring prompt criminal

proceedings."[6]  It requires that a defendant's trial commence within 70 days from the indictment

---

[3] Doc. 183.

[4] Doc. 186.

[5] Doc. 187.

[6] *United States v. Hill*, 197 F.3d 436, 440 (10th Cir. 1999).

or the initial appearance, whichever is later.[7]  But not every day counts toward that 70-day period.  As relevant here, under 18 U.S.C. § 3161(h)(7), "[a]ny period of delay resulting from a continuance granted by any judge," on the judge's own motion or upon request by either party, is excluded "if the judge granted such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[8]  In determining whether to grant an ends-of-justice continuance, the Court considers the factors listed in § 3161(h)(7)(B):

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[7] 18 U.S.C. § 3161(c)(1); *see also United States v. Lugo*, 170 F.3d 996, 1001 (10th Cir. 1999).

[8] 18 U.S.C. § 3161(h)(7)(A).

### III.    Analysis

The Court finds that the ends of justice served by granting a continuance in this case
outweigh the best interest of the public and Defendant in a speedy trial.[9]  Although this case has
not been designated as complex under 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that it
should be.  This is a single-defendant case, but the nature of the prosecution and the existence of
novel issues justify a complex-case designation.  As Defendant has stressed, discovery in this
case is voluminous, involving "hundreds of thousands of documents."[10]  And on October 15,
2021, defense counsel said that Defendant was "still getting government discovery."[11]  In
addition to voluminous discovery, this case is both unusual and highly complex because it
involves foreign evidence, including evidence that must be translated into English, and
information subject to CIPA that the Government seeks to withhold from discovery.[12]

At the October 15, 2021 hearing, it came to light that the Government did not have all the
foreign-language documents it intends to introduce at trial translated into English, and while
Defendant had received some translated documents from the Government, defense counsel had
not started the process of reviewing them.  As of the Government's last update to the Court, on
November 9, 2021, the translations were still in progress.  The Government said that it provided
defense counsel with about 38 translated documents earlier that day and that it had two
documents left to translate.  Defense counsel will need time to review the translations and ensure

---

[9] *See id.*

[10] Doc. 127 at 2 n.1.

[11] Doc. 182 at 157:7–10.  In fairness to Defendant, the Government should not produce any additional
discovery beyond the date of this order.

[12] The defense described this case as complex even before the Government indicated that information
subject to CIPA was involved.  *See* Peter Zeidenberg Aff., Doc. 151 ¶ 18 (stating that this is a "highly complex
case" that involves "hundreds of thousands of documents produced" by the Government in discovery); Doc. 149 at 3
(asserting there was good cause for the delay in filing Defendant's motion to suppress due to the "hundreds of
thousands of unsearchable documents[] and the complexities of this case").

their accuracy.  The Government also said that Defendant had provided it with some of his own translations, and its linguist was in the process of reviewing them.

Moreover, the Government has not yet filed its *ex parte* CIPA § 4 motion.  The Court designated a CISO and alternates for this case on November 15, 2021,[13] and the CISO will hand-deliver the Government's CIPA § 4 filing to the Court the week of December 6, 2021.  Once received, the Court will need to review the classified information at issue—a process that may require a court staff member to obtain security clearance.  The Government's invocation of CIPA may also trigger additional motion practice.  Given the complexity of this case and the voluminous discovery involved, the Court finds that it is unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act.[14]  Even if this case were not complex or unusual, the Court concludes that, based on the above, a continuance is necessary to ensure the parties the reasonable time necessary for effective preparation and to prevent a miscarriage of justice.[15]

Another reason that denying a continuance would produce a miscarriage of justice and deny the parties—particularly the Government—the reasonable time necessary to prepare effectively for trial is Defendant's late-filed motion to suppress.  On August 23, 2021, more than one year after the pretrial motions deadline and just two months before the long-set trial date, Defendant filed a motion to suppress evidence uncovered pursuant to two search warrants and requested an evidentiary hearing under *Franks v. Delaware*.[16]  Recognizing that the motion to suppress was late, Defendant stated he "underst[ood] that a continuance of trial may be

---

[13] Doc. 192.

[14] *See* 18 U.S.C. § 3161(h)(7)(B)(ii).

[15] *See id.* § 3161(h)(7)(B)(i), (iv).

[16] 438 U.S. 154 (1978); *see* Doc. 127.

necessitated by this motion."[17]  The Government then moved to strike from the record

Defendant's motion to suppress as untimely under Fed. R. Crim. P. 12.[18]  Both parties filed their

respective response briefs on September 20, 2021, the deadline set by the Court.  In his response

brief to the motion to strike, Defendant again said that he "would agree to a continuance if the

government finds it necessary."[19]  And defense counsel reiterated in a sworn affidavit, submitted

in support of Defendant's response brief, that "the defense continues to be amenable to

continuing the trial date."[20]  On October 14, 2021, the Court held an evidentiary hearing on

Defendant's motion to suppress.[21]  The Court then orally denied the motion as untimely and on

the merits.  As the Court explained on the record, Defendant had all the information he

reasonably needed to file it on time.  To the extent that Defendant felt he needed more time to

prepare the motion to suppress, he should have notified the Court and requested that it extend or

reset the deadline.  Defendant did not do that, and his motion to suppress took the Government

(and the Court) by surprise.

During the October 6, 2021 hearing on the Government's motion for continuance, the

Government argued that one reason an ends-of-justice continuance was warranted was to allow it

to "regain some of the lost time caused by" the late-filed motion to suppress.[22]  Despite

previously expressing his willingness to continue the trial on this ground, Defendant objected.

---

[17] Doc. 127 at 2 n.1.

[18] Doc. 141.

[19] Doc. 149 at 1; *see also id.* at 13.  The Court later denied the Government's motion to strike and explained that it would instead consider the timeliness arguments raised in the motion, as well as the response and reply briefs, in resolving Defendant's motion to suppress.

[20] Doc. 151 ¶ 36.

[21] As stated on the record at the October 14, 2021 hearing, the Court exercised its discretion and held an evidentiary hearing on Defendant's motion to suppress without deciding that he had made the showing required to constitutionally mandate one under *Franks*.  *See United States v. Herrera*, 782 F.3d 571, 573 (10th Cir. 2015).

[22] Doc. 177 at 5:1–2.

Defense counsel sought to clarify Defendant's position, explaining: "[W]e said . . . that if the government can't prepare for trial and a *Franks* hearing, then we would understand that and would not object to a continuance," but "the government didn't take us up on that offer. . . .  And now—now after all the briefs are filed, they're saying, oh, actually we do need that continuance."[23]  It bears noting, however, that the same day the Government filed its response brief, Defendant reiterated that he would agree to a continuance if the Government needed one.

Regardless of whether the briefs were filed before or after the Government requested a continuance, Defendant's late-filed motion to suppress put the Government in the position of needing to litigate the motion—which raised serious allegations against it—as it prepared for trial and met other pretrial deadlines, including filing and responding to motions in limine.  In addition to briefing the motion to suppress and the related motion to strike, the Government needed to prepare for the evidentiary hearing, which took place merely 11 days before the October 25th trial date and lasted over four hours.  There is nothing to suggest the Government could have anticipated that it would need to spend the bulk of the final two months before the long-set trial date litigating a motion to suppress.  And given the complex-case findings above and the extensive motions-in-limine practice, this was a significant drain on the parties' pretrial preparation time and resources.  The Court finds that without a continuance, Defendant's late-filed motion to suppress would deny the Government the reasonable time necessary to prepare effectively for trial, taking into account the exercise of due diligence, and would produce a miscarriage of justice.[24]

---

[23] *Id.* at 16:16–23.

[24] *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

Finally, the Court finds that granting a continuance will avoid a miscarriage of justice by providing a reasonable period of time for the Chinese government to respond to the MLAA request, recently submitted by the Government on Defendant's behalf, to conduct depositions of four prospective defense witnesses located in the PRC.  For context, Defendant filed a motion under Fed. R. Crim. P. 15 seeking to take depositions of four prospective witnesses in the PRC by remote means on May 14, 2021.  Defendant argued that the prospective witnesses' testimony was material because each would testify that he never accepted a position or worked at Fuzhou University, "belying the central allegations in the government's case against [him] and demonstrating his innocence as to all charges."[25]  But as explained more fully on the record and in the Court's November 9, 2021 Order on Defendant's Rule 15 motion, the PRC prohibits depositions from being taken within its borders for use in foreign courts without permission from Chinese authorities through the Hague Convention procedures.  While Defendant insisted there is a workaround for depositions taken by remote means, he failed to provide authority to support that assertion and conceded during the hearing on the Rule 15 motion that the prohibition might extend to remote testimony.

The Court told defense counsel that it would not issue an order granting Defendant permission to conduct depositions that appear to violate Chinese law.  The Government also raised legitimate concerns about the reliability of the proposed remote testimony.  Nonetheless, the Court considered possible solutions before ruling on the motion.  After it became clear that having the witnesses travel to a nearby location outside mainland China to sit for their depositions at a U.S. Consulate was not a viable alternative, the Government proposed as a solution to submit an MLAA request on Defendant's behalf to the Chinese government to

---

[25] Doc. 112 at 12.

conduct the depositions.  Defendant did not propose any alternative solution.  The Court thus concluded that the Government should confer with defense counsel and pursue the MLAA process, and "[i]f it turns out that it blows up the October 25th date, so be it," as "[Defendant]'s attempt to present a defense through these witnesses is more important than holding to a trial date."[26]  The Court also noted that while the original indictment was returned in 2019, Defendant did not file his Rule 15 motion—which presented legal and logistical obstacles—until almost two years later.  On September 10, 2021, the Government submitted the MLAA request to the Chinese government.[27]  After receiving several updates on the status of the MLAA request, the Court conditionally granted Defendant's Rule 15 motion upon the Chinese government approving the MLAA request at least 30 days before trial.  The Court finds that providing a reasonable period of time for the Chinese government to respond to the pending MLAA request to conduct the depositions will avoid a miscarriage of justice.[28]

For the foregoing reasons, the Court finds that the ends of justice served by a continuance outweigh the public's and Defendant's interests in a speedy trial.[29]

---

[26] Doc. 140 at 15:11–15; *see also id.* at 17:2–7.

[27] During the October 6, 2021 hearing, Defendant argued for the first time that the MLAA process was "a fruitless exercise."  Doc. 177 at 21:2–4.  As the Court previously explained, Defendant did not raise this futility argument before the Government submitted the MLAA request to the Chinese government, and Defendant failed to provide the Court with any viable alternative solution.

[28] The Government correctly noted during the October 6, 2021 hearing that 18 U.S.C. § 3161(h)(8) "permits the Court to exclude up to a year of delay if it finds that an official request for evidence, such as the MLA[A] request [the Government] submitted to the PRC government, has been submitted and that it reasonably appears that such evidence is in a foreign country."  *Id.* at 8:14–19.  But the Government overlooks that the Court may only exclude time under that provision "upon an application of a party."  18 U.S.C. § 3161(h)(8).  While the Court finds by a preponderance of the evidence that the Government submitted an MLAA request to the Chinese government to conduct depositions of four prospective defense witnesses in the PRC on September 10, 2021, and it reasonably appears that the evidence is in the PRC, *see United States v. Berganza Espina*, No. 4:19-CR-00228, 2021 WL 4943651, at *2 (E.D. Tex. Oct. 22, 2021) ("Evidence located in a foreign country may include a witness that a party requests to depose."), the Government has not, as of this writing, submitted any such application.

[29] *See* 18 U.S.C. § 3161(h)(7).

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion to Continue Trial (Doc. 169) is **granted**.  The Court resets the trial date to **April 18, 2022** and excludes from the Speedy Trial calculation the time from November 19, 2021, the date of this order, through April 18, 2022 under 18 U.S.C. § 3161(h)(7).  This case is hereby designated as complex for purposes of the Speedy Trial Act.

**IT IS SO ORDERED.**

Dated: November 19, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE