UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Plaintiff, ) | |
|   v. ) | Case No. 19-20052-JAR-JPO |
| ) | |
| FENG TAO ) | |
|     a/k/a "Franklin Tao," ) | |
| ) | |
|     Defendant. ) | |

**DR. FRANKLIN TAO'S REPLY TO THE GOVERNMENT'S
RESPONSE TO DR. TAO'S OBJECTIONS TO TRIAL CONTINUANCES**

On November 23, 2021, Dr. Franklin Tao filed objections to the Court's multiple continuances of the trial date and reiterated his request for a speedy trial. *See* Opp., ECF Nos. 199 (public version), 201 (sealed version) ("Objections"). On December 7, the government filed its response to the objections. ECF No. 207 ("Gov't Response").[1] Pursuant to the Court's December 1 order, ECF No. 205, Dr. Tao hereby responds to highlight certain glaring factual and legal errors that pervade the government's Response.[2]

First, the government argues that Dr. Tao's Objections are untimely. Gov't Response at 19. This argument is meritless. As an initial matter, Dr. Tao had already objected to the Court's continuances, as reflected in the government's Motion to Continue the October 25 trial date. ECF No. 169 at 1 (stating that Dr. Tao "opposes the government's motion"). Dr. Tao would have also filed a formal opposition to the motion, but the Court granted the government's Motion to Continue nine days before his deadline to respond. *See* 10/6/21 Hear'g Tr., ECF No. 177, at 30:13–17;

---

[1] The government's response also included its Reply in support of its Motion for Rule 15 depositions. That motion is now fully briefed and ripe for decision.

[2] Dr. Tao otherwise rests on his Objections.

1

Minute Order (Oct. 6, 2021), ECF No. 176; *see also* L.R. 6.1(d)(1) (14-day deadline to respond to non-dispositive motions). During the October 6 conference, moreover, Dr. Tao forcefully argued against the continuance requested by the government, and asserted that it would violate his Speedy Trial Act rights. *See, e.g.*, 10/6/21 Hear'g Tr., ECF No. 177, at 16:5–7, 17 ("[W]e think that continuing this case further would be a violation of the speedy trial; it would be over Dr. Tao's objection …."); *id.* at 17:7–9 ("[A]n ends of justice continuance would be unwarranted and a violation of the speedy trial."); *see also* Gov't Response at 21 (asserting that Dr. Tao "repeatedly ma[de] arguments against the motion [to continue] at oral argument"). Dr. Tao therefore timely objected to the Court's continuance of the October 25 trial date, and invoked his Speedy Trial Act rights, before the Court entered either order continuing the trial date.

Second, the government's argument that Dr. Tao's objections are untimely because they should be deemed a motion to reconsider mischaracterizes both the Objections and the record. The government's argument that Dr. Tao's November 23 Objections should be treated as a motion to reconsider the Court's continuance of the October 25 trial date is nonsensical; how could Dr. Tao ask the Court on November 23 to reconsider its first continuance and begin trial on October 25—a date that had passed nearly a month earlier? At best, the government could argue that the Objections were a motion to reconsider the Court's continuance of the December 6 trial date (as the Court appears to have construed the Objections), since that date was still two weeks away when Dr. Tao filed the Objections. But such a motion would *still be timely*. Even applying a 14-day deadline, which the government borrows from a civil rule,[3] Dr. Tao filed his Objections exactly 14 days after the Court indicated during the November 9 conference that it planned to continue the

---

[3] The government argues that motions to reconsider must be filed within 14 days under Local Rule 7.3, Gov't Resp. at 16, but it overlooks that this rule applies only to *civil* cases. *See* D. Kan. L.R. 7.5 ("D. Kan. Local Rules 7.1 through 7.6 apply to all motions in civil cases ….").

trial date. *See* 11/9/21 Hear'g Tr., ECF No. 197, at 7:18–8:17. Moreover, the Court did not announce a new trial date, or state its Speedy Trial Act findings in an order, until November 19. Memorandum & Order, ECF No. 195. The November 19 order and opinion was the first time the Court made its findings under the Speedy Trial Act, and Dr. Tao promptly filed his Objections four days later. The government's arguments that Dr. Tao's objections are untimely, or that he somehow forfeited his Speedy Trial rights or arguments, are therefore erroneous.

Third, the government's argument that Dr. Tao "fail[ed] to object" when the Court stated on November 9 that it planned to continue the trial date, Gov't Response at 19, 21, is unavailing because the Court also did not enter its order continuing the trial date, or state its findings in support of the continuance, until November 19. *See* Memorandum & Order, ECF No. 195. Dr. Tao could not have objected to findings on November 9 that the Court did not make until November 19. Nor did the Court hear argument on November 9 regarding its *sua sponte* determination to continue the December 6 trial date, and the parties were not prepared for such an argument, because the Court scheduled the conference to discuss the government's CIPA filing—not trial dates. *See* ECF No. 185. Dr. Tao's prompt Objections four days after the Court entered its findings on the record, and his continued requests for a speedy trial, were timely.

Fourth, even accepting the government's erroneous view of the record, the government's argument that Dr. Tao "forfeited" his right to a speedy trial misapprehends the Speedy Trial Act itself. "The Speedy Trial Act is designed to protect a criminal defendant's constitutional right to a speedy *trial and serve the public interest in bringing prompt criminal proceedings*." *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) (internal quotation marks omitted) (emphasis added). Thus, even when a defendant *supports* a continuance—rather than vigorously objecting to the continuances, as Dr. Tao has—it is well settled that "defense responsibility for continuances

3

does not unwind Speedy Trial Act violations." *Id.* at 1273. This is because the Act "was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'" *Id.* (quoting *Zedner v. United States*, 547 U.S. 489, 501 (2006)). In seeking to deny Dr. Tao his Speedy Trial Rights though a strained forfeiture argument, the government neglects to realize that the public also has an interest in a speedy trial. The government ignores this interest.[4]

## CONCLUSION

The inescapable truth is that Dr. Tao was ready and eager for trial on October 25, consistent with his Speedy Trial Act rights, while, despite 25 months of preparation time, the government was not. Rather than confront this truth, or defend the continuances, the government levels meritless procedural attacks against Dr. Tao's objections to the continuances. At the end of the day, the government may have received the continuances it needed to get ready for trial, but that does not change the fact that the continuances will deprive Dr. Tao of his Speedy Trial Act rights.

---

[4] Notably, the government's argument that if Dr. Tao "no longer wishes the Government to continue to request the depositions in the PRC pursuant to the MLAA process," the Court should "require Defendant to withdraw his Rule 15 motion," Gov't Response at 24, mischaracterizes the record. Dr. Tao moved to depose four witnesses in China who were ready and willing to be deposed remotely, and he asserted that he could do so without the express approval of the Chinese government through an MLAA request. ECF No. 112. The Court and government disagreed, and the Court directed the government to seek the Chinese government's permission for the depositions. The government then submitted an *ex parte* MLAA request to the Chinese government, which it refused to share with the defense. The defense never asked the government to submit the request, and Dr. Tao has always maintained that this unwarranted procedure is both unnecessary and highly unlikely to succeed. Dr. Tao's request for a speedy trial is also compatible with his Rule 15 motion, which never sought approval from the Chinese government. Had the Court allowed Dr. Tao's depositions to go forward as requested, he would have completed them well before the October 25 and December 6 trial dates. In short, Dr. Tao does not want the government's unnecessary, unilateral, *ex parte* MLAA request to delay Dr. Tao's trial, but he does not need to withdraw his Rule 15 motion.

Dated: December 13, 2021                                 Respectfully submitted,

/s/ Thomas H. Johnson
Thomas H. Johnson #13688
Petefish, Immel, Hird, Johnson,
Leibold & Sloan, LLP
842 Louisiana
Lawrence, KS 66044
Tel: (785) 843-0450
Fax: (785) 843-0407
tjohnson@petefishlaw.com

Peter Zeidenberg
Michael F. Dearington
Laura Zell
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
Peter.Zeidenberg@arentfox.com
Michael.Dearington@arentfox.com
Laura.Zell@arentfox.com

*Attorneys for Defendant Franklin Tao*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December, 2021, I electronically filed the foregoing brief to be filed with the Clerk of the Court using the CM/ECF system.

/s/ Thomas H. Johnson
Thomas H. Johnson