UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 19-20052-JAR-JPO |
| ) | |
| FENG TAO ) | |
| a/k/a "Franklin Tao," ) | |
| ) | |
| Defendant. ) | |

## DR. FRANKLIN TAO'S OPPOSITION TO THE GOVERNMENT'S MOTION TO TOLL THE SPEEDY TRIAL ACT

The Court should deny the government's motion to toll the Speedy Trial Act under 18 U.S.C. § 3161(h)(8). ECF No. 213. That provision permits the exclusion of time up to one year in the event the government makes an official request to a foreign country for evidence of an offense. It does not permit the exclusion of time, as the government claims here, when the government transmits a defendant's request for permission from a foreign government to depose foreign witnesses over the government's opposition. Even if the government's motion were proper, moreover, the government miscalculates the period that would be excludable. For these reasons, the Court should deny the government's motion as meritless.

### BACKGROUND

In May 2021, Dr. Tao moved under Rule 15 to depose four witnesses in China who refused to travel to the United States to attend trial. ECF No. 112. All four witnesses indicated that, if deposed, they would testify that Dr. Tao never took a job at Fuzhou University, rebutting a government allegation that is central to its case. *Id.* at 3–5. The government opposed the depositions, asserting that the expected testimony was "suspicious" and "utterly unreliable," not material or admissible, and would violate Chinese law absent permission by authorities there. ECF

1

No. 113 at 10–11, 13–14. During oral argument on July 23, 201, the Court stated that it was inclined to grant the motion, but still had concerns regarding whether the depositions would violate Chinese law. ECF No. 123 at 27–31.

On August 17, 2021, the Court held a status conference to further discuss Dr. Tao's motion for depositions. During the conference, the government stated that it still opposed Dr. Tao's motion, but given the Court's inclination to grant the motion, proposed that it ask the government of China for permission for the parties to conduct the depositions, to avoid the risk that a government official could be arrested or detained for violating Chinese law. ECF No. 140 at 5, 9–10, 11. The government indicated that it had no estimate of when the government of China would respond to the request.[1] The Court agreed with this approach and directed the parties to "proceed with the process" and "work together to get these papers submitted." *Id.* at 17.

Despite the Court's instruction to "work together" on the request, the government refused to show the defense a copy of the request, providing to the defense only language describing the requested depositions. The government also rejected the defense's edits to the language regarding its theory of the case, and refused the defense's request that the government include a copy of the indictment with the request for context. The government later indicated that it submitted the request on September 10, 2021. To date, the government has never showed Dr. Tao the request that the government submitted on his behalf.[2] The defense is unaware if the government of China

---

[1] The government had previously informed the Court that its "understanding from colleagues in the Office of International Affairs, based on their experience, [is that] it's unlikely for China to grant those requests." ECF No. 123 at 33.

[2] To date, the government has never presented evidence that it submitted the request, or the contents of the request, leaving open the possibility that it drafted the request in a way meant to encourage the government of China to deny it. During an October 15, 2021 hearing, the Court stated that "the government … needs to communicate clearly with the People's Republic of China that with respect to those four witnesses, that is, for a defendant in a criminal case; those witnesses are not government witnesses. And that is presumably favorable to Dr. Tao, who I believe is a

has acknowledged receiving the request or indicated that it is considering the request. The government subsequently took the position that Dr. Tao "waived and forfeited" his right to depose the witnesses when he demanded a speedy trial and objected to the government's continuance of the October 2021 trial date. ECF No. 5–6 n.5.

On November 9, 2021, the Court granted Dr. Tao's request to take depositions conditioned on the government of China's approval of the depositions 30 or more days before trial. ECF No. 188. The Court's conditional grant effectively denied Dr. Tao's motion for depositions through remote means without permission from the government of China. Since then, the government has never updated the defense about whether the request for permission has made any progress, whether it complied with the Court's instruction that it make clear to the Chinese government that the witnesses to be deposed are for the benefit of Dr. Tao, or whether it expects that the government of China will timely adjudicate the request.

## ARGUMENT

**I.  The Court should deny the government's motion because § 3161(h)(8) does not apply where the defense seeks permission from a foreign country to depose witnesses.**

Section 3161(h)(8) of the Speedy Trial Act permits the Court to exclude from the Speedy Trial Act calculation:

> Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

---

Chinese national. So that needs to be made clear to them." ECF No. 182 at 167. During the hearing, and since the Court's instruction, the government has provided no assurances that it properly communicated this information to the government of China.

18 U.S.C. § 3161(h)(8). In turn, § 3292(d) defines "official request" to mean "a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country." *Id.* § 3929(d).

The request for the government of China's permission for Dr. Tao to depose witnesses fails to satisfy the requirements of § 3161(h)(8) for three reasons. First, the request seeks only permission for Dr. Tao to take depositions and for the government to participate through cross-examination. It does not seek "evidence" that "is, or was, in [a] foreign country." 18 U.S.C. § 3161(h)(8). Evidence therefore consists of existing records. *See* 12 Cyc. of Federal Proc. § 48:38 (3d ed.) (noting that the district court must find "by a preponderance of the evidence, that a request has been made to a foreign government *for documents* relevant to a criminal prosecution and that it reasonably believes that such evidence is in that foreign country" in order to toll the Speedy Trial Act under § 3161(h)(8) (emphasis added)). It does not include a request for *permission* to conduct depositions in the future that could result in evidence, *i.e.*, future deposition testimony transcribed by a court reporter. The temporal limitations in § 3161(h)(8)—that the evidence "is" or "was" in a foreign country—reinforce this conclusion.

Were there any doubt, moreover, the legislative history of the provision makes clear that Congress intended for § 3161(h)(8) to apply only when the government requested *records* located in a foreign country. Indeed, the House Report accompanying the passage of the Comprehensive Crime Control Act of 1984 ("CCCA"), Pub. L. No. 98-473, discusses the addition of § 3161(h)(8) (then styled as § 3161(h)(9)) and explains that it aims to exclude delays while the government obtains foreign records, especially offshore banking records in tax and money laundering prosecutions:

> The purpose of the legislation is to make foreign-kept business records more readily admissible … and to extend statute of limitations and Speedy Trial Act deadlines when evidence located in foreign countries must be obtained. …
>
> [F]ederal prosecutors face serious difficulties in obtaining records from [offshore] banks in both the investigative and trial stages of a prosecution. …
>
> The procedures that must be undertaken in other countries in order to obtain the records generally take a considerable period of time to complete. Those procedures frequently permit the defendant to contest the United States prosecutor's request for the records, and often involve several levels of review. …
>
> The delays attending in obtaining the records from other countries create both statute of limitations and Speedy Trial Act problems. … If the records are needed for trial, the delay might prevent the prosecution from being able to start the trial within the time specified by the Speedy Trial Act, 18 U.S.C. Chapter 208.

H.R. REP. 98-907, 2, 1984 U.S.C.C.A.N. 3578, 3578–79. This legislative history emphasizes that § 3161(h)(8) is meant to facilitate the government's collection of *records* located in a foreign country, not seek permission to participate in depositions. *See id.*³

Second, the request for permission for Dr. Tao to take depositions does not seek evidence of an "offense." 18 U.S.C. § 3161(h)(8). Section 3172(2) defines "offense" to mean "any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress." 18 U.S.C. § 3172(2). Here, as the Court previously observed: "The Government does not dispute that [the expected deposition] testimony is exculpatory for Defendant." ECF No. 188 at 7. Indeed, the four witnesses in China are expected to testify that Dr.

---

³ The Court cited in a footnote in its November 19, 2021 continuance order, ECF No. 195 at 10 n.28, an unreported decision in the Eastern District of Texas, *United States v. Berganza Espina*, No. 4:19-cr-00228, 2021 WL 4943651, at *2 (E.D. Tex. Oct. 22, 2021), where the district court recently stated: "Evidence located in a foreign country may include a witness that a party requests to depose." *Id.* at *2. But *Berganza Espina* cites no authority for this proposition—and the defense is aware of none—and it is unclear from the record whether the parties even briefed this issue. The defense is unaware of a single case in the nearly 40 years since the CCCA's enactment, other than *Berganza Espina*, in which a court has reached this conclusion. Respectfully, for the reasons stated above, the court in *Berganza* was wrong. This may be why the *Berganza Espina* court omitted § 3161(h)(8) from its speedy trial findings two weeks later. *See* Order, *United States v. Berganza Espina*, No. 4:19-cr-228 (E.D. Tex. Nov. 3, 2021), ECF No. 47).

Tao never took a job in China, ECF No. 112 at 3–5, not provide testimony of an "offense" in violation of federal law. 18 U.S.C. §§ 3161(h)(8), 3172(2). Notably, the government's role in such depositions would be limited to cross-examining the witnesses, *see* Fed. R. Crim. P. 15(e)(2), and the government has never itself moved under Rule 15 to depose witnesses in China such that it could hypothetically collect evidence of an "offense." At bottom, the plain language and the legislative history of § 3161(h)(8) confirm that the provision was never meant to facilitate the government's collection of exculpatory evidence in a foreign country on behalf of the defense.

Third, the government's shielding of the request itself from the defense and the Court prevents the Court from making the necessary findings under § 3161(h)(8). The government has refused to produce its "official request" to the defense, and it failed to attach the request to its motion—unlike the government has done in other cases. *See, e.g.*, *United States v. Fahnbulleh*, 742 F. Supp. 2d 137, 149–50 (D.D.C. 2010) (quoting from the government's official request letter to the government of Liberia requesting evidence located there in finding that § 3161(h)(8) was satisfied), *aff'd,* 752 F.3d 470 (D.C. Cir. 2014); *United States v. McCrudden*, No. CR-11-061 DRH, 2011 WL 817417, at *1 (E.D.N.Y. Mar. 2, 2011) (quoting from the government's official request to the government of Singapore requesting evidence located there in finding that § 3161(h)(8) was satisfied). It has not even provided the request to the Court for *in camera* review. On this record, the Court cannot grant the government's motion, and its grant would deny Dr. Tao due process by making him argue without all necessary facts about the request itself. If the government wants to use the request to deny Dr. Tao and the public a speedy trial, it must file the request in the public record rather than hiding it—it cannot have it both ways.

Accordingly, for these reasons the Court should deny the government's motion.

## II. Even if § 3161(h)(8) applied, the Court should only exclude time between the date of its forthcoming order and February 19, 2022.

If § 3161(h)(8) did apply here, it would apply only from the date of the Court's forthcoming order to February 19, 2022, at which time the Court has said that depositions will not go forward if the government of China has not given permission for the depositions. The Court should reject the government's request to exclude time "from September 10, 2021, to March 21, 2022, or the taking of depositions … whichever comes first." ECF No. 213 at 1.

The first date that the Court can begin excluding time under a § 3161(h)(8) motion is the date of its forthcoming order. *See* 12 Cyc. of Federal Proc. § 48:38 (3d ed.) ("Time may not be excluded under the Speedy Trial Act under this exception until an order has been entered making a finding, by a preponderance of the evidence, that an official request had been made and that it reasonably appears the evidence is in a foreign country."); *cf. United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (Speedy Trial Act findings under § 3161(h)(7) must be "made contemporaneously with the granting of the continuance"). Indeed, § 3161(h)(8) states that time can be excluded only when "ordered by a court upon an application of a party" that meets the provision's requirements. 18 U.S.C. § 3161(h)(8). The provision includes no retroactive exclusions of time based on eleventh-hour motions by the government—which the government could have filed back in September 2021 when it submitted the request to the government of China—and Congress did not intend for the government to file surprise motions to exclude time that has already elapsed.

The last day the Court should exclude time in this case is February 19, 2022. This is because the Court's November 9, 2021 order states that it "conditionally granted" Dr. Tao's Rule 15 motion "upon the Chinese government approving the MLAA request at least 30 days before trial." ECF No. 195 at 10. Trial is currently set for March 21, 2022, which the Court stated is "a firm trial date,

7

and there will be no further" extensions. ECF No. 211. Thus, under the order, the depositions can occur only if the government of China grants Dr. Tao permission to take them at least 30 days before March 21, 2022, which is February 19, 2022. After February 19, 2022, the request to the government of China will be moot, there will be no cause for delay. In terms of the statute, because the Court will not allow depositions even if the Chinese government approves them after February 19, 2022, there is no "evidence" that can be obtained after that date. The Court should not permit a period of delay from February 20, 2022 to March 21, 2022 that serves no purpose.

Thus, even if the government could satisfy § 3161(h)(8)'s requirements, the maximum period of delay would be from the date of the Court's forthcoming order to February 19, 2022.

## CONCLUSION

As demonstrated in Dr. Tao's objections to the continuances in this case, ECF No. 199 at 24–29, the obtained a continuance of the trial date based on pre-textual reasons because it was not ready for trial. It is now attempting to squeeze a square peg into a round hole to fix these errors, by claiming that Dr. Tao's attempt to take depositions in a foreign country equates to a government request for evidence of an offense located in a foreign country. The Court should deny the government's motion as meritless.

Dated:  January 26, 2022 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Thomas H. Johnson
　　　　　　　　　　　　　　　　　　　　　　Thomas H. Johnson #13688
　　　　　　　　　　　　　　　　　　　　　　Petefish, Immel, Hird, Johnson,
　　　　　　　　　　　　　　　　　　　　　　Leibold & Sloan, LLP
　　　　　　　　　　　　　　　　　　　　　　842 Louisiana
　　　　　　　　　　　　　　　　　　　　　　Lawrence, KS 66044
　　　　　　　　　　　　　　　　　　　　　　Tel: (785) 843-0450
　　　　　　　　　　　　　　　　　　　　　　Fax: (785) 843-0407
　　　　　　　　　　　　　　　　　　　　　　tjohnson@petefishlaw.com

Peter Zeidenberg
Michael F. Dearington
Laura Zell
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000
Fax: (202) 857-6395
Peter.Zeidenberg@arentfox.com
Michael.Dearington@arentfox.com
Laura.Zell@arentfox.com

*Attorneys for Defendant Franklin Tao*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2022, I electronically filed the foregoing brief to be filed with the Clerk of the Court using the CM/ECF system.

/s/ Thomas H. Johnson
Thomas H. Johnson

9