## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**

**FENG TAO,**

       **Defendant.**

**Case No. 19-20052-JAR**

## MEMORANDUM AND ORDER

Defendant Feng Tao faces trial for wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and making false statements, in violation of 18 U.S.C. §§ 1001 and 2.  On October 1, 2021, the Government moved, over Defendant's objection, to continue the trial previously set for October 25, 2021, and to exclude time under the Speedy Trial Act.  After hearing oral argument, the Court stated that it would grant a continuance.  The Court later vacated the October 25, 2021 trial date and informed counsel by email that the tentative new trial date was December 6, 2021. Soon after, however, the Government invoked the Classified Information Procedures Act ("CIPA"), which governs the procedures for handling classified information in criminal proceedings.  On November 19, 2021, the Court issued a Memorandum and Order ("November 19 Order") continuing the trial to April 18, 2022, and excluding the period from November 19, 2021 through April 18, 2022 from the speedy trial calculation under the Speedy Trial Act's ends-of-justice provision, 18 U.S.C. § 3161(h)(7).[1]

Now before the Court is Defendant's "Objection to Continued Trial Date," which he tacked onto the end of his response brief (Doc. 199) opposing the Government's motion to

---

[1] Doc. 195.

depose witnesses under Fed. R. Crim. P. 15.  The only relief he seeks is for the Court to move up the trial date to December 6, 2021, or the earliest possible date after that.  But his "Objection" was not fully briefed until December 13, 2021, and one week later, the Court reset the trial for March 21, 2022.[2]  So, that request is moot.  The rest of this portion of Defendant's response brief objects to the Court's decision to continue the trial and the findings in the Court's November 19 Order.  Out of an abundance of caution, the Court liberally construes his "Objection" as a motion for reconsideration.  For the reasons explained below, the Court denies the motion.

## I.       Standard

Although the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration, they are proper in criminal cases.[3]  The Court has discretion to reconsider a decision if the moving party can establish "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice."[4]  But a motion for reconsideration is not a proper tool "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[5]

## II.      Discussion

To begin with, the Government argues that Defendant's motion for reconsideration is untimely.  "In the Tenth Circuit, a motion for reconsideration in a criminal case must be filed within the time period to file an appeal pursuant to Fed. R. App. P. 4(b), currently 14 days."[6]

---

[2] Doc. 211.

[3] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citing *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011)).

[4] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[5] *Id.*

[6] *United States v. Medina*, No. 14-CR-00396-PAB, 2017 WL 2718475, at *4 (D. Colo. June 22, 2017) (citing *United States v. Miller*, 869 F.2d 1421 (10th Cir. 1989)), *aff'd*, 918 F.3d 774 (10th Cir. 2019); *see also United States v. Fish*, No. 21-7044, 2022 WL 54432, at *1 (10th Cir. Jan. 6, 2022) ("Because [motions for reconsideration] are not based in the Federal Rules of Criminal procedure, no rule specifies a time limit within

The Government contends that Defendant's motion for reconsideration is untimely because he filed the motion more than 14 days after the Court first stated that it would continue the trial, which was on October 6, 2021, during a hearing on the Government's motion to continue.  The Government adds that Defendant also failed to file his motion within 14 days of October 15, 2021, the date of the second hearing on the Government's motion to continue, or October 21, 2021, the date the Court vacated the October 25, 2021 trial date.  But the Court did not issue its Memorandum and Order continuing the trial to April 18, 2022, under the Speedy Trial Act's ends-of-justice provision until November 19, 2021.  Defendant moved to reconsider merely four days later—on November 23, 2021.  His motion is timely.

But Defendant fails to show that reconsideration is warranted.  He begins by contending that the real reason the Government sought a continuance is because it was not ready for trial, an argument previously raised and rejected.  And he complains that the only reason he did not file a written response to the Government's motion to continue is because the Court first stated that it would continue the trial before the 14 days to file a response were up.  Neither of these grounds is a proper basis for reconsideration.

The other grounds that Defendant asserts for reconsideration are also unavailing.  In voicing his disagreement with the ends-of-justice findings in the Court's November 19 Order, Defendant maintains: (1) that the Court continued the trial due in part to the Government's failure to timely prepare for trial; (2) that his late-filed motion for *Franks* hearing and to suppress evidence cannot support an ends-of-justice continuance; (3) that the Court should not have designated this case as complex; (4) that the pending MLAA request to conduct depositions

which they must be brought.  Noting the serious problems that would inhere in allowing an unlimited time period for the filing of such motions, this court has held that motions for reconsideration in criminal proceedings must be brought within fourteen days, the outer limit for the filing of a notice of appeal in a criminal proceeding." (citing *Randall*, 666 F.3d at 1241–43)).

cannot support an ends-of-justice continuance; and (5) that the Court should have specified why it chose April 18, 2022 as the new trial date.  Defendant does not show an intervening change in the controlling law or newly discovered evidence.  Nor does he show a need to correct clear error or prevent manifest injustice.  Instead, he simply disagrees with this Court's November 19 Order and attempts to relitigate issues already resolved by the Court, without citing any law.  The Court therefore declines to reconsider the ends-of-justice findings in its November 19 Order, which it continues to find sufficient in any event.

Finally, Defendant suggests that the Court granted an ends-of-justice continuance not for the reasons provided in detail in its November 19 Order, but to accommodate another case and avoid presiding over this trial near the holidays, pointing to comments this Court made during a CIPA § 2 pretrial conference on November 9, 2021.  He is wrong.  At that pretrial conference, the Court informed the parties that the trial would not begin on December 6, 2021 and noted that it would instead preside over another criminal trial on that date in "a very simple case"—one that is not "complex . . . at all like [the Court] would now characterize this one."[7]  The Court also remarked that "[t]his case would have been difficult to shoehorn into December 6th anyway because it's an estimate[d] three weeks, and of course there's the holidays."[8]  The Court explained: "[S]eating a jury that would be willing to serve a three-week trial that begins on December 6th through the holidays . . . [would have been] very difficult.  I'm sure we could have accomplished it, but it would have probably taken some time to seat a jury."[9]  While the Court made these comments on November 9, 2021, the Court granted an ends-of-justice continuance until April 18, 2022, and stated the reasons for that continuance, in a comprehensive

---

[7] Doc. 197 at 7–8.

[8] *Id.* at 8.

[9] *Id.*

Memorandum and Order issued on November 19, 2021.  And neither accommodating another trial nor avoiding presiding over this one near the holidays was a basis for the Court's ends-of-justice findings.  Defendant's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Feng Tao's "Objection to Continued Trial Date" (Doc. 199), liberally construed as a motion for reconsideration, is **denied**.

**IT IS SO ORDERED.**

Dated: February 16, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE