# EXHIBIT C



**From:** Hawk, Benjamin (NSD) <​​​​​​​​​​​​​​​​​​​​​​​​​​​​>
**Sent:** Thursday, January 20, 2022 5:13 PM
**To:** Zeidenberg, Peter <​​​​​​​​​​​​​​​​​​​​​​​​​​>; Oakley, Chris (USAKS) <​​​​​​​​​​​​​​​​​​​>; Barry, Adam (NSD) <​​​​​​​​​​​​​​>
**Cc:** Dearington, Michael F. <​​​​​​​​​​​​​​​​​​​​​​​​​​>
**Subject:** RE: U.S. v. Tao

Peter and Mike,

While we don't agree with your assessment that the information is "clearly Brady evidence" in the *Tao* case, we are nonetheless producing the attached two DOE interview reports out of an abundance of caution. Note that we are producing the reports pursuant to the protective order, and we ask that you treat them accordingly. We will provide Bates numbered versions at a later time.

Regards,
Ben

---

**From:** Zeidenberg, Peter <​​​​​​​​​​​​​​​​​​​​​​​​​​>
**Sent:** Thursday, January 20, 2022 4:00 PM
**To:** Hawk, Benjamin (NSD) <​​​​​​​​​​​​​​​​​​​​​​​​​​>; Oakley, Chris (USAKS) <​​​​​​​​​​​​​​​​​​​>; Barry, Adam (NSD) <​​​​​​​​​​​​​​>
**Cc:** Dearington, Michael F. <​​​​​​​​​​​​​​​​​​​​​​​​​​>
**Subject:** [EXTERNAL] RE: U.S. v. Tao

Ben, Chris, Adam:
 I wanted to follow up on this request from last week for information regarding the DOE official who opined that the information the government alleged in the Gang Chen indictment would not have been material or required by DOE at the time it was submitted. In the Washington Post today, it was reported that:

Then, last week, prosecutors interviewed a senior Energy Department official, who, even more than the MIT administrators, was in a position to determine what disclosures were material on grant forms, the person said. That official confirmed that the 2017 form did not require disclosures of Chen's ties to the technology university or other Chinese government organizations and programs, the person said. A second person familiar with the situation described the conversation with the Energy Department official as key to the decision to drop the charges against Chen.

This is clearly Brady evidence in our case as well. Please let us know if you intend to provide this individual's identity as well as the MOI of his interview that led to the dismissal of the Chen case, and any other documents or communications at DOE analyzing the disclosure requirements with respect to foreign positions. If you do not intend to share this information, please let us know promptly so we can file the appropriate motion.

Regards,
Peter

**Peter Zeidenberg**
**Partner**

Arent Fox LLP | Attorneys at Law



**From:** Dearington, Michael F. <​​​​​​​​​​​​​​​​​​​​​​​​​​​​​​>
**Sent:** Friday, January 14, 2022 5:17 PM
**To:** Hawk, Benjamin (NSD) <B​​​​​​​​​​​​​​​​​​​>; Oakley, Chris (USAKS) <​​​​​​​​​​​​​​​​​​​​​​​​>; Barry, Adam (NSD) <​​​​​​​​​​​​​​​​​>
**Cc:** Zeidenberg, Peter <​​​​​​​​​​​​​​​​​​​​​​​​​>
**Subject:** U.S. v. Tao

Ben, Chris, and Adam,

We read in the Wall Street Journal today, with respect to the Gang Chen case, that a DOE official told prosecutors in recent weeks that the agency didn't believe Chen had an obligation to disclose his positions in China in grant applications submitted to DOE at the time, and didn't believe DOE would have withheld the grant if they had known about them.

We consider this type of information to be highly exculpatory to Dr. Tao, and request copies of the official's statement(s) referenced above, and any other documents or communications at DOE analyzing the disclosure requirements with respect to foreign positions. Please let us know at your earliest convenience whether you agree to conduct this search and production.

Thank you,

Mike

**Michael F. Dearington**
**Associate**
Read Our Investigations Blog

Arent Fox LLP | Attorneys at Law

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.