# EXHIBIT D

**From:** Zeidenberg, Peter
**Sent:** Thursday, February 3, 2022 12:37:29 PM
**To:** Hawk, Benjamin (NSD) Dearington, Michael F. Oakley, Chris (USAKS) Barry, Adam (NSD)
**Subject:** RE: U.S. v. Tao
**Importance:** Normal
**Sensitivity:** None

Ben,

Can you please let us know the government's position on this Brady request or, at least, when you will be giving us your position? Having to litigate and resolve a Motion to Compel will require a fair amount of time, and we will need this information in advance of trial, so we really do not have much time if the government will be objecting to this request.

Thanks,
Peter

**Arent Fox**
**Peter Zeidenberg**
PARTNER | ARENT FOX LLP



Smarter Service. On March 1, we will become ArentFox Schiff. Learn More

**From:** Hawk, Benjamin (NSD) < >
**Sent:** Tuesday, February 1, 2022 1:35 PM
**To:** Dearington, Michael F. < >; Oakley, Chris (USAKS) < >; Barry, Adam (NSD) < >
**Cc:** Zeidenberg, Peter < >
**Subject:** RE: U.S. v. Tao

Mike,

We received your email and will respond.

Regards,
Ben

**From:** Dearington, Michael F. < >
**Sent:** Tuesday, February 1, 2022 12:46 PM
**To:** Hawk, Benjamin (NSD) < >; Oakley, Chris (USAKS) < >; Barry, Adam (NSD) < >
**Cc:** Zeidenberg, Peter < >
**Subject:** [EXTERNAL] RE: U.S. v. Tao

Ben, Chris, and Adam,

Can you let us know whether you will agree to conduct the search we requested or when you will be able to let us know your position on this?

If we need to file a motion on this, we'd like to know sooner than later so that we're not jamming the Court as we get closer to trial.

Thanks,

Mike



**Smarter Service.** On March 1, we will become ArentFox Schiff. Learn More

**From:** Dearington, Michael F.
**Sent:** Friday, January 28, 2022 2:44 PM
**To:** Hawk, Benjamin (NSD) <████████████>; Oakley, Chris (USAKS) <████████████>; Barry, Adam (NSD) <████████████>
**Cc:** Zeidenberg, Peter <████████████>
**Subject:** U.S. v. Tao

Ben, Chris, and Adam,

We write to ask that the government conduct a search at NSF and DOE for emails and other documents that suggest that anyone at DOE or NSF thought that: (i) PI's were not required to disclose participation in a talent program, a foreign grant application, or a foreign affiliation or position with a university; (ii) the disclosure requirements were not clear as to whether these should be disclosed; or (iii) the disclosure requirements could benefit from revisions or clarifications in this regard. We think this is quintessential *Brady* material

As you may have seen, a January 25, 2022 article from *Science* (here) quoted the former DOE Office of Science head, Chris Fall, as stating that the types of collaborations alleged in Gang Chen's case—which are analogous to the ones the government alleges against Dr. Tao—were previously not on DOE's radar, and DOE's disclosure rules were instead focused on preventing "duplicative grants, where [DOE was] being asked to fund something that another federal agency was already supporting." In other words, DOE only cared about whether there were other federal grants that covered the same research—not foreign grant applications, affiliations, or talent plan participation. The latter disclosures were not required or material. The Andrew Schwartz interview in the Gang Chen case further confirms these points, and suggests that there will be email or other documentary evidence on these subjects.

As the article notes, it was not until Oct. 2020 that DOE began requiring disclosure of foreign collaborations in connection with grant applications. The article further states: "DOE made the revision after considerable internal discussions, recalls Fall, who notes that the new policy wasn't prescriptive. 'We didn't spell out what type of partnerships were allowed and which weren't,' he says. 'The office doesn't have the investigative resources to determine that." Given these revelations, we think our request above will result in substantial emails, memos, and other documents that are responsive to our request.

We request the same with respect to NSF, which has *twice* changed its disclosure requirements relevant here. For example, as Jean Feldman, NSF's Head of Policy stated in April 2020 in discussing the first set of revisions to the disclosure requirements, the concept that researchers must disclose grants made "directly to the individual," and not just to the "proposing organization," was "one of the biggest areas where there was a disconnect with universities and faculty regarding what NSF's expectation truly was." This demonstrates that personnel at NSF understood that the requirements were not clear, or made clear, to researchers. NSF revised its requirements in 2020, and again in Oct. 2021, with revisions to the bio-

sketch and current and pending support requirements. Given these developments, we think our request above will yield numerous responsive documents.

Please let us know at your earliest convenience whether you agree to conduct these searches.

Thanks,

Mike

**Michael F. Dearington**
Associate
 Read Our Investigations Blog



CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.