# EXHIBIT E



U.S. Department of Justice

National Security Division

*Counterintelligence and Export Control Section*　　　　　　　　　　　　　　　*Washington, D.C. 20530*

February 3, 2022

Peter Zeidenberg
Michael Dearington
Arent Fox LLP

RE:  *United States v. Feng Tao*
　　　 D. Kan. Case No. 19-20052-JAR

Dear Messrs. Zeidenberg and Dearington,

　　We received your January 28, 2022 email, which is attached hereto. In your email you ask that:

> the government conduct a search at NSF and DOE for emails and other documents that suggest that anyone at DOE or NSF thought that: (i) PI's were not required to disclose participation in a talent program, a foreign grant application, or a foreign affiliation or position with a university; (ii) the disclosure requirements were not clear as to whether these should be disclosed; or (iii) the disclosure requirements could benefit from revisions or clarifications in this regard.

You describe these materials as "quintessential Brady material."

　　In support of your request, you reference a January 25, 2022, article that discussed DOE policy changes in October 2020, which you characterize as "revelations," and public statements made by Jean Feldman of NSF in April 2020 about NSF's 2020 policy clarifications, which you characterize as "developments." You also reference a January 4, 2022, DOE interview report from the *Gang Chen* case, which the government produced out of an abundance of caution at your request, and claim that the report "further confirms" your points.

　　Respectfully, your request appears to be yet another tactical maneuver by the defense on the eve of trial. Any changes or clarifications to DOE and NSF policies in 2020 have no bearing

on the charges against Dr. Tao, and to the extent they arguably do, you already possess – and have possessed for quite some time – that publicly available information.

Contrary to your representations, the 2020 changes and clarifications to DOE and NSF policies are not recent revelations or developments. As you are aware, the defense addressed those exact same changes and clarifications during its February 2021 presentation to the government. As part of that presentation, among other things, you described the October 2020 DOE policy changes, the 2020 NSF policy clarifications, Jean Feldman's April 2020 presentation, and the December 2020 GAO Report on this topic as "newly discovered evidence" and argued that information warranted dismissal of the indictment. Your presentation is attached hereto for reference.

Moreover, the DOE interview report from the *Chen* case has no reasonable connection to the points you attempt to raise now. As you know, that interview addressed the application of the biosketch requirements set forth in a 2016 DOE Funding Announcement to the particular facts in that case, which are not analogous to the allegations here.

During the pendency of these proceedings, the government has produced extensive discovery, including the unambiguous policies and disclosure obligations that applied to Dr. Tao between 2017 and August 2019 and interview reports of DOE, NSF, and KU witnesses applying those requirements to the particular facts in this case. The government has also engaged in a good faith effort to cooperate with the defense and respond to any reasonable requests. As you know, in late 2020 and early 2021, the government responded to your various interrogatory-like requests for information related to DOE, NSF, and KU. That correspondence, which addressed, in part, DOE, NSF, and KU disclosure requirements, is attached hereto for reference.

To the extent the defense is seeking DOE and NSF internal deliberations concerning its policies, that information is immaterial to the charges in this case, and, regardless, it is plainly not in the possession of the prosecution team.

Please let us know if you have any questions or would like to discuss this topic further.

Sincerely,

Sincerely,
*/s/ Benjamin Hawk*
Benjamin Hawk
Adam P. Barry
Trial Attorneys
National Security Division
U.S. Department of Justice

*/s/ Christopher Oakley*
D. Christopher Oakley

Assistant United States Attorney
United States Attorney's Office for the
District of Kansas

▬▬▬▬▬▬▬▬▬▬▬▬

Enclosures

3