**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>   Plaintiff, )<br>  )<br> v. )<br>  )<br>FENG TAO )<br>  a/k/a "Franklin Tao," )<br>  )<br>   Defendant. ) | Case No. 19-20052-JAR-JPO |

**DEFENDANT DR. FRANKLIN TAO'S PROPOSED JURY INSTRUCTIONS
AND OBJECTIONS TO CERTAIN GOVERNMENT INSTRUCTIONS**

Pursuant to Federal Rule of Criminal Procedure 30, Local Rule 51.1, and Judge Robinson's Guidelines for Civil and Criminal Proceedings, Dr. Franklin Tao respectfully submits as Exhibit A jury instructions he proposes to be used at trial. This submission also contains Dr. Tao's objections to certain jury instructions proposed by the government.

Dr. Tao reserves the right to assert further arguments in favor of his proposed instructions or to modify his objections to the government's proposed instructions as warranted and appropriate, and to raise additional objections or grounds for objections to the government's proposed instructions even if not included herein.

For ease of reference, proposed instructions that quote the Tenth Circuit's Criminal Pattern Jury Instructions appear in regular font; and proposed instructions that derive from other authorities appear in green highlight. Instructions proposed by the government that do not quote the Tenth Circuit's Pattern Jury Instructions appear in gray highlight. The authorities and explanations for each proposed instruction or objection appear in footnotes.

**Exhibit A – Dr. Tao's Proposed Jury Instructions and Objections**

**Instruction No. \_\_**

Wire Fraud (18 U.S.C. § 1343)[1]

Dr. Tao is charged in Counts 1 through 6 with a violation of 18 U.S.C. section 1343.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of a scheme to defraud, and is the only type of scheme alleged in the indictment.[2]

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant devised or intended to devise a scheme to defraud KU, NSF, and DOE of money or property; specifically, to defraud KU of salary and to defraud DOE and NSF of grant funds;[3]

*Second*: the defendant acted with specific intent to defraud;

*Third*: the defendant used interstate or foreign wire communications facilities or caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme; specifically, that Dr. Tao transmitted or caused to be transmitted by wire communication in interstate and foreign commerce, writings, signs, and signals, to wit, the wire communications described below:[4]

| COUNT | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | November 11, 2017 | Email from Kansas to the Consulate General of the People's Republic of China in Illinois regarding TAO's travel to Fuzhou University |
| 2 | December 11, 2017 | Electronic submission of TAO's U.S. Department of Energy grant application from Kansas to a location outside Kansas |
| 3 | June 26, 2018 | Email from outside the United States to the University of Kansas regarding TAO's proposal for a collaborative |

---

[1] Tenth Circuit Criminal Pattern Jury Instructions § 2.57.

[2] Second Superseding Indictment ¶¶ 32, 41; *see also Kelly v. United States*, 140 S. Ct. 1565, 1571 (2020) ("The wire fraud statute thus prohibits only deceptive 'schemes to deprive the victim of money or property." (brackets omitted)); *accord Cleveland v. United States*, 531 U.S. 12, 26 (2000).

[3] Second Superseding Indictment ¶ 32.

[4] Second Superseding Indictment ¶ 42.

|   |   | research project with Fuzhou University |
|---|---|---|
| 4 | July 16, 2018 | Email from outside the United States, through Kansas, to the U.S. Department of Energy regarding TAO's updated current and pending support |
| 5 | September 25, 2018 | Electronic submission of TAO's 2019 Institutional Responsibilities form from Kansas to a location outside Kansas |
| 6 | March 17, 2019 | Email from outside the United States, through Kansas, to a location outside Kansas regarding TAO's application for National Natural Science Foundation of China funding |

*Fourth*: the scheme employed false or fraudulent pretenses, representations, or promises that were material.

For each count, the jury must unanimously agree that Dr. Tao committed wire fraud with respect to at least one of KU, NSF, or DOE in order to find the defendant guilty. If you find that the government has not proved any one of these essential elements beyond a reasonable doubt, you must acquit the defendant.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension to deprive them of money or property.[5]

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

What must be proved beyond a reasonable doubt is that the defendant devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of interstate wire communications[6] was closely related to the scheme, in that the

---

[5] *Kelly*, 140 S. Ct. at 1571 ("The evidence the jury heard no doubt shows wrongdoing—deception, corruption, abuse of power. But the federal fraud statutes at issue do not criminalize all such conduct. Under settled precedent, the officials could violate those laws only if an object of their dishonesty was to obtain the Port Authority's money or property.").

[6] Tenth Circuit Criminal Pattern Jury Instructions § 2.56.

defendant either wired something or caused to be wired something[7] in an attempt to execute or carry out the scheme.

Interstate wire communications include email and internet communications and other electronic transmissions between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Foreign wire communications include email and internet communications and other electronic transmissions between any part of the United States (including its territorial waters), and any other country (including its territorial waters).

**Dr. Tao Objects to the following instructions proposed by the government:**

Intent to defraud can be inferred from circumstantial evidence considered in its totality.[8] The government is not required to prove actual or contemplated harm or gain.[9] Rather, proof of actual or contemplated harm or gain is simply one means of establishing the necessary intent to defraud.[10]

The government does not have to prove each and every one of the details in the indictment concerning the precise nature of the alleged scheme.[11] What the government must prove is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or

---

[7] Tenth Circuit Criminal Pattern Jury Instructions § 2.56.

[8] **Objection:** By needlessly duplicating the Court's standard instruction regarding appropriate inferences, and tying it to a specific element (intent to defraud), the instruction amounts to an inappropriate comment on the evidence by the Court. The cases cited by the government do not support this instruction. In *United States v. Kalu*, 791 F.3d 1194, 1205 (10th Cir. 2015), the Court merely reviewed the weight of the evidence on plain-error review, rather than approving a jury instruction. And *United States v. Simpson*, 950 F.2d 1519, 1523-24 (10th Cir. 1991), involved a materially different and more balanced instruction than this one, which includes a cherry-picked piece of the instruction from *Simpson* that favors only the government.

[9] **Objection:** This instruction ignores the government's theory of the case, which is that Dr. Tao *successfully* defrauded KU, NSF, and DOE of salary and grant funds. *See, e.g.*, Second Superseding Indictment ¶ 32; *see also* Government Response to Motion to Dismiss, ECF No. 88 at 22 ("the defendant largely ignores the allegations that he unlawfully obtained hundreds of thousands of dollars in federal grant funds to perform research at KU and that some of that money was used to pay his six-figure salary"). The government clearly alleges that Dr. Tao's scheme to defraud was successfully completed when he received his salary and grant funds.

[10] **Objection:** Dr. Tao hereby incorporates the preceding objection by reference.

[11] **Objection:** This instruction is an incorrect statement of the law and will lead to juror confusion. It also invites a constructive amendment to the indictment or a variance, as jurors will be erroneously led to believe that the "precise nature of the alleged scheme" charged in the indictment does not matter. To the contrary, the government must prove the charged scheme beyond a reasonable doubt, and cannot switch its theory at trial.

fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.[12]

Each separate transmission by wire communication in interstate or foreign commerce for the purpose of carrying out the scheme is a separate violation of the wire fraud statute. An interstate or foreign wire transmission is considered to be "for the purpose of carrying out the scheme" so long as the transmission is incident to the accomplishment of an essential part of a scheme.[13] An interstate or foreign wire communication need not itself be false or deceptive, nor necessary or even helpful for the success of the scheme.[14]

---

[12] **Objection:** The government's use of "or intended to device a scheme" is at odds with its allegations and theory of the case. As noted above, the government does not merely allege that Dr. Tao devised a scheme to defraud without successfully carrying it out. It contends that he successfully defrauded KU, NSF, and DOE. The "or intended to devise a scheme" language is inconsistent with that theory.

[13] **Objection:** This instruction is unduly suggestive in that it cherry-picks quotations that are favorable to the government regarding this element from *United States v. Redcorn*, 528 F.3d 727, 738-39 (10th Cir. 2008), which will be viewed by the jury as a comment by the Court that the government's tenuous connection between the uses of the wires and the alleged scheme is sufficient to convict.

If the Court were to accept this skewed instruction, Dr. Tao requests that the Court also provide the following instructions that support his theory of the case: (i) "It is therefore not correct … that use of the wires is illegal if at all 'in relation to' a scheme to defraud." *Id.* at 741. (ii) "This requirement must be met 'as conceived by the perpetrator at the time' of the offense." *United States v. Weiss*, 630 F.3d 1263, 1269 (10th Cir. 2010). (iii) A use of the wires that is "not necessary in maintaining the ongoing viability of defendant's fraud" is not in furtherance of the scheme to defraud. *United States v. Cardall*, 885 F.2d 656, 682 (10th Cir. 1989). (iv) A use of the wires that merely furthers the underlying conduct that a person is charged with failing to disclose is not in furtherance of the fraud scheme. *United States v. Warme*, No. 09-CR-19A, 2010 WL 125846, at *2 (W.D.N.Y. Jan. 7, 2010). (v) A use of the wires that increases the probability that a defendant will be detected and apprehended is not in furtherance of the fraud scheme. *United States v. Maze*, 414 U.S. 395, 403 (1974); *Redcorn*, 528 F.3d at 742 (use of the wires was not in furtherance of fraud scheme because it made the fraud scheme "more, not less, obvious"). (vi) A use of the wires that conflicts with, rather than promotes, a scheme to defraud is not in furtherance of that scheme. *United States v. Castile*, 795 F.2d 1273, 1278 (6th Cir. 1986).

[14] **Objection:** The first part of the instruction – that the use of the wire need not itself be false – is inconsistent with the government's allegations and theory of the case. The government contends that at least four of its six wire fraud counts were false and deceptive. This instruction appears to depart from those allegations. The second clause of the statement is a plainly erroneous statement of law that is unsupported by the authorities cited by the government. The use of the wire must be "for the purpose of executing [the] scheme." 18 U.S.C. § 1343. Informing the jury that the use of the wire did not even need to be "helpful" to the scheme is contrary to this critical element or, at best, will confuse the jury and cause it to erroneously conclude that any use of the wire in relation to the alleged fraud scheme satisfies this element.

The government need not prove that the alleged scheme to defraud actually succeeded in defrauding anyone.[15]

**Instruction No. __**

Intent to Defraud – Defined

To act with "intent to defraud" means to act willfully with intent to deceive or cheat ordinarily for the purpose of causing financial loss to another or bringing about financial gain to one's self.[16]

**Instruction No. __**

Object of a Scheme to Defraud

The wire fraud statute does not criminalize dishonesty or deceit. Nor is it designed to punish all acts of wrongdoing or dishonorable practices, even if they are improper, objectionable, or even despicable.[17]

To convict Dr. Tao of wire fraud, the object of the defendant's scheme must have been to obtain money or property. Simply depriving KU, NSF, or DOE of information that could help them perform regulatory functions is not sufficient for a finding of guilt unless the object of the scheme was to deprive them of money or property.[18]

---

[15] **Objection:** This instruction is at odds with the government's allegations and theory of the case. As noted above, the government does not merely allege that Dr. Tao devised a scheme to defraud without successfully carrying it out. It contends that he successfully defrauded KU, NSF, and DOE. The "or intended to device a scheme" language is inconsistent with that theory.

[16] Jury Instructions, Instruction No. 23, *United States v. Laverne*, 2010 WL 2768789 (W.D. Okla. May 18, 2020).

[17] *Kelly*, 140 S. Ct. at 1571 ("The evidence the jury heard no doubt shows wrongdoing—deception, corruption, abuse of power. But the federal fraud statutes at issue do not criminalize all such conduct. Under settled precedent, the officials could violate those laws only if an object of their dishonesty was to obtain the Port Authority's money or property."); *United States v. Connolly*, 24 F.4th 821, 834 (2d Cir. 2022) ("In *Fasulo v. United States*, 272 U.S. 620 (1926), the Court noted that a mail fraud prosecution is not warranted by the mere fact that the defendant's conduct was improper, objectionable, or even despicable.").

[18] *Kelly*, 140 S. Ct. at 1568–69 ("The realignment of the toll lanes was an exercise of regulatory power—something this Court has already held fails to meet the statutes' property requirement."); *id.* at 1572 ("But that realignment was a quintessential exercise of regulatory power. And this Court has already held that a scheme to alter such a regulatory choice is not one to appropriate the government's property." (citing *Cleveland*, 531 U.S. at 23)).

==In addition, to convict Dr. Tao of wire fraud you must find that any losses of money or property by KU, NSF, or DOE were the object of the scheme, and not simply an incidental byproduct of the alleged scheme, even if foreseen.==[19]

### Instruction No. __

### False Statements (18 U.S.C. § 1001(a)(2))[20]

Dr. Tao is charged in Counts 7 and 8 with a violation of 18 U.S.C. section 1001(a)(2).

This law makes it a crime to knowingly and willfully make a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant made a false, fictitious, or fraudulent statement or representation to the government; specifically, ==for Count 7, that Dr. Tao made a false statement in his 2019 Institutional Responsibilities form, submitted on September 25, 2018, by falsely representing to KU that he had no conflicts of time or interest;==[21] ==and for Count 8, that Dr. Tao made a false, fictitious, or fraudulent statement on July 16, 2018 by representing to DOE in connection with a grant application that he was only receiving, and expected to receive, funding from U.S. Government agencies;==[22]

*Second*: ==with respect to each count,== the defendant made the statement knowing it was false;

*Third*: ==with respect to each count==, the defendant made the statement willfully, that is deliberately, voluntarily and intentionally;

*Fourth*: ==with respect to each count==, the statement was made in a matter within the jurisdiction of the executive branch of the United States; ==specifically, for Count 7, the alleged false statement was made in a matter within the jurisdiction of DOE and NSF; for Count 8, the alleged false statement was made in a matter within the jurisdiction of DOE==;[23] and

---

[19] *Kelly*, 140 S. Ct. at 1573–74 ("[A] property fraud conviction cannot stand when the loss to the victim is only an incidental byproduct of the scheme. … This case is no different. The time and labor of Port Authority employees were just the implementation costs of the defendants' scheme to reallocate the Bridge's access lanes. Or said another way, the labor costs were an incidental (even if foreseen) byproduct of Baroni's and Kelly's regulatory object. … The cost of the employee hours spent on implementing that plan was its incidental byproduct.").

[20] Tenth Circuit Criminal Pattern Jury Instructions § 2.46.1.

[21] Second Superseding Indictment ¶ 44.

[22] Second Superseding Indictment ¶ 46.

[23] Second Superseding Indictment ¶¶ 44, 46.

*Fifth*: with respect to each count, the statement was material; specifically, for Count 7, the alleged false statement was material to DOE and NSF; for Count 8, the alleged false statement was material to DOE.[24]

For Count 7, which allege a false statement as to the lack of a conflict of time and a lack of a conflict of interest, the jury must unanimously agree as to which statement is false in order to find the defendant guilty.[25]

A "false statement or representation" is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue when made or when used.[26]

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the executive branch agency; specifically, for Count 7, NSF and DOE; and for Count 8, DOE.[27]

It is not necessary that the agency was in fact influenced in any way.

**Dr. Tao Objects to the following instructions proposed by the government:**

A false statement or representation falls within the jurisdiction of the executive branch when it concerns the authorized functions of a federal agency or department, rather than matters peripheral to the business of that body.[28] The false statement or representation need not be made

---

[24] Second Superseding Indictment ¶¶ 44, 46.

[25] *United States v. Schulte*, No. 10-CR-00455-WYD, 2012 WL 1672897, at *2 (D. Colo. May 14, 2012) ("The jury was also instructed that they must unanimously agree which statement is false."), *aff'd,* 741 F.3d 1141 (10th Cir. 2014).

[26] Jury Instructions, Instruction No. 34, *United States v. Schulte*, No. 10-cr-00455, WYD (D. Colo. Feb. 29, 2012), ECF No. 261-4.

[27] Second Superseding Indictment ¶¶ 44, 46.

[28] **Objection:** This instruction provides an incomplete statement of the law. The government cites *United States v. Wright*, 988 F.2d 1036, 1038 (10th Cir. 1993), for this proposition, but omits the first sentence from *Wright* that the government's instruction is meant to modify: "Thus, an agency has jurisdiction under section 1001 'when it has the power to exercise authority in a particular situation.' A false statement falls within that jurisdiction when it concerns the 'authorized functions of an agency or department,' rather than "matters peripheral to the business of that body." *Wright*, 988 F.2d at 1038 (emphasis added). To the extent the Court permits this instruction, it should provide the complete statement of the law, including the first sentence. Taking just the government's instruction, DOE would arguably have jurisdiction when a person who jaywalks in front of a DOE vehicle and denies it in a dispute with the DOE driver. DOE does not have "power to exercise authority" over the jaywalker's statement, and thus it is not a statement in DOE's jurisdiction, even if it "concerns the authorized function" of DOE because it concerns a DOE driver attending to agency duties. The government's instruction obscures the controlling principle that the agency must have the power, under statute, to exercise authority in the particular situation – and not just that the statement "concerns" an agency authority.

directly to the agency or department, and the government need not prove that the defendant had actual knowledge of the federal jurisdiction.[29]

### Instruction No. __

Materiality

For purposes of all counts, deciding whether a statement is material requires the determination of at least two subsidiary questions of purely historical fact: (a) "what statement was made?" and (b) "what decision was the agency trying to make?" and (c) "whether the statement was material to the decision" based on the standard of materiality herein as applied to these historical facts.[30]

Not every misrepresentation presented to a governmental decisionmaker is inherently material. A statement might be false, but still incapable of affecting anything, in which case it is not material.[31]

### Instruction No. __

Jurisdiction of Executive Branch

A matter is "within the jurisdiction of the executive branch of the United States," specifically NSF or DOE, if NSF and DOE have a statutory basis to request the information, or when it has the power to exercise authority in a particular situation, but not when the matter is

---

[29] **Objection:** These instructions are unduly suggestive and at odds with the government's theory and allegations. The government contends that the false statements were not just false statements, but were also made as part of a scheme to defraud DOE and NSF, such that Dr. Tao allegedly knew each of his statements would be material to a decision of DOE and NSF to provide grant funding. This instruction, which suggests that Dr. Tao may not have known the alleged false statements were made within DOE's and NSF's jurisdictions, is inconsistent with the allegation that Dr. Tao knowingly and willfully used false statements to defraud DOE and NSF.

[30] *United States v. Finn*, 375 F.3d 1033, 1038 (10th Cir. 2004) ("Deciding whether a statement is 'material' requires the determination of at least two subsidiary questions of purely historical fact: (a) 'what statement was made?' and (b) 'what decision was the agency trying to make?' The ultimate question: (c) 'whether the statement was material to the decision,' requires applying the legal standard of materiality ... to these historical facts." (quoting *United States v. Gaudin*, 515 U.S. 506, 512 (1995))); *accord United States v. Williams*, 934 F.3d 1122, 1128 (10th Cir. 2019); *United States v. Schulte*, 741 F.3d 1141, 1153 (10th Cir. 2014).

[31] *United States v. Johnson*, 19 F.4th 248, 258–59 (3d Cir. 2021) ("In short, the problem with the Government's proof is that not every misrepresentation presented to a governmental decisionmaker is inherently material.' A statement might be false, but still incapable of affecting anything, as seen in the Tenth Circuit's decision in *United States v. Camick*, 796 F.3d 1206 (10th Cir. 2015)).

peripheral to NSF or DOE business.³² NSF and DOE do not have a statutory basis to request information in KU Conflict of Interest forms.³³

**Instruction No. __**

Knowingly & Willfully

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.³⁴

The term "willfully," as used in these instructions to describe the alleged state of mind of the defendant means that he knowingly performed an act or acted deliberately and intentionally and "on purpose" as contrasted with accidentally, carelessly, or unintentionally.³⁵

**Instruction No. __**

Breach of Contract Is Not Fraud

The government alleges that Dr. Tao violated certain grant funding requirements. Breach of contract and even a fraudulent breach of contract is not a crime.³⁶ Thus, even if you find beyond a reasonable doubt that Dr. Tao or KU breached a contract with NSF or DOE, that would not

---

³² *United States v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 753 (10th Cir. 1992) ("In *Rodgers* the Supreme Court has found jurisdiction under § 1001 when there is either a statutory basis for an agency or departments request for information, or when the agency or department 'has the power to exercise authority in a particular situation.'" (citation and internal quotation marks omitted).

³³ *See generally* U.S. Code. *Compare* Motion to Dismiss, ECF No. 82 at 34 (arguing that "the Indictment does not, and cannot, allege that there is a 'statutory basis' for NSF or DOE to 'request' the Conflict of Interest forms submitted by Dr. Tao to KU."), *with* Government Response to Motion to Dismiss, ECF No. 88 at 35–39 (providing no response to this argument).

³⁴ Tenth Circuit Criminal Pattern Jury Instructions § 1.37; Second Superseding Indictment ¶ 41 (alleging that Dr. Tao "knowingly" committed wire fraud).

³⁵ Jury Instructions, Instruction No. 35, *United States v. Schulte*, No. 10-cr-00455, WYD (D. Colo. Feb. 29, 2012), ECF No. 261-4; Second Superseding Indictment ¶¶ 44 & 46 (alleging that Dr. Tao "willfully" made false statements)

³⁶ *United States v. Chandler*, 388 F.3d 796, 803 (11th Cir. 2004) ("The defendants requested several jury instructions. First, they asked the court to instruct the jury that mere violation of a contract is not a criminal offense. The government agreed that breach of contract does not support a mail fraud conviction. The court agreed to give the instruction."); *United States v. Berheide*, 421 F.3d 538, 540 (7th Cir. 2005) ("[B]reach of contract is not a crime.").

constitute wire fraud unless the government also proves beyond a reasonable doubt each of the elements set forth above for the wire fraud counts.

<strong>Instruction No. __</strong>

Ambiguity of Alleged Disclosure Requirements

The government bases all of its counts on its allegation that Dr. Tao was required to report certain information in his KU Institutional Responsibilities form and on grant paperwork submitted to NSF and DOE.[37]

Because the government must prove beyond a reasonable doubt that Dr. Tao made false statements and acted knowingly, willfully, and with intent to defraud, if you find that any ambiguity exists in the 2019 KU Institutional Responsibilities form or in an alleged NSF and DOE disclosure requirement at issue, the government bears the burden to negate any reasonable interpretations of such Institutional Responsibilities form and NSF and DOE disclosure requirements that would make Dr. Tao's statements factually correct. If the government does not prove beyond a reasonable doubt that Dr. Tao's alleged false statements at issue in Counts 1 through 8 are incorrect under all reasonable interpretations of the disclosure requirements, Dr. Tao is not guilty of such count(s).[38]

---

[37] Second Superseding Indictment ¶¶ 39, 42, 44, 46.

[38] In *United States v. Schulte*, 741 F.3d 1141, 1153 (10th Cir. 2014), the Tenth Circuit stated the following requirement:

> In cases arising under 18 U.S.C. § 1001, which criminalizes making false statements to a government agency, the government bears the burden to negate any reasonable interpretations that would make a defendant's statement factually correct where reporting requirements are ambiguous.... It necessarily follows that, where the evidence supports a defendant's position, <u>the jury must be instructed concerning reasonable interpretations of ambiguous requirements and the government's ensuing burden.</u>

*Id.* (quoting *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994)). The Tenth Circuit in *Migliaccio* stated that this requirement also applies to fraud cases. *See Migliaccio*, 34 F.3d at 1525 ("This reasoning applies equally well to the false statement element of mail fraud. It necessarily follows that, where the evidence supports a defendant's position, the jury must be instructed concerning reasonable interpretations of ambiguous requirements and the government's ensuing burden.").

**Instruction No. __**

Good Faith – A Complete Defense[39]

The good faith of the defendants is a complete defense to all of the charges, as good faith is, simply, inconsistent with intent to act criminally, to defraud or willfulness, which are essential elements of the charges.

A person who acts, or causes another person to act, on a belief or an opinion honestly held by him at the time of the alleged acts, or pursuant to a belief honestly entertained by him at the time of the alleged acts, is not punishable under these statutes merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of intent to act criminally, or with specific intent to do something the law forbids.

These statutes are written to subject to criminal punishment only those people who knowingly participate in a crime and/or knowingly defraud or attempt to defraud. While the term "good faith" has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

Evidence that the defendant under consideration acted in good faith may be considered by you, together with all the other evidence, in determining whether or not he knowingly committed any of the underlying charges contained in this indictment.

It is your duty to give separate consideration of any such evidence as it pertains to each defendant and as it pertains to each count. Please remember that the burden of proof rests with the government. A defendant is under no burden to prove his good faith; rather, the government must prove criminal intent beyond a reasonable doubt.

**Instruction No. __**

Paperwork Reduction Act – A Complete Defense[40]

The government has alleged that Dr. Tao failed to make certain required disclosures in paperwork submitted electronically to KU, DOE, and NSF.[41] The Paperwork Reduction Act prohibits any federal agency from imposing paperwork requirements on the public that request

---

[39] Jury Instructions, Jury Instruction No. 34, *United States v. Wittig*, 2005 WL 5660153 (Sept. 15, 2015), ECF No. 528-1 (Robinson, *J.*).

[40] 44 U.S.C. § 3512(a) provides: "(a) Notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information that is subject to this subchapter if – (1) the collection of information does not display a valid control number assigned by the Director in accordance with this subchapter; or (2) the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number." *Id.*

[41] Second Superseding Indictment ¶¶ 42, 44, 46.

information to be provided directly or indirectly to a federal agency (an "information collection request"), unless the federal Office of Management and Budget (OMB) has approved the information collection request.[42] A federal agency's request for information in the form of a grant proposal; information about a researcher's appointments, awards, affiliations, grant applications, or grants or other research support or funding; information about a researcher's institutional responsibilities or possible conflicts of interest; or information about grant performance or progress reports, are all government information collection requests.[43]

The Paperwork Reduction Act protects any individual who fails to comply with a government information collection request (1) if the form, email, or other document requesting the information does not display a valid OMB control number on it, or (2) when the agency fails to inform the person who is to respond to the collection of information that such person is not required to respond to the collection of information unless it displays a valid control number. The

---

[42] The first purpose of the Act is to "minimize the paperwork burden for individuals, small businesses, educational and nonprofit institutions, Federal contractors, State, local and tribal governments, and other persons resulting from the collection of information by or for the Federal Government." 44 U.S.C. § 3501(1). The term "burden" is defined to include "time, effort, or financial resources expended by persons to generate, maintain, or provide information to or for a Federal agency, including the resources expended for-- (A) reviewing instructions; … (E) completing and reviewing the collection of information; and F) transmitting, or otherwise disclosing the information." *Id.* § 3502(2). As the Supreme Court explained in *Dole v. United Steelworkers of Am.*, 494 U.S. 26, 32, 37 (1990), "The Paperwork Reduction Act was enacted in response to one of the less auspicious aspects of the enormous growth of our federal bureaucracy: its seemingly insatiable appetite for data. … Agencies are also required to minimize the burden on the public to the extent practicable." *Id.*; *see also United States v. Neff*, 954 F.2d 698, 699 (11th Cir. 1992) ("Congress enacted the PRA to limit as much as practical federal agencies' information requests that burden the public.").

To that end, the Act prohibits federal agencies from *inter alia*, "conduct[ing] or sponsor[ing] the collection of information unless in advance of the adoption or revision of the collection of information – (1) the agency has – (C) submitted to the Director [of OMB] the certification required under section 3506(c)(3), the proposed collection of information, copies of pertinent statutory authority, regulations, and other related materials as the Director may specify; and … (2) the Director has approved the proposed collection of information or approval has been inferred, under the provisions of this section; and (3) the agency has obtained from the Director a control number to be displayed upon the collection of information." *Id.* § 3507.

[43] The Act defines "collection of information" to mean "the obtaining, causing to be obtained, soliciting, or requiring the disclosure to third parties or the public, of facts or opinions by or for an agency, regardless of form or format, calling for either – (i) answers to identical questions posed to, or identical reporting or recordkeeping requirements imposed on, ten or more persons, other than agencies, instrumentalities, or employees of the United States …." 44 U.S.C. § 3502(3); *see also Dole*, 494 U.S. at __ ("Typical information collection requests include tax forms, Medicare forms, financial loan applications, job applications, questionnaires, compliance reports, and tax or business records. These information requests share at least one characteristic: The information requested is provided to a federal agency, either directly or indirectly." (citation omitted)).

Paperwork Reduction Act provides a complete defense from prosecution or penalties in these circumstances for the failure to comply with a government information collection request.[44]

If you find that an information collection request in this case meets the condition in either (1) or (2) above, you must acquit Dr. Tao of any count that is based on such failure to comply with the government information request.

**Instruction No. __** [if applicable]

Evidence of Good Character[45]

Dr. Tao has offered evidence of someone's opinion as to his good character. You should consider such evidence along with all the other evidence in the case.

Evidence of good character may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of good character would commit such a crime. Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You should always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Instruction No. __** [if applicable]

Evidence of Reputation for Honesty[46]

The defendant has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of

---

[44] 44 U.S.C. § 3512(a); *id.* § 3512(b) ("(b) The protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto."); *see also United States v. Hicks*, 947 F.2d 1356, 1359 (9th Cir. 1991) ("Where an agency fails to follow the PRA in regard to an information collection request that the agency promulgates via regulation, at its own discretion, and without express prior mandate from Congress, a citizen may indeed escape penalties for failing to comply with the agency's request.").

[45] Tenth Circuit Criminal Pattern Jury Instructions § 1.09.

[46] Tenth Circuit Criminal Pattern Jury Instructions § 1.09.1.

a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

You will always bear in mind, however, that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Dr. Tao Objects to the following instructions proposed by the government:**

During this trial, you have heard sound recordings of certain conversations in the Mandarin and Sichuan dialects of the Chinese language. You were provided with English transcripts of those conversations. The parties have stipulated to the accuracy of the English transcripts of each of the Mandarin and Sichuan recordings which were prepared by qualified experts in the area of Mandarin and Sichuan interpretation and translation. With respect to the recordings that were in the Mandarin and Sichuan dialects, you should not rely in any way on any knowledge you may have of the languages spoken on the recordings. Your consideration of the transcripts should be based on the evidence introduced in the trial.[47]

Dated:  March 7, 2022                                                          Respectfully submitted,

/s/ Thomas H. Johnson
Thomas H. Johnson #13688
Petefish, Immel, Hird, Johnson,
Leibold & Sloan, LLP
842 Louisiana
Lawrence, KS 66044
Tel: (785) 843-0450
Fax: (785) 843-0407
tjohnson@petefishlaw.com

Peter Zeidenberg
Michael F. Dearington
Laura Zell
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Tel: (202) 857-6000

---

[47] **Objection:** The parties have agreed that many translations are substantially correct, but continue to negotiate regarding the correctness of other translations, which remain in dispute. An instruction similar to this one may be appropriate if the parties can agree as to all translations. Otherwise, the translator's expertise and abilities may be an issue in dispute at trial, rendering portions of this instruction that comment on such qualifications inappropriate.

Fax: (202) 857-6395  
Peter.Zeidenberg@arentfox.com  
Michael.Dearington@arentfox.com  
Laura.Zell@arentfox.com  

*Attorneys for Defendant Franklin Tao*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ Thomas H. Johnson  
Thomas H. Johnson