**INSTRUCTION NO. \_\_\_\_**

During this trial, you have heard sound recordings of certain conversations in the Mandarin and Sichuan dialects of the Chinese language. You were provided with English transcripts of those conversations. The parties have stipulated to the accuracy of the English transcripts of each of the Mandarin and Sichuan recordings which were prepared by qualified experts in the area of Mandarin and Sichuan interpretation and translation. With respect to the recordings that were in the Mandarin and Sichuan dialects, you should not rely in any way on any knowledge you may have of the languages spoken on the recordings. Your consideration of the transcripts should be based on the evidence introduced in the trial.

# INSTRUCTION NO. \_\_\_\_[1]

The defendant is charged in counts One to Six with violations of 18 U.S.C. § 1343.

This law makes it a crime to use interstate wire communication facilities in carrying out a scheme to defraud. A scheme to obtain money or property by means of false or fraudulent pretenses, representations, or promises is a specific type of a scheme to defraud.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  the defendant devised or intended to devise a scheme to defraud, as alleged in the indictment;

*Second*:  the defendant acted with specific intent to defraud;

*Third*:  the defendant used interstate or foreign wire communications facilities or caused another person to use interstate or foreign wire communications facilities for the purpose of carrying out the scheme; and

*Fourth*:  the scheme employed false or fraudulent pretenses, representations, or promises that were material.

A "scheme to defraud" is conduct intended to or reasonably calculated to deceive persons of ordinary prudence or comprehension.

A "scheme to defraud" includes a scheme to deprive another of money or property.

An "intent to defraud" means an intent to deceive or cheat someone. **Intent to defraud can be inferred from circumstantial evidence considered in its totality.[2] The government is not required to prove actual or contemplated harm or gain.[3] Rather, proof of actual or contemplated harm or gain is simply one means of establishing the necessary intent to**

---

[1] Pattern Crim. Jury Instr. 10th Cir. 2.57 (2021) (Wire Fraud) (modifications in bold).

[2] *United States v. Kalu*, 791 F.3d 1194, 1205 (10th Cir. 2015) ("[F]raudulent intent is difficult to prove with direct evidence" and, thus, "it may be inferred from circumstantial evidence considered in its totality."); *United States v. Simpson*, 950 F.2d 1519, 1523-24 (10th Cir. 1991) (approving of similar intent instruction: "Intent may not ordinarily be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind.").

[3] Fed. Crim. Jury Instr. 7th Cir. 1341 & 1343 (2020 ed.) ("The [mail; interstate carrier; wire] fraud statute can be violated whether or not there is any [loss or damage to the victim of the crime; gain to the defendant]."); *United States v. Welch*, 327 F.3d 1081, 1105 (10th Cir. 2003) (holding that proof of actual or contemplated harm or gain is not required).

**defraud.**[4]

A representation is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.

A representation would also be "false" when it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with intent to defraud.

A false statement or omission is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

**The government does not have to prove each and every one of the details in the indictment concerning the precise nature of the alleged scheme. What the government must prove is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.**[5]

**Interstate wire communications include email and internet communications and other electronic transmissions between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.**[6] **Foreign wire communications include email and internet communications and other electronic transmissions between any part of the United States (including its territorial waters), and any other country (including its territorial waters).**

**Each separate transmission by wire communication in interstate or foreign commerce for the purpose of carrying out the scheme is a separate violation of the wire fraud statute.**[7] **An interstate or foreign wire transmission is considered to be "for the purpose of carrying out the scheme" so long as the transmission is incident to the**

---

[4] *Welch*, 327 F.3d at 1105 ("The notion of harm . . . is important only in the sense that proof of contemplated or actual harm . . . is one means of establishing the necessary intent to defraud. . . . Like proof of harm, proof of potential, actual, or contemplated gain simply is one means of establishing the necessary intent to defraud."); *Simpson*, 950 F.2d at 1523-24 (approving of similar jury instruction: "You may consider any facts and circumstances in evidence which indicate the defendant's state of mind.").

[5] Pattern Crim. Jury Instr. 10th Cir. 2.56 (2021) (Mail Fraud) (modified).

[6] Pattern Crim. Jury Instr. 10th Cir. 1.39 (2021) (modified)

[7] Pattern Crim. Jury Instr. 11th Cir. OI O51 (2020) ("Each separate use of the interstate [wire] [radio] [television] communications as part of the scheme to defraud is a separate crime."); *United States v. Kennedy*, 64 F.3d 1465, 1476 (10th Cir.1995) ("The statute clearly contemplates a separate mail fraud count each time the mail is used to help execute the fraudulent scheme-not each time a misrepresentation is made."); *United States v. Wolf*, 561 F.2d 1376 (10th Cir. 1977) ("Each use of the mails is a separate and distinct offense.").

**accomplishment of an essential part of a scheme.[8] An interstate or foreign wire communication need not itself be false or deceptive, nor necessary or even helpful for the success of the scheme.[9]**

To "cause" interstate **or foreign** wire communications facilities to be used is to do an act with knowledge that the use of the wire facilities will follow in the ordinary course.

**The government need not prove that the alleged scheme to defraud actually succeeded in defrauding anyone.[10]**

---

[8] *United States v. Redcorn*, 528 F.3d 727, 738-39 (10th Cir. 2008) ("The defendant need not have made the transmission personally, merely caused it to be made. It need not be at the heart of a scheme, nor necessary or even helpful for its success; it need not itself be false or deceptive. Rather, as we have said, a transmission is considered to be for the purpose of furthering a scheme to defraud so long as the transmission is incident to the accomplishment of an essential part of a scheme.") (internal quotation marks omitted).

[9] Pattern Crim. Jury Instr. 5th Cir. 2.57 (2019) ("It is also not necessary that the government prove that the material transmitted by wire [radio] [television] communications was itself false or fraudulent, or that the use of the interstate [foreign] wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud."); Pattern Crim. Jury Instr. 11th Cir. OI O51 (2020) ("It also doesn't have to prove that the material transmitted by interstate [wire] [radio] [television] was itself false or fraudulent; or that using the [wire] [radio] [television] was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the [wire] [radio] [television]."); *Redcorn*, 528 F.3d at 738-39.

[10] Fed. Crim. Jury Instr. 7th Cir. 1341 & 1343 (2020 ed.) ("The government need not prove that the scheme to defraud actually succeeded."); Pattern Crim. Jury Instr. 5th Cir. 2.57 (2019) ("The alleged scheme need not actually succeed in defrauding anyone."); Pattern Crim. Jury Instr. 11th Cir. OI O51 (2020) ("And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone."); *Pasquantino v. United States*, 544 U.S. 349, 371 (2005) ("The wire fraud statute punishes the scheme, not its success."); *United States v. Yost*, 24 F.3d 99, 103-04 (10th Cir. 1994) ("Additionally, as the district court pointed out, it is not necessary that a scheme to defraud actually succeed to support a mail fraud conviction."); *United States v. Kelley*, 929 F.2d 582, 585 (10th Cir. 1991) ("The gist of . . . mail fraud . . . is devising and executing, or intending to execute, a scheme to defraud, and the ultimate success or failure of the scheme is immaterial. In other words, the government does not have to prove that the [mail-fraud] victim suffered actual pecuniary loss from the scheme."); *United States v. Hathaway*, 798 F.2d 902, 912 (6th Cir. 1986) (approving similar jury instruction: "It is not necessary that the government prove . . . that the alleged scheme actually succeeded in defrauding anyone."); *Butler v. United States*, 53 F.2d 800, 804 (10th Cir. 1931) ("If a defendant devises a scheme to defraud, and uses the mails in the execution thereof, the crime is complete. Whether the scheme succeeds or not, whether any one is defrauded or not, whether the defendant personally profits or hopes to profit or not – are all nonessential details.").

# INSTRUCTION NO. \_\_\_\_[11]

The defendant is charged in Counts Seven and Eight with violations of 18 U.S.C. § 1001(a)(2).

This law makes it a crime to knowingly and willfully make a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States, or to cause someone else to do so.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: the defendant made, or caused to be made, a false, fictitious, or fraudulent statement or representation to the government, as alleged in the indictment;

*Second*: the defendant made the statement knowing it was false;

*Third*: the defendant made the statement willfully, that is deliberately, voluntarily and intentionally;

*Fourth*: the statement was made in a matter within the jurisdiction of the executive branch of the United States; and

*Fifth*: the statement was material to the U.S. Department of Energy or the National Science Foundation.

**A false statement or representation falls within the jurisdiction of the executive branch when it concerns the authorized functions of a federal agency or department, rather than matters peripheral to the business of that body.[12] The false statement or representation need not be made directly to the agency or department, and the government need not prove that the defendant had actual knowledge of the federal jurisdiction.[13]**

---

[11] Pattern Crim. Jury Instr. 10th Cir. 2.46.1 (2021) (modifications in bold).

[12] *United States v. Wright*, 988 F.2d 1036, 1038 (10th Cir. 1993) (quoting *United States v. Rodgers*, 466 U.S. 475, 479 (1984)); *United States v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 753 (10th Cir. 1992).

[13] *Wright*, 988 F.2d at 1038 (affirming conviction of defendant who filed false reports with state agency, where the reports contained data regulated by the federal government); *United States v. Meuli*, 8 F.3d 1481, 1484-85 (10th Cir. 1993) ("The false statement need not be made directly to the agency or department, and the government need not prove that the Defendant had actual knowledge of the federal agency jurisdiction.") (citing *United States v. Yermian*, 468 U.S. 63, 69 (1984) and *United Sates v. Wolf*, 645 F.2d 23, 25 (10th Cir. 1981)); *Wolf*, 645 F.2d at 25 (affirming conviction of defendant who provided false certification to oil company regulated by the federal government).

A fact is "material" if it has a natural tendency to influence or is capable of influencing a decision of the U.S. Department of Energy or the National Science Foundation.

It is not necessary that the U.S. Department of Energy or the National Science Foundation was, in fact, influenced in any way.