# UNITED STATES DISTRICT COURT

## District of Kansas

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                         **Case No.  19-20052-01-JAR**

FENG TAO,

        Defendant.

## GOVERNMENT'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through undersigned counsel, submits the following objections to Defendant's proposed jury instructions. Doc. 248.[1]

### 1.  Defendant's Proposed Instructions 1-3: Wire Fraud

To the extent Defendant's proposed instructions include language not found in Pattern Instruction 2.57 (Wire Fraud) or the Government's proposed instructions, the Government objects.[2] Specifically, the Government objects to the following language:

---

[1] Because the proposed jury instructions filed by Defendant are different than the ones provided to the Government for its consideration, the Government will rely on and cite to the defense's filing.

[2] The Government filed separate proposed instructions because the parties could not reach agreement. Doc. 249.

A.      **Defendant's Proposed Instruction 1: Wire Fraud**

Regarding Defendant's first proposed instruction, Doc. 248 at 2, it is the Government's position that the Court should simply refer the jury to the "scheme to defraud, as alleged the indictment." Additionally, since the Court will instruct the jury that they "must be convinced that the government has proved each [element] . . . beyond a reasonable doubt" there is no need to instruct the jury again that they must acquit if they do not find that the government proved any element beyond a reasonable doubt. *Id.* at 3.

The Government further objects to Defendant's request for a specific unanimity instruction with respect to the victims of his scheme to defraud, which reads in relevant part: the jury must unanimously agree that Dr. Tao committed wire fraud with respect to at least one of KU, NSF, or DOE." *Id.* Defendant is charged with a single scheme to defraud, not three, and the unit of prosecution for wire fraud is each use of the wires in furtherance of that scheme, not the scheme itself. *See United States v. Kennedy*, 64 F.3d 1465, 1476 (10th Cir.1995) ("The statute clearly contemplates a separate mail fraud count each time the mail is used to help execute the fraudulent scheme-not each time a misrepresentation is made."); *see also United States v. Fredette*, 315 F.3d 1235, 1244 (10th Cir. 2003) (addressing sentencing enhancements in prosecution involving single scheme to defraud more than one victim). Defendant offers no legal authority to support his position, and in fact, the Tenth Circuit has held otherwise in a similar situation. *See United States v. Haber*, 251 F.3d 881, 888-89 (10th Cir. 2001) (holding that district court did not err when refusing to instruct jury that it "must unanimously agree as to whether there was a scheme to defraud *or* a scheme to obtain money by false pretenses") (emphasis in original).

**B.      Defendant's Proposed Jury Instruction 2: Intent to Defraud**

First, the Government objects to Defendant's inclusion of "willfully" in the definition of "intent to defraud." Doc. 248 at 6. Intent to defraud does not equate to willfulness, and willfulness is otherwise not an element of wire fraud. Second, the Government objects to Defendant's language that a scheme to defraud is "ordinarily for the purpose of causing financial loss to another or bringing about financial gain to one's self." *Id*. The Tenth Circuit's pattern instruction sufficiently defines a "scheme to defraud" as "a scheme to deprive another of money [or] property" and "intent to defraud" as "intend to deceive or cheat someone."

**C.      Defendant's Proposed Jury Instruction 3: Object of a Scheme**

The Government objects to Defendant's third proposed instruction regarding the object of a scheme to defraud. Doc. 248 at 6-7. Defendant's proposed instruction that "wire fraud . . . does not criminalize dishonesty or deceit" is misleading. *Id.* at 6. As set forth in the Tenth Circuit's pattern instructions, the Government must prove "intent to defraud," which means "intent to deceive or cheat someone," and that the scheme "employed false or fraudulent pretenses, representations or promises that were material." Thus, under the law, wire fraud does criminalize dishonesty and deceit as it relates to a scheme to defraud using the wires. Defendant's instruction also inappropriately suggests to the jury that they should consider "punish[ment]." *Id.*

Additionally, the Government objects to the language that "[s]imply depriving KU, NSF, or DOE of information that could help them perform regulatory functions is not sufficient." *Id.* The indictment clearly alleges that the object of Defendant's scheme was to obtain money or property, including grant funds and a salary. The Government did not allege that Defendant deprived KU, NSF, or DOE of information. Defendant raised this same argument in his motion to dismiss, and it was resolved at that time. Doc. 99. The Court should reject his attempt to

relitigate the issues.

Defendant provides no citations to courts that have approved such an instruction, and the cases he does cite are inapplicable. In *Kelly v. United States*, 140 S. Ct. 1565, 1572 (2020), the Supreme Court analyzed whether a particular scheme to defraud was directed at property. The facts in that case are not analogous to the facts here, as the Government explained in its response to Defendant's motion to dismiss. Doc. 88 at 22-23 ("There are no ephemeral regulatory interests or licenses at stake here; the indictment alleges a scheme to obtain money."); Doc. 99 at 7-11 (rejecting Defendant's arguments). Simply put, this case does not involve government regulatory schemes, licenses, or honest services. *Cleveland v. United States*, 531 U.S. 12, 20-21 (2000) (analyzing whether state had property interest in video poker licenses).

### 2.   Defendant's Proposed Instructions 4-6: False Statements

To the extent Defendant's proposed instructions include language not found in Pattern Instruction 2.46.1 (False Statement) or the Government's proposed instructions, the Government objects. Specifically, the Government objects to the following language:

### A.   Defendant's Proposed Instruction 4: False Statements

The Government objects to Defendant's proposed specific unanimity instruction, which reads, in relevant part: "the jury must unanimously agree as to which statement is false in order to find the defendant guilty." Doc. 248 at 8. "The Tenth Circuit has held that '[i]n this circuit, as in most others, it is assumed that a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications they find to be the predicate of the guilty verdict.'" *United States v. Madsen*, No. 2:09-CR-00808, 2013 WL 1284331, at *10 (D. Utah Mar. 26, 2013) (quoting *United States v. Sasser*, 971 F.2d 470, 477-78

(10th Cir. 1992)), *aff'd*, 614 Fed. App'x 944 (10th Cir. 2015).

The facts here plainly do not necessitate as specific unanimity instruction. Both counts involve a single criminal act, not multiple. *See United States v. Sasser*, 971 F.2d 470, 477-78 (10th Cir. 1992) (holding that district court did not abuse its discretion in refusing to give specific unanimity instruction, where counts of conviction referred to false statements pertaining to both earnest money and down payment), *abrogated on other grounds as recognized in In re Grand Jury Proceedings*, 616 F.3d 1186, 1198 n.10 (10th Cir. 2010); *see also United States v. Smukler*, 991 F.3d 472, 493 (3d Cir. 2021) (holding that refusal to give specific unanimity instruction was not error, where government advanced a "single theory of liability" that was not so complex as to risk jury confusion). With respect to Count Nine, Defendant is alleged to have submitted a single form in which he misrepresented that he had no conflicts of interest or time, when in truth he did. Count Ten alleged that Defendant submitted a single form in which he misrepresented that he only had U.S. research funding and pending and contemplated applications for U.S. research funding, when in truth he did not.

### B.    Defendant's Proposed Instruction 5: Materiality

The Government objects to Defendant's fifth proposed instruction. Doc. 248 at 9. For both wire fraud and false statement offenses, the Tenth Circuit pattern instructions sufficiently apprise the jury that a statement is "'material' if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed."

### C.    Defendant's Proposed Instruction 6: Jurisdiction

The Government objects to Defendant's instruction that "NSF and DOE do not have a statutory basis to request information in KU Conflict of Interest forms," which misstates the charges and evidence in this case and effectively instructs the jury to acquit as a matter of law.

Doc. 248 at 9. The parties litigated the same issues in connection with Defendant's motion to dismiss, which the Court denied. Doc. 99 at 22-25. The Government otherwise objects to Defendant's definition of "within the jurisdiction of the executive branch" insofar as it deviates from the Government's proposed instructions.

### 3. Defendant's Proposed Instruction 7: Knowingly & Willfully

The Government objects to Defendant's seventh proposed instruction. Doc. 248 at 10. As previously noted, willfulness is not an element of wire fraud. While it is an element of 18 U.S.C. § 1001, the Criminal Pattern Jury Instruction Committee "does not recommend any general instruction defining 'willfully' because no single instruction can accurately encompass the different meanings this term has in federal criminal law." Pattern Crim. Jury Instr. 10th Cir. 1.38 (2021). The Government is also not proceeding on a deliberate ignorance to warrant Pattern Crim. Jury Instr. 10th Cir. 1.37 (2021) and such an instruction is otherwise generally discouraged.

### 4. Defendant's Proposed Instruction 8: Breach of Contract

Defendant's eighth proposed instruction misstates the charges and the law and would unnecessarily confuse the jury. Doc. 248 at 10-11. Defendant is not charged with "breach of contract," and the cases he cites, non are not applicable here. The Government therefore objects.

Defendant cites *United States v. Chandler*, 376 F.3d 1303 (11th Cir. 2004), but the Eleventh Circuit amended its opinion in relevant part on rehearing, 388 F.3d 796 (11th Cir. 2004). In that case, which is distinguishable from the one before this Court, the defendants were charged with conspiring to violate the rules of McDonald's Monopoly game. Based on the specific and unique facts in that case, the Eleventh Circuit concluded that "the government did not prove that the defendants violated the rules of McDonald's games or misrepresented

themselves as legitimate winners." *Id.* at 804-05. Defendant also cites *United States v. Berheide*, 421 F.3d 538, 540 (7th Cir. 2005), but that case involved sentencing guidelines.

### 5.   Defendant's Proposed Instruction 9: Disclosure Ambiguity

Defendant's proposed ambiguity instruction is vague, confusing, and both overly broad and restrictive. Doc. 248 at 11. It effectively instructs the jury that they can acquit if they find any ambiguity in any KU, DOE, or NSF reporting requirement, and it requires the Government to disprove any number of hypothetical scenarios. The Government therefore objects.

As an initial mater, Defendant has failed to demonstrate that there are multiple reasonable interpretations of KU's conflict policies or DOE or NSF's disclosure requirements at issue. While he has attempted to confuse the issues with respect to DOE and NSF, the truth is that those agencies required in plain writing the disclosure of other research support, to include federal and non-federal sources. The evidence at trial will prove that Defendant knew that he was required to disclose foreign funding sources. Moreover, KU's policies and reporting and approval requirements are unquestionable, and Defendant certified his understanding of them on multiple occasions. On this basis alone, the Court should reject Defendant's proposed instruction.

Defendant's proposed instruction also lumps together wire fraud and false statements, which have different elements, and KU, DOE, and NSF, which have different disclosure requirements. The instruction is unwieldy and unnecessary. It also inappropriately seeks to limit the charges against Defendant. Importantly, Defendant is charged with a scheme to defraud that involved material misrepresentations, false statements, half-truths, and omissions, not just nondisclosure of material facts connected to specific reporting requirements. The jury could, for example, convict Defendant if it finds that he made a material misrepresentation in furtherance

of his scheme to defraud separate and apart from KU, DOE, and NSF's disclosure requirements. Since the start of these proceedings, Defendant has repeatedly attempted to define the Government's case and the charges against him to suit his purposes and muddle the issues. The Court should reject this latest effort.

Defendant cites a 1994 Tenth Circuit decision in support of his instruction, but that case, *United States v. Migliaccio*, 34 F.3d 1517 (10th Cir. 1994), which involved insurance fraud, is readily distinguishable. The central question at issue in *Migliaccio* was whether certain surgeries were covered by a federally administered insurance program. The defendants argued that the surgeries were medically necessary and that they had complied with federal regulations. Specifically, they argued that the medical terms at issue in the regulations were ambiguous and that they had reasonably complied with the regulations, therefore negating their intent. *Id.* at 1523. They offered proposed instructions that defined the medical terms in question and the alternative interpretations (i.e., "the definition of salpingoplasty is a medically acceptable term for reversal of sterilization or tubal reanastomosise"). *Id.* at 1524. In other words, the medical terms were ambiguous because there were at least two reasonable interpretations. *Id.* at 1525 (citing *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980) ("To be ambiguous a contract must be susceptible of at least two reasonable constructions."). Those are not the facts and circumstances before this Court. Defendant also cites to *United States v. Schulte*, 741 F.3d 1141, 1153 (10th Cir. 2014), which addressed a defendant's challenge to the sufficiency of the evidence, not jury instructions.

### 6. Defendant's Proposed Instruction 10: Good Faith

The Government objects to Defendant's proposed good faith instruction. Doc. 248 at 12. The Tenth Circuit has held that a "separate good faith instruction [i]s not necessary" where an

element of the crime with which the defendant is charged, and on which the jury is instructed, "'necessarily implies that there was no good faith.'" *United States v. Bowling*, 619 F.3d 1175, 1184-85 (10th Cir. 2010) (quoting *United States v. Chavis*, 461 F.3d 1201, 1209 n.1 (10th Cir. 2006). Here, "a separate good faith instruction is not necessary 'because a finding of the intent to defraud . . . necessarily implies that there was no good faith." *Id.* (quoting *United States v. Chavis*, 461 F.3d 1201, 1209 n.1 (10th Cir. 2006) (cataloguing the views of every other circuit)).

In *Bowling*, all active judges in the Tenth Circuit unanimously agreed to overrule the court's prior decision in *United States v. Hopkins*, 744 F.2d 716 (10th Cir. 1984) (en banc), which required an additional good-faith defense instruction if sufficient evidence supported such a defense. 619 F.3d at 1183. The Tenth Circuit explained that in "the twenty-five years since we issued *Hopkins*, every one of our sister circuits has come to reject the idea that district courts must give a separate 'good faith' jury instruction in fraud cases." *Id.* The Tenth Circuit also recognized that the Supreme Court had since explained that "failure to instruct a jury on all of the statutory elements of an offense is subject to harmless-error analysis," casting doubt on the court's holding in *Hopkins* that "failure to give a good faith instruction was per se reversible error." *Id.*

Defendant cites to jury instructions that this Court gave in August 2005,[3] prior to the Tenth Circuit's decision in *Bowling*, and while *Hopkins* remained good law. *See United States v. Witting*, 2005 WL 5660153 (Aug. 24 2005). Defendant cites to no other authority in support of his proposed instruction.

### 7.  Defendant's Proposed Instruction 11: Paperwork Reduction Act

The Government objects to Defendant's proposed Paperwork Reduction Act (PRA)

---

[3] Defendant's citation misidentifies the date of the instructions as September 15, 2015.

instruction. Doc. 248 at 12-14. The cases Defendant cites are inapplicable and do not support

such an instruction. The PRA is not a valid defense to criminal charges, and if Defendant

believes as much then he should have raised it as part of his motion to dismiss. *See United States*

*v. Neff*, 954 F.2d 698, 699 (11th Cir. 1992) ("Congress did not enact the PRA's public protection

provision to allow OMB to abrogate any duty imposed by Congress.").

In *Neff*, the Eleventh Circuit affirmed the district court's ruling that the PRA did not bar

the defendant's prosecution for failing to file a tax return, explaining that "the PRA provides

Neff no refuge from his statutorily-imposed duty to file income tax returns. 954 F.2d at 699-700.

The Eleventh Circuit noted that "the most obvious reason for rejecting Neff's claim was that

Congress created Neff's duty to file the Returns in 26 U.S.C. § 6012(a), and nowhere did

Congress condition this duty on any Treasury regulation." *Id.* at 699. The other cases cited by

Defendant addressed similar pre-trial issues and are otherwise not relevant to the charges in this

case. *United States v. Hicks*, 947 F.2d 1356, 1359-60 (9th Cir. 1991) ("We hold that the public

protection provision of the PRA, 44 U.S.C. § 3512, constitutes no defense to prosecution under

26 U.S.C. § 7203. To hold otherwise—to interpret the PRA without reference to Congress'

purpose—would be to elevate form over substance."); *United States v. Wunder*, 919 F.2d 34, 38

(6th Cir. 1990) (rejecting claim that counsel was ineffective for failing to raise the PRA in tax

prosecution); *see also Dole v. United Steelworkers of Am.*, 494 U.S. 26, 110 S. Ct. 929, 108 L.

Ed. 2d 23 (1990) (addressing the PRA in noncriminal case involving labor union's challenge to

federal agency's promulgation of a specific rule).

### 8. Defendant's Proposed Instructions 12-13: Good Character

Defendant did not include good character and reputation for honesty instructions in the

proposed instructions provided to the Government. Doc. 248 at 14-15. The Government reserves

the right to object depending on the evidence at trial and any rulings from the Court regarding

such evidence.

Respectfully submitted,


*/s/ Christopher Oakley*
D. Christopher Oakley
Assistant United States Attorney
United States Attorney's Office for the
District of Kansas


*/s/ Adam P. Barry*
Adam P. Barry
Benjamin J. Hawk
Trial Attorneys
National Security Division
U.S. Department of Justice

11

**CERTIFICATEOF SERVICE**

I hereby certify that on the 7th day of March, 2022, I caused the foregoing motion to be filed

with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the

case.

_/s/ Christopher Oakley_
D. Christopher Oakley