IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 19-20052-JAR |
| FENG TAO, | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

Before the Court is the Government's sealed *ex parte*, *in camera* Motion for a Protective Order under Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. app. 3, and Fed. R. Crim. P. 16(d)(1). The Government asks the Court for authorization to delete certain classified information from discovery. Pursuant to this Court's December 6, 2021 Order, Defendant Feng Tao submitted a Sealed *Ex Parte* Notice of Potential Defenses to assist the Court in its review of the Government's motion. Having carefully reviewed the parties' submissions, the Court grants the Government's motion.

CIPA governs the procedures for handling classified information in criminal proceedings. Its "fundamental purpose is to 'protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial.'"[1] Section 4 of CIPA provides:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

---

[1] *United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (alterations in original) (quoting *United States v. O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002)).

This provision "clarifies district courts' power under [Rule 16(d)(1)] to issue protective orders denying or restricting discovery for good cause."[2] CIPA "is a procedural statute, however, that does not give rise to an independent right to discovery"[3] or "create a privilege against discovery of classified information."[4]

As the Tenth Circuit recently observed, "[c]ourts frequently cite the D.C. Circuit's decision in [*United States v.*] *Yunis* for the standard governing a district court's evaluation of a CIPA § 4 motion."[5] First, the Court must determine whether the information "crosse[s] the low hurdle of relevance."[6] Second, the Court must evaluate whether "the assertion of privilege by the government is at least a colorable one."[7] Third, the Court must determine whether the evidence is "'material[],' meaning 'helpful to the defense of [the] accused.'"[8] "To be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland* to disclose exculpatory information."[9] But "classified

---

[2] *United States v. Lustyik*, 833 F.3d 1263, 1271 (10th Cir. 2016) (quoting *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008)).

[3] *Id.*

[4] *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006).

[5] *United States v. Muhtorov*, 20 F.4th 558, 629 (10th Cir. 2021) (citing *United States v. Amawi*, 695 F.3d 457, 470 (6th Cir. 2012)); *see United States v. Yunis*, 867 F.2d 617 (D.C. Cir. 1989).

[6] *Muhtorov*, 20 F.4th at 629 (alteration in original) (quoting *Yunis*, 867 F.2d at 623).

[7] *Id.* (quoting *Yunis*, 867 F.2d at 623). The Second and Ninth Circuits instead apply *United States v. Reynolds*, 345 U.S. 1 (1953), and require "a formal claim of the state secrets privilege, 'lodged by the head of the department which has actual control over the matter, after actual personal consideration by that officer.'" *United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013) (quoting *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1989)); *Aref*, 533 F.3d at 80. *But see United States v. Rosen*, 557 F.3d 192, 198 (4th Cir. 2009) (questioning whether "the *Aref* court properly adopted and applied *Reynolds* in the criminal context"); *United States v. El-Mezain*, 664 F.3d 467, 521 (5th Cir. 2011) (same). In *Muhtorov*, the Tenth Circuit recited the *Yunis* standard, which merely requires the Government to assert a "colorable" claim of the classified information privilege. *See Muhtorov*, 20 F.4th at 629. So, that is all this Court will require here.

[8] *Muhtorov*, 20 F.4th at 629 (first alteration in original) (quoting *Yunis*, 867 F.2d at 622); *see Roviaro v. United States*, 353 U.S. 53, 60–61 (1957).

[9] *Aref*, 533 F.3d at 80 (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)); *see Muhtorov*, 20 F.4th at 629.

information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege."[10]

At the outset, the Court finds that the Government properly filed its motion *ex parte* and under seal for this Court's *in camera* review under CIPA § 4 and Rule 16(d)(1).  The Court has conducted an *in camera* review of the Government's motion and related materials, during which the Court balanced the Government's need for confidentiality with Defendant's right to a fair trial.  Based on its independent review, the Court finds that the Government's claim to the classified information privilege is colorable.  The Court further finds that, to the extent the classified information at issue is discoverable, it is not helpful or material to the defense.

Moreover, for the reasons stated above, the Government has shown "good cause" for why the classified information in question should be withheld from discovery under Rule 16(d)(1).  The Court also finds that the withholdings authorized by this Order are consistent with the Government's discovery obligations under Rule 16 and *Brady* and its progeny.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government is authorized to withhold from discovery to the defense the classified information specified in the Government's Motion for a Protective Order.

**IT IS FURTHER ORDERED** that the entire text of the Government's Motion for a Protective Order, memorandum of law, and any accompanying documents shall not be disclosed to the defense or the public, and shall be sealed and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer as the designee of the Clerk of the Court, in accordance with established security procedures, for any future review, until further order of this Court.

---

[10] *Yunis*, 867 F.2d at 623.

**IT IS SO ORDERED.**

Dated: March 14, 2022

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            UNITED STATES DISTRICT JUDGE