## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                             Case No. 19-20052-JAR

FENG TAO,

      Defendant.

## MEMORANDUM AND ORDER

Before the Court is the Government's Motion for Rule 15 Depositions (Doc. 186).  The Government seeks an order authorizing it to depose five witnesses under Fed. R. Crim. P. 15.  Three of those witnesses are in the United States, and two are foreign nationals living abroad—one in Germany and the other in Taiwan.  The Government argues that the Court should allow it to depose all five witnesses because they have material testimony to offer but are unavailable to testify at trial.  Defendant Feng Tao opposes the Government's motion.  The motion is fully briefed, and the Court is prepared to rule.  For the reasons explained below, the Court denies the motion.

## I.   Background

In June 2020, a federal grand jury returned a Second Superseding Indictment ("SSI") against Defendant.  As it currently stands, the SSI charges Defendant with six counts of wire fraud, in violation of 18 U.S.C. § 1343, and two counts of making false statements, in violation of 18 U.S.C. § 1001.[1]  The charges stem from Defendant's alleged scheme to defraud the University of Kansas ("KU"), the U.S. Department of Energy, and the National Science

---

[1] In February 2022, the Court granted the Government's motion to dismiss one wire fraud count and one false statements count.  Doc. 222.

Foundation, to obtain his KU salary and federal grant funds by concealing his employment at

Fuzhou University in the People's Republic of China, his foreign research funding, and other

financial benefits.  Defendant's trial will begin on March 21, 2022.

On November 4, 2021, the Government filed a Fed. R. Crim. P. 15 motion to depose five

witnesses: Dr. Viviane Schwartz and Dr. Raul Miranda, both U.S. Department of Energy

employees; Dr. Laurence Weatherley, a professor at KU; Dr. Robert Schlögl, a professor at the

Fritz Haber Institute of the Max Planks Society in Germany; and Dr. Yu-Wen Chen, a professor

at National Central University in Taiwan.[2]  Four days later, Defendant moved to strike the

Government's Rule 15 motion as untimely under Fed. R. Crim. P. 12(c)(3).[3]  But Rule 12(c)(3)

does not apply to Rule 15 motions for depositions.[4]  So, the Court summarily denied Defendant's

12-page motion to strike the next day, and directed him to file a response addressing the merits

of the Government's Rule 15 motion.[5]  Defendant complied.[6]

On December 7, 2021, the Government filed a reply.[7]  The Court later ordered the

Government to supplement the record with updated information about each witness' availability

---

[2] The Government originally requested that the Court alternatively permit the three American witnesses—Dr. Schwartz, Dr. Miranda, and Dr. Weatherley—to testify at trial by two-way video, but it later withdrew that request.  *See* Doc. 207 at 1.

[3] Doc. 187.

[4] Rule 12(c)(3) provides: "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely.  But a court may consider the defense, objection, or request if the party shows good cause."  Defendant's motion to strike misquotes the rule by replacing "Rule 12(b)(3)" with the word "pre-trial," suggesting it applies to all pretrial motions in a criminal case.  *See* Doc. 187 at 4.  It does not.  Rule 12(c)(3) specifies only the consequences of failing to make a timely motion under Rule 12(b)(3).  Rule 12(b)(3), in turn, enumerates the motions that fall within its scope.  A motion to take depositions under Rule 15 is not one of them.

[5] *See* Docs. 189, 197.

[6] Doc. 199 (redacted version of response brief); Doc. 201 (sealed).

[7] Doc. 207.

to attend the trial.[8]  The Government timely submitted the requested information on February 22, 2022,[9] and its Rule 15 motion is now ripe for decision.

## II.    Standard

In criminal cases, a court may permit a party to depose a prospective witness "to preserve testimony for trial" only "because of exceptional circumstances and in the interest of justice."[10] The moving party bears the burden of proof on a Rule 15 motion,[11] and it is within the court's discretion to grant or deny the motion.[12]  In determining whether "exceptional circumstances" exist, the court considers whether: "(1) the witness'[s] testimony [i]s material; (2) the witness w[ill] be unavailable to testify; and (3) taking the deposition [i]s necessary to prevent a failure of justice."[13]

For purposes of Rule 15, a prospective witness is unavailable if "a substantial likelihood exists that the proposed deponent will not testify at trial."[14]  The Tenth Circuit has explained that this requires "some showing" that the "witness'[s] attendance could not be obtained by subpoena."[15]  To establish materiality, the moving party must show that the witness's testimony

---

[8] *See* Doc. 226.

[9] *See* Doc. 232 (Sealed Notice of Supplemental Information Concerning Dr. Laurence Weatherley's Health Condition); Doc. 234 (Notice of Supplemental Information Concerning Certain Government Witnesses' Health Conditions and Ability to Travel).

[10] Fed. R. Crim. P. 15(a)(1).

[11] *United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994).

[12] *United States v. Fuentes-Galindo*, 929 F.2d 1507, 1509 (10th Cir. 1991).

[13] *Id.* (citing *United States v. Whiting*, 308 F.2d 537, 541 (2d Cir. 1962)); *see also United States v. Allerheiligen*, No. 97-40090-01-DES, 1998 WL 386210, at *1 (D. Kan. June 22, 1998).

[14] *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993); *see also* Fed. R. Crim. P. 15(c)(3)(B) (providing that a deposition may be taken abroad without the defendant's presence only if "there is a substantial likelihood that the witness's attendance at trial cannot be obtained").

[15] *Fuentes-Galindo*, 929 F.2d at 1510 (citing *United States v. Lopez-Cervantes*, 918 F.2d 111, 113 (10th Cir. 1990)).

is "highly relevant to a central issue in the case."[16]  When defendants move for depositions, courts usually also require them to show that the testimony is exculpatory.[17]  This Court will require "a similar showing that the testimony will be inculpatory" since the Government is the moving party.[18]  Even if this requirement is met, the court should consider whether the testimony is cumulative of other available evidence before finding it material.[19]  "In general, [taking the deposition] 'is necessary to prevent a failure of justice' when the witness is unavailable, [the] testimony is material, and there are no substantial countervailing factors militating against the taking of the deposition."[20]

## III.  Discussion

The Government's motion seeks an order permitting it to take Rule 15 depositions of Dr. Schwartz, Dr. Miranda, Dr. Weatherley, Dr. Schlögl, and Dr. Chen to preserve their testimony for trial.  As explained below, the Court finds that the Government's request to depose Dr. Schwartz, Dr. Miranda, and Dr. Schlögl is moot because it now says that these three witnesses will be able to testify at trial.  The Court also finds that the Government fails to meet its burden of showing that exceptional circumstances justify deposing the remaining two witnesses, Dr. Weatherley and Dr. Chen.  The Court explains why below.

---

[16] *Drogoul*, 1 F.3d at 1556.

[17] *See United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994) (collecting cases).

[18] *United States v. Vo*, 53 F. Supp. 3d 77, 80 (D.D.C. 2014); *see also United States v. Abu Ghayth*, 17 F. Supp. 3d 289, 299 (S.D.N.Y. 2014).

[19] *See United States v. Stein*, 482 F. Supp. 2d 360, 365 (S.D.N.Y. 2007) (finding that the testimony of two witnesses the government sought to depose was cumulative of other testimony, and explaining that "a court may properly deny [a Rule 15 motion] if the proposed testimony would be cumulative" (quoting *United States v. Grossman*, No. S2 03 CR. 1156(SHS), 2005 WL 486735, at *3 (S.D.N.Y. Mar. 2, 2005))); *see also, e.g., United States v. Rosen*, 240 F.R.D. 204, 211 (E.D. Va. 2007); *United States v. Gragg*, 145 F.3d 1334 (6th Cir. 1998) (unpublished).

[20] *Grossman*, 2005 WL 486735, at *3 (first citing *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984); then citing *United States v. Drogoul*, 1 F.3d 1546, 1552–56 (11th Cir. 1993); and then citing *United States v. Sun Myung Moon*, 93 F.R.D. 558, 559 n.1 (S.D.N.Y. 1982)).

### A.      Dr. Schwartz, Dr. Miranda, and Dr. Schlögl

When the Government filed its motion, it moved to depose U.S. Department of Energy employees Dr. Schwartz and Dr. Miranda because, it argued, both have material testimony to offer but are unavailable to attend the trial in person for health reasons.  It also moved to depose Dr. Schlögl, a professor in Germany, because it did not know if he would agree to travel to the United States to testify at trial.  Since then, however, the Government has notified the Court that Dr. Schwartz and Dr. Miranda "will be able to testify in person at trial," and so will Dr. Schlögl.[21]  The Government states that Dr. Schlögl "will voluntarily travel to the United States" to testify at Defendant's trial.[22]  The Court therefore denies as moot the Government's request to depose these three witnesses.

### B.      Dr. Weatherley

Next, the Government argues that Dr. Weatherley's testimony is material, but he is unavailable to testify at trial, warranting his deposition.  Dr. Weatherley was the Chair of KU's Chemical and Petroleum Engineering Department—the department in which Defendant taught—during the relevant period.  The Government anticipates that Dr. Weatherley will testify about "Defendant's employment responsibilities at KU," his "performance during the period," his "buyout request for the Spring 2019 semester," his claims about traveling to Germany to visit the Fritz Haber Institute, and his "absence from KU during the Spring 2019 semester."[23]

The Court has little trouble finding that the Government meets its materiality burden here.  The Government states that Dr. Weatherley, the department chair, was Defendant's direct supervisor.  If Dr. Weatherley testifies as the Government anticipates, Dr. Weatherley's

---

[21] Doc. 234 at 1.

[22] *Id.*

[23] Doc. 186 at 13.

testimony will show that Defendant failed to satisfy his employment responsibilities at KU, made misrepresentations about his requested Spring 2019 buyout, and misrepresented his whereabouts during that semester.  This testimony is material to proving Defendant's alleged scheme to defraud KU.

The Government fails, however, to show that Dr. Weatherley is unavailable for purposes of Rule 15.  The Government stated late last year that he was unavailable to testify at the time because of his health and COVID-19 conditions, but it also said that he may be available in 2022 if they improve.  COVID-19 conditions have improved.  While the Court takes the threat of COVID-19 seriously, cases fell almost as fast as they rose during the Omicron wave, and at least for now, Kansas continues to see cases decline.[24]  That may change, but the Court has no basis to conclude that it will before Dr. Weatherley testifies at trial—which will begin in less than two weeks.

As for Dr. Weatherley's health, the Government's February 22, 2022 Notice of Supplemental Information about his health condition suggests that it, too, has improved.  █████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████[25]  Dr. Weatherley is not presently hospitalized, and the Government does not suggest that Dr. Weatherley would need to travel far to attend trial in Kansas City, Kansas.  Nor does it allege, much less show, that he is

---

[24] *COVID-19 in Kansas*, Kan. Dep't of Health & Env., https://www.coronavirus.kdheks.gov/160/COVID-19-in-Kansas (last updated Mar. 7, 2022).

[25] Doc. 232 at 2.

still too ill to testify.[26]  Under these circumstances, the Court cannot find that a "substantial likelihood exists" that Dr. Weatherley will not testify in person at trial.  The Government therefore fails to show that exceptional circumstances warrant taking his deposition.

The Court addresses one more issue.  During the final pretrial conference held last week, the Government asked if the Court could "give [it] any indication about whether [it] will be permitted to call" Dr. Weatherley via two-way video at trial.[27]  But the Government withdrew that request in its reply brief.[28]  Even if it had not, the Court would deny the request.  The Supreme Court in *Maryland v. Craig*[29] held that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where" (1) the "denial of such confrontation is necessary to further an important public policy," and (2) "the reliability of the testimony is otherwise assured."[30]  Every circuit to address the issue, except the Second Circuit, has held that *Craig*'s two-part test applies to the use of two-way video.[31]  Instead of applying *Craig*, the Second Circuit adopted the more lenient "exceptional circumstances" standard articulated by Rule 15.[32]

Here, the Government's motion fails to satisfy the Rule 15 standard, much less the stringent standard set forth in *Craig*.  Of note, the Government's motion does not even assert that Dr. Weatherley's absence from trial is "necessary."  Instead, it does no more than suggest in a footnote that "[i]t may . . . be appropriate to allow Dr. Weatherly to testify by two-way video,

---

[26] The Court recognizes that this past year's illness has left Dr. Weatherley fatigued, and it will consider allowing him to testify out of order at trial to accommodate his schedule.

[27] Doc. 251 at 46:20–22.

[28] *See* Doc. 207 at 1.

[29] 497 U.S. 836 (1990).

[30] *Id.* at 850.

[31] *See United States v. Pangelinan*, No. 19-10077-JWB, 2020 WL 5118550, at *2 (D. Kan. Aug. 31, 2020) (collecting cases).

[32] *See United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999).

depending on his particular circumstances."[33]  The Court would therefore deny the Government's request for Dr. Weatherley to testify remotely by two-way video even if the Government had not withdrawn it.

C.    **Dr. Chen**

Lastly, the Government argues that Dr. Chen is an unavailable witness whose testimony is material, warranting his deposition.  Dr. Chen is a professor at Taiwan's National Central University.  The Government asserts the evidence at trial will show that Defendant submitted several applications to the National Natural Science Foundation of China for grants to fund his research projects at Fuzhou University between March 2018 and February 2019.  In February 2019, Defendant allegedly applied for funding from the National Natural Science Foundation of China for a joint project between his research group at Fuzhou University and Dr. Chen's research group at National Central University in Taiwan.  Defendant exchanged emails with Dr. Chen about the February 2019 application, one of which forms the basis of Count 7 of the SSI.

During an interview with the Government in October 2021, Dr. Chen stated that he never met Defendant in person, but they spoke over the phone and exchanged emails.  He said Defendant contacted him to discuss applying to the National Natural Science Foundation of China for an international collaboration project.  Defendant told Dr. Chen that he had "moved from KU to [Fuzhou University]" and "was working [there] as a professor."[34]  Although Dr. Chen did not know Defendant, he knew others at Fuzhou University and believed Defendant's proposal was legitimate.  Dr. Chen said he signed a document affirming his intent to collaborate with Defendant at Fuzhou University.

---

[33] Doc. 186 at 14 n.11.

[34] Doc. 186-2 at 1–2.

The Court finds that the Government fails to meet its burden of showing that Dr. Chen's testimony is material. The Government argues his testimony is "material to prove that Defendant applied for [funding from the National Science Foundation of China]" and "to proving Count Seven, which is based on his email exchange with Defendant."[35] But the Government has both the application in question and the relevant email thread—and it does not assert that it needs Dr. Chen to admit either of them at trial. So, while inculpatory, Dr. Chen's testimony about the application and the emails is cumulative.

The Government also argues that Dr. Chen's testimony is "material to prove that Defendant . . . worked at Fuzhou University."[36] This is so, it says, because "the core of Dr. Chen's testimony" is that Defendant said over the phone that he worked at Fuzhou University.[37] The Government correctly points out that, short of Defendant taking the stand, only Dr. Chen can testify to the representations Defendant made about working at Fuzhou University during their phone conversation. But, once again, this testimony is cumulative of other available evidence. For instance, the Government has stated that Defendant represented himself as a Fuzhou University employee in the grant applications he submitted to the National Natural Science Foundation of China in 2018 and 2019.[38] Defendant also represented himself as working at Fuzhou University in emails he sent to post-doctoral students he recruited to join his research team there and to a representative of a scientific publication.[39] Because Dr. Chen's testimony is cumulative of other available evidence, the Court cannot find that it meets the materiality

---

[35] Doc. 186 at 14–15.

[36] *Id.*

[37] Doc. 207 at 6.

[38] *See* Doc. 113 at 13.

[39] *Id.*

requirement.  Thus, even assuming Dr. Chen is unavailable—an issue the Court need not reach—the Government does not show that exceptional circumstances justify taking his deposition.

For the foregoing reasons, the Court denies the Government's motion.

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Motion for Rule 15 Depositions (Doc. 186) is **denied**.

**IT IS SO ORDERED.**

Dated: March 9, 2022

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE