IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FENG TAO,

    Defendant.

Case No. 19-20052-JAR

## MEMORANDUM AND ORDER

On September 10, 2021, the Government submitted a Mutual Legal Assistance Agreement ("MLAA") request to the People's Republic of China ("PRC"), in which it requests, on behalf of Defendant Feng Tao, to depose four prospective defense witnesses located in the PRC. This Court granted Defendant's motion to take depositions of those four witnesses under Fed. R. Crim. P. 15 on the condition that the PRC approved the MLAA request at least 30 days before trial (i.e., by February 19, 2022).[1] Now before the Court is the Government's Application to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(8) (Doc. 213). The Government asks the Court to exclude from the speedy trial calculation the period of delay resulting from the MLAA request—September 10, 2021, through February 19, 2022—under § 3161(h)(8).[2] The motion is fully briefed, and the Court is prepared to rule.[3] For the reasons explained below, the Court grants the Government's motion.

---

[1] Doc. 188.

[2] The Government initially cited March 21 as the last day the Court should exclude time under § 3161(h)(8). But the parties now agree that February 19 is the last day the Court should exclude time if § 3161(h)(8) applies.

[3] Defendant filed a response opposing the motion, Doc. 214, and the Government replied, Doc. 216. The Government also filed the cover letter attached to the MLAA request, Doc. 228, and submitted the MLAA request itself *ex parte* and under seal for this Court's *in camera* review. The proper method of filing the MLAA request is in

Section 3161(h)(8) permits a court to exclude from the speedy trial calculation a period of up to one year if a request for foreign evidence is made and it reasonably appears that the evidence sought is in the foreign country. Defendant argues that § 3161(h)(8) does not apply when, as here, the Government transmits to a foreign government a defendant's request for permission to depose foreign witnesses. But his interpretation of § 3161(h)(8) disregards the plain meaning of the statute.

When interpreting a statute, a court's "primary task" is to "determine congressional intent, using traditional tools of statutory interpretation."[4] The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case."[5] "If the language is plain and unambiguous," the inquiry ends there, "and the plain meaning of the statute controls."[6] "If a statute is ambiguous, a court may seek guidance from Congress's intent, a task aided by reviewing the legislative history."[7]

Thus, the Court starts with the language of the statute itself. Section 3161(h)(8), which was added to the Speedy Trial Act by the Comprehensive Crime Control Act ("CCCA") of 1984,[8] provides:

> (h) The following periods of delay shall be excluded in computing the time within which an information or indictment must be filed,

---

dispute, however, and the Court will rule on the Government's pending motion for leave to file the document *ex parte* and under seal, Doc. 238, in a separate order.

[4] *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *N.M. Cattle Growers Ass'n v. U.S. Fish & Wildlife Serv.*, 248 F.3d 1277, 1281 (10th Cir. 2001)).

[5] *Ceco Concrete Constr., LLC v. Centennial State Carpenters Pension Tr.*, 821 F.3d 1250, 1258 (10th Cir. 2016) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).

[6] *Id.* (quoting *Nat'l Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, 764 F.3d 1199, 1225 (10th Cir. 2014)).

[7] *In re Geneva Steel Co.*, 281 F.3d 1173, 1178 (10th Cir. 2002).

[8] Pub. L. No. 98-473, tit. II, 98 Stat. 1837. The CCCA designated § 3161(h)(8) as § 3161(h)(9); the provision was renumbered to § 3161(h)(8) in 2008. *See* Judicial Administration and Technical Amendments Act of 2008, Pub. L. 110-406, 122 Stat. 4291.

> or in computing the time within which the trial of any such offense must commence:
>
> . . . .
>
> > (8) Any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.[9]

First, Defendant argues that the "evidence" sought under § 3161(h)(8) must consist of existing records. So, the argument goes, § 3161(h)(8) does not apply to requests seeking deposition testimony. The Court disagrees. The statute does not define "evidence," so the Court interprets the word according to its ordinary meaning.[10] "The ordinary definition of evidence is broad: 'Something (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact.'"[11] As the Ninth Circuit explained in interpreting the same word in § 3292, a complementary statute also enacted as part of the CCCA[12]: "Congress easily could have limited the type of evidence the government could seek pursuant to section 3292 [to documentary evidence] in the manner [the defendant] suggests . . . , but it did not. The

---

[9] 18 U.S.C. § 3161(h)(8). Section 3292 defines "official request" as "a letter rogatory, a request under a treaty or convention, or any other request for evidence made by a court of the United States or an authority of the United States having criminal law enforcement responsibility, to a court or other authority of a foreign country." *Id.* § 3292(d).

[10] *See Takwi v. Garland*, 22 F.4th 1180, 1187 (10th Cir. 2022) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979))).

[11] *DeGeorge v. U.S. Dist. Ct. for Cent. Dist. of Ca.*, 219 F.3d 930, 938 (9th Cir. 2000) (quoting Black's Law Dictionary 576 (7th ed. 1999).

[12] *See* 18 U.S.C. § 3292(a)(1) ("Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.").

only limits Congress imposed on the type of evidence sought pursuant to a section 3292 application were that the evidence be "'of an offense' and that it 'reasonably appear[] . . . that such evidence is . . . in [a] foreign country.'"[13]  The same is true for § 3161(h)(8).[14]

In arguing that "evidence" means records, Defendant ignores the ordinary meaning of the word.  Instead, he selectively quotes a treatise for a proposition it does not stand for: that to exclude time under § 3161(h)(8), "the district court must find 'by a preponderance of the evidence, that a request has been made to a foreign government *for documents* relevant to a criminal prosecution.'"[15]  The treatise actually states that § 3161(h)(8) "sets out only two basic requirements: (1) that a request for foreign evidence is made; and (2) that it reasonably appears that the evidence is in the foreign country."[16]  The sentence Defendant quotes from merely offers an example of a § 3161(h)(8) application a district court can grant—one filed by the Government based on a request to a foreign government for documents relevant to the prosecution.[17]  The treatise does not suggest that the request *must* be for documents.  Even if it did, defense counsel should know that the plain language of the statute controls, not a treatise discussing the statute.

Defendant also contends the legislative history makes clear that Congress intended for § 3161(h)(8) to apply only when the evidence requested consists of records located in a foreign country.  But Congress used the word "evidence" in the statute, not "records."  Because the word

---

[13] *DeGeorge*, 219 F.3d at 938 (rejecting the argument, among others, that § 3292 requires that the foreign evidence sought be documentary evidence where the Government requested assistance in obtaining interviews with eight witnesses).

[14] *See* 18 U.S.C. § 3161(h)(8).  Defendant asserts that § 3161(h)(8)'s requirement "that it reasonably appears or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country" reinforces his view that "evidence," as used in the provision, means records.  But he does not explain why he thinks that, and the Court strains to see how this requirement supports his assertion that deposition testimony is not the type of evidence a party may seek under § 3161(h)(8) to toll the speedy trial clock.

[15] Doc. 214 at 4 (quoting 12 Cyclopedia of Federal Procedure § 48:38 (3d ed.)).

[16] 12 Cyclopedia of Federal Procedure § 48:38.

[17] *See id.*

"evidence" in § 3161(h)(8) is plain and unambiguous, the Court does not consider the legislative history.[18]

Second, Defendant argues that § 3161(h)(8) does not apply when the evidence requested is exculpatory evidence sought by a defendant. He points to § 3161(h)(8)'s requirement that the request must be for "evidence of any such offense," and to the definition of "offense" in § 3172(2).[19] Under Defendant's interpretation, then, defendants cannot avail themselves of § 3161(h)(8) to toll the speedy trial clock to obtain exculpatory evidence in a foreign country. But that interpretation does not square with the plain language of § 3161(h)(8). The provision permits either party to move to exclude time,[20] and it does not state that its coverage is limited to requests for evidence of the defendant's guilt of an offense.[21]

All told, the inquiry under § 3161(h)(8) is narrow. As the D.C. Circuit explained in *United States v. Fahnbulleh*, "§ 3161(h)(8) sets out only two requirements: (1) that a request for foreign evidence be made; and (2) that it reasonably appears that the evidence is in the foreign country."[22] If these two requirements are met, the Court is required, under a plain reading of § 3161(h)(8), to exclude time resulting from the delay from the speedy trial calculation.

The Court now turns to the facts of this case to determine whether to grant the Government's § 3161(h)(8) application. The record shows that the Government submitted an

---

[18] *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) ("[A court's] inquiry begins with the statutory text, and ends there as well if the text is unambiguous."); *see also DeGeorge*, 219 F.3d at 938 (disregarding the argument that legislative history "shows Congress's intent to limiting section 3292 applications to situations in which the government is seeking foreign business records" because "Congress used the unlimited word 'evidence' in section 3929(a)(1), not 'foreign records'").

[19] *See* 18 U.S.C. § 3172(2) ("The term 'offense' means any Federal criminal offense which is in violation of any Act of Congress and is triable by any court established by Act of Congress.").

[20] *See id.* § 3161(h)(8).

[21] *See id.*

[22] 752 F.3d 470, 475 (D.C. Cir. 2014).

5

MLAA request to the Chinese government seeking to take depositions of four witnesses located in the PRC on Defendant's behalf.[23] Testimony is evidence, and as Defendant forcefully argued in his Rule 15 motion, the deposition testimony he seeks is highly relevant to the offenses charged because it is exculpatory. As of the Government's last update to the Court, on March 3, 2022, the PRC had not yet indicated whether it would approve the MLAA request. The Court finds by a preponderance of the evidence that a request for foreign evidence was made, and it reasonably appears that the evidence requested is in a foreign country.

The Court rejects Defendant's argument that § 3161(h)(8) does not apply here because the Government's MLAA request seeks exculpatory evidence on Defendant's behalf, rather than inculpatory evidence on its own behalf, and the evidence sought is deposition testimony, not records. As explained above, the plain language of § 3161(h)(8) places no such limits on the scope of its application, and this Court is not free to "rewrite the statute" to Defendant's liking.[24] Thus, the Court grants the Government's request to exclude from the speedy trial calculation the period of delay resulting from the MLAA request, from September 10, 2021,[25] through February

---

[23] *See* Docs. 216, 216-1, 228-1.

[24] *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008). *See, e.g.*, *United States v. Arthur*, No. 17-CR-253-PWG-4, 2020 WL 3073322, at *6 (D. Md. June 10, 2020) (granting the Government's request to exclude time under § 3161(h)(8) due to delay resulting from the defendant's attempt to acquire evidence in a foreign country, citing letters rogatory previously issued by the court, at the defendant's request, "for certain witnesses located in Ghana").

[25] Defendant incorrectly argues that the date of this Order is the first day on which the Court can begin excluding time under § 3161(h)(8). As support, Defendant cites a treatise that states "[t]ime may not be excluded . . . under this exception until an order has been entered making [the required] finding." 12 Cyclopedia of Federal Procedure § 48:38 (3d ed.). This is true, but nothing in the Speedy Trial Act requires the excludable period to begin on the date the court enters that order. *See, e.g.*, *United States v. McCrudden*, No. CR-11-061 DRH, 2011 WL 817417, at *2 (E.D.N.Y. Mar. 2, 2011) (tolling the speedy trial clock under § 3161(h)(8) from the date the Government submitted its request for foreign evidence, not the date of the court's order). Defendant also cites *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), for the proposition that ends-of-justice findings under § 3161(h)(7) must be "made contemporaneously with the granting of the continuance." *Id.* at 1269. It is unclear why Defendant cites *Toombs*. Here, the Court is not granting an ends-of-justice continuance under § 3161(h)(7)—it is excluding time under § 3161(h)(8).

6

19, 2022, under § 3161(h)(8).[26]  This Order supplements the Court's November 19, 2021 Order excluding time under the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7).[27]

**IT IS THEREFORE ORDERED BY THE COURT** that the Government's Application to Exclude Time Pursuant to 18 U.S.C. § 3161(h)(8) (Doc. 213) is **granted**.

**IT IS SO ORDERED.**

Dated: March 21, 2022

>S/ Julie A. Robinson
>JULIE A. ROBINSON
>UNITED STATES DISTRICT JUDGE

---

[26] Defendant asserts that granting the § 3161(h)(8) application when the Government has not permitted him to see the MLAA request "den[ies] [him] due process by making him argue without all necessary facts about the request itself."  Doc. 214.  But Defendant does have all the facts he needs to oppose the Government's motion, and more.  The record reflects that the Government shared the language specific to the request for depositions with defense counsel, and then accepted their edits.  *See* Docs. 216-1, 217.

[27] Doc. 195.